IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY CHARLES FARRIER, #28248,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:07-CV-364-MEF** |
| | ) |
| **COMMANDER KEITH REED,** | ) |
| **CORRECTION OFFICER KEITH** | ) |
| **FITZGERALD and SERGEANT CINDY** | ) |
| **BUCHMANN,** | ) |
| | ) |
| **Defendants.** | ) |

# SPECIAL REPORT AND ANSWER

Come now defendants, **Commander Keith Reed, Correction Officer Keith Fitzgerald and Sergeant Cindy Buchmann,** in the above styled cause and for Answer to plaintiff's Complaint, state as follows:

1.      As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2.      As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3.      As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional

rights of plaintiff have been violated and demand strict proof thereof.

4.    As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's constitutional rights have been violated at any time.

5.    As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated. Defendants assert that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavits of Correction Officer Keith Fitzgerald, Sergeant Cindy Buchmann and Commander Keith Reed,** (Exhibits "1", "2" and "3" respectively).

6.    As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

To the extent that plaintiff's Complaint is construed to allege claims for declaratory and

injunctive relief, said claims are now moot as the plaintiff is no longer incarcerated in the Houston County Jail. Because the plaintiff is no longer incarcerated in the Houston County Jail, said claims are moot and this case is due to be dismissed. *See* County of Los Angeles v. Davis, 440 U.S. 625 (1979); Cotterall v. Paul, 755 F.2d 777 (11th Cir. 1985).

### FOURTH DEFENSE

Plaintiff is not entitled to any award of punitive damages should this complaint be construed to request them.

### FIFTH DEFENSE

Defendants assert that cities and counties are absolutely immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981*).*

### SIXTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

### SEVENTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

### EIGHTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

### NINTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations

against defendants as they are unsupported by fact or law.

## TENTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## ELEVENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## TWELFTH DEFENSE

Should the plaintiff's complaint be construed to state claims under Alabama law, all state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## THIRTEENTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

### FOURTEENTH DEFENSE

In addition to defendants' Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendants in their official capacities, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

### FIFTEENTH DEFENSE

Defendants assert the defense of qualified immunity. Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above-styled cause. Defendants state that any action taken by them was made in good faith and in the performance of their duty as Deputy or Corrections Officer in the Houston County Jail.

### SIXTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

### SEVENTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

### EIGHTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

## NINETEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## TWENTIETH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

## TWENTY-FIRST DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*.  Specifically, plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60*.

## TWENTY-SECOND DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

## TWENTY-THIRD DEFENSE

That the plaintiff does not properly plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while

in custody without a prior showing of physical injury.

## TWENTY-FOURTH DEFENSE

That the plaintiff failed to comply with *28 U.S.C. § 1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## TWENTY-FIFTH DEFENSE

That, pursuant to *28 U.S.C. § 1915(f)*, plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. § 1915(a)(2)*.

## TWENTY-SIXTH DEFENSE

Pursuant to *28 U.S.C. § 1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity.  These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

## TWENTY-SEVENTH DEFENSE

Defendants assert the affirmative defense of the contributory negligence of plaintiff.

## TWENTY-EIGHTH DEFENSE

Defendants assert the affirmative defense of the assumption of the risk by plaintiff.

## TWENTY-NINTH DEFENSE

Defendants assert the truth as a defense in this case.

## THIRTIETH DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiff.

## THIRTY-FIRST DEFENSE

In response to plaintiff's averments of wanton conduct and claims for punitive damages, the defendants allege that:

1. Plaintiff's claims for punitive damages are prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 6 of the Alabama Constitution.

2. Plaintiff's claims for punitive damages are prohibited by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 6, 1 and 22 of the Alabama Constitution.

3. Plaintiff's claims for punitive damages are prohibited under the Contract Clause of Article I, Section 10 of the United States Constitution.

4. Plaintiff's claims for punitive damages violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution that the claims for punitive damages are vague and not rationally related to any legitimate government interests.

5. Plaintiff's claims for punitive damages violate the Sixth Amendment of the United States Constitution in that the claims for punitive damages are claims which are penal in nature, entitling the defendants to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

6. Plaintiff's claims for punitive damages violate the Self Incrimination Clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the defendants are required to disclose documents and/or other evidence without

safeguard against self-incrimination set out in the Fifth Amendment.

7.     Plaintiff's claims for punitive damages violate the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law and that the claims for punitive damages are vague and not rationally related to any legitimate government interest.

8.     Plaintiff's claims for punitive damages violate the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

9.     Plaintiff's claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, and that the punitive damages claimed are vague and not rationally related to any legitimate governments interests.

10.     Plaintiff's claims for punitive damages are unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property, except by due process of law, in that the punitive damages claimed which are penal in nature, require a burden of proof on the plaintiff which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases.

11.     Plaintiff's claims for punitive damages are unconstitutional under the Constitution of the State of Alabama in that they violate Article I, Section 6, by claiming punitive damages which are penal in nature while the defendants are compelled to disclose documents and/or

other evidence without a constitutional safeguard against self-incrimination.

### THIRTY-SECOND DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27.*

### THIRTY-THIRD DEFENSE

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff. *See* Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

### THIRTY-FOURTH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

### THIRTY-FIFTH DEFENSE

With regard to any state law claims, Defendants assert absolute state law immunity with regard to all state law claims asserted against them in their official and individual capacities. *See* Ex parte Jason Lowell Blankenship, 893 So.2d 303 (Ala. 2004) (Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case.)

### THIRTY-SIXTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised

upon a *respondeat superior* theory. *See* <u>White v. Birchfield</u>, 582 So.2d 1085 (Ala. 1991); and <u>Hardin v. Hayes</u>, 957 F.2d 845 (11th Cir. 1992).

<div align="center">

**THIRTY-SEVENTH DEFENSE**

</div>

Plaintiff's complaint does not contain sufficient allegations of an affirmative causal link between the defendants' alleged conduct and the alleged constitutional deprivation. *See* <u>Hardin v. Hayes</u>, 957 F.2d 845, 848 (11th Cir. 1992); and <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).

<div align="center">

**THIRTY-EIGHTH DEFENSE**

</div>

The plaintiff cannot recover against defendants in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

<div align="center">

**THIRTY-NINTH DEFENSE**

</div>

The Sheriff, Deputy Sheriffs and Corrections Officers are state officers and are policy makers for the State of Alabama. Under the Alabama Constitution of 1901, sheriffs are specifically designated as *state* executive officials. *Id. § 112* ("The executive department shall consist of a governor, lieutenant governor, attorney general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county.") "[A]n Alabama Sheriff acts exclusively for the state rather than for the county in operating a county jail." <u>Turquitt v. Jefferson County, Ala.</u>, 137 F.3d 1285 (11th Cir. 1998) (en banc).

## FORTIETH DEFENSE

There was no policy or custom of Sheriff that was executed by any employee of the Houston County Sheriff that caused any injury to the plaintiff.

## FORTY-FIRST DEFENSE

Defendants assert that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendants reasonable attorneys fees and costs incurred in the defense of this case.

## FORTY-SECOND DEFENSE

That the Houston County Jail, just like a County Sheriff's Department is not a legal entity subject to suit. *See* White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991), where the Alabama Supreme Court held that "[t]he chambers County Sheriff's Department is not a legal entity subject to suit." *Id.*

## FORTY-THIRD DEFENSE

Defendants assert that the use of force in this case "must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993), as amended, 14 F.3d 583 (11th Cir. 1993).

## FORTY-FOURTH DEFENSE

Defendants assert that the force used in this case was applied "'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002).

## FORTY-FIFTH DEFENSE

Defendants assert that because of the plaintiff's actions the force used was proportionate to the need for that force, plaintiff's actions posed a significant threat of physical violence, the use of force was initiated only after the plaintiff's repeated refusals to comply with the verbal orders of multiple officers and the force used was reasonably proportionate to the need for force and did not inflict any injury. <u>Draper v. Reynolds</u>, 369 F.3d 1270, 1278 (11th Cir. 2004).

## FORTY-SIXTH DEFENSE

Defendants assert that not every injury inflicted by a prison or jail official constitutes a violation of the Eight Amendment. "Not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir.) cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Fed.2d 324 (1973).

## FORTY-SEVENTH DEFENSE

Defendants assert that in the situation at bar, there was the potential for "violent confrontation and conflagration" that did in fact ripen into actual unrest and conflict. Defendants assert that in such situations a jail's internal security is peculiarly a matter to be left to the discretion of jail administrators and should carry "special weight." Defendants further assert that as jail administrators, they should "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional siecurity." Defendants contend that such deference should extend to the security measures taken in this case in response to the actual confrontation with the plaintiff "just as it does to prophylactic or preventive measures intended to reduce the incidence of thses or any

other breaches of prison discipline. <u>Whitley v. Albers</u>, 475 U.S. 312, 322-323, 106 S.Ct. 1078, 1086 (1986).

## FORTY-EIGHTH DEFENSE

Defendants assert that, the "force was applied in a good faith effort to maintain or restore discipline" and not maliciously and sadistically for the very purpose of causing harm.' <u>Hudson v. McMillian</u> 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992).

**Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.**

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

<u>s/Gary C. Sherrer</u>
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. <u>SHE-016</u>

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama  36301
(334) 678-0100

---

# CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon Larry Charles Farrier, 4155 Pontiac Avenue, Dothan, Alabama 36301, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 20th day of June, 2007.

s/Gary C. Sherrer
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY CHARLES FARRIER, #28248, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )CIVIL ACTION NO.: 1:07-CV-364-MEF |
| | ) |
| COMMANDER KEITH REED, | ) |
| CORRECTION OFFICER KEITH | ) |
| FITZGERALD and SERGEANT CINDY | ) |
| BUCHMANN, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Garry Jamerson** of the Houston County Sheriff's Department, who is a Corrections Officer for the Houston County Jail, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Garry Jamerson and I was at all times related to the allegations in inmate Farrier's complaint and continue to be employed as a Corrections Officer with the Houston County Sheriff's Department. My principal duties involve the administration of the Houston County Jail. I am

**EXHIBIT 1**

leaving my employment with the Sheriff effective June 1, 2007, for another job in Colorado. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address the plaintiff's claims in this case.

On Wednesday, April 18, 2007, I was working the second shift as a Corrections officer in the Houston County Jail ("the Jail"). The second shift in the Jail begins at 3:00 p.m. and ends at 11:00 p.m. each day. During that shift I was working as a "Rover" meaning that I was not assigned to work specifically in any one Pod in the Jail. I was there to assist any other officers in the Jail as may be needed and to assist in the relocation or movement of inmates from one location to another in the Jail. That day I had a new corrections officer trainee working with me. Corrections Officer O'Ferrall was working in the control booth for M, N, and O Pods.

Sometime between 9:30 p.m. and 10:00 p.m. on April 18, 2007, Officer O'Ferrall was instructed by the shift sergeant to move the plaintiff from O-Pod to M-Pod and I was dispatched to assist as may be needed. I contacted Officer O'Ferrall and informed him I would be there to assist him and because of inmate Farrier's size (six feet tall and weighing over 425 pounds), strength and prior discipline and attitude problems, I told Officer O'Ferrall to wait until I and the other officer working with me got there in case the plaintiff caused problems. There too many inmates (approximately 40) in O-Pod at the time. All of the inmates in the Pod but inmate Farrier were out in the day room area of O-Pod around inmate Farrier's cell when I arrived.

When I arrived in O-Pod, I informed inmate Farrier that he was being moved to M-Pod and to gather his belongings for the move. Inmate Farrier became belligerent and began to argue with me and I again directed inmate Farrier to comply with the order to move. At that point, inmate

Farrier was belligerent and very agitated, was continuously pacing back and forth in his cell, was gesturing animatedly with his hands, was repeatedly yelling his refusals to comply with orders and his demands to see Sergeant Buchmann and that he was not going to move or follow our orders until he talked to Sergeant Buchmann. I explained to him that the Sergeant does not have to explain to him why he has to move and I ordered him again to gather his belongings and move. When inmate Farrier continued his agitated behavior and refusals, I requested Corrections Officer O'Ferrall to call the Sergeant and let her know of inmate Farrier's actions and refusals to comply with our orders to move him. I again directed inmate Farrier to get his stuff together to move and inmate Farrier continued to be belligerent, to pace back and forth, to gesture animatedly and erratically and to yell his refusal to go anywhere until he talked to Sergeant Buchmann.

At that time I left O-Pod and called my supervisor who informed me that Officer Fitzgerald was on his way to O-Pod to assist in the effort to move inmate Farrier from O-Pod to M-Pod. Inmate Farrier persisted in his agitated actions and loud refusals to move adding that if he is going to move he is going to create enough problems that he will be put on lock-down. Inmate Farrier continued to incite the other inmates to oppose our efforts to move him and create safety and security problems for us. The other inmates in the day room area were ordered to "roll in" and go to their bunks but they refused to comply and kept huddling around Officer O'Ferrall, Officer Bernhardt (new corrections officer trainee), and myself. The situation was rapidly becoming more and more volatile, dangerous, and realistically could have escalated into an inmate riot. I was apprehensive that we were losing control of all of the inmates in the Pod.

The other inmates continued in their refusal to "roll in" and were verbally supporting inmate Farrier. I again told inmate Farrier to comply with the order to move to M-Pod. He continued his

agitated behavior and yelling that he was not going anywhere until he talked with Sergeant Buchmann. After a few minutes passed, Officer Fitzgerald arrived in O-Pod with two tasers and instructed inmate Farrier to pack his belongings and to get ready to move. We also repeated our orders to the other inmates to "roll in" so that good order, security and safety for all involved could be restored. After Officer Fitzgerald arrived with the two tasers, all but one of the other inmates complied with the order to "roll in" and that inmate backed away sufficiently to no longer pose an imminent threat to us.

Once the other inmates were brought under control, our primary focus returned to inmate Farrier. Officer Fitzgerald instructed inmate Farrier to gather his belongings and get ready to move. Inmate Farrier continued to be belligerent and very agitated and was continuously pacing back and forth in his cell, gesturing animatedly with his hands, repeatedly yelling his refusals to comply and his demands to see Sergeant Buchmann. Officer Fitzgerald repeated his order to inmate Farrier and inmate Farrier persisted in his actions and refusals even though Officer Fitzgerald told him that he would have to be tased if he continued to not comply. Officer Fitzgerald at that point unholstered his taser and repeated again the order for inmate Farrier to move or he would be tased. Inmate Farrier became even more belligerent and agitated, and continued his pacing back and forth in his cell, gesturing animatedly with his hands, and yelling his refusals to comply and his demands to see Sergeant Buchmann. At that point Officer Fitzgerald discharged his taser at inmate Farrier but the taser probes did not get through inmate Farrier's clothing and inmate Farrier became even more belligerent and agitated in his efforts to incite the other inmates to become disruptive and interfere with our efforts. Inmate Farrier continued his pacing back and forth, gesturing animatedly with his hands, repeatedly yelling his refusals to comply and his demands to see Sergeant Buchmann.

---

**GARRY JAMERSON - AFFIDAVIT**                                                    **PAGE 4**

After Officer Fitzgerald's taser failed to have any affect on inmate Farrier, I was directed to discharge my taser at inmate Farrier. I did so and my taser probes also failed to get through inmate Farrier's clothing and make contact with his body. Inmate Farrier is six feet tall and at that time weighed in excess of 425 pounds. Because of the taser failures, we were forced to physically restrain him and it took three pairs of hand cuffs to cuff his hands behind his back. Ultimately, inmate Farrier was handcuffed in the front and was moved to administrative segregation for the security and safety of all concerned pending a due process disciplinary hearing based on his actions and refusals.

At that time, all officers involved directly in the incident had to complete all necessary reports and forms that must be completed any time a taser is discharged in the jail. One of the sergeants on duty came to the scene, took pictures and documented the situation for the record. It was also confirmed that the taser probes never reached or pierced inmate Farrier's skin due to the additional clothing that he had on at the time. The plaintiff did not receive any shock or piercing of his skin from the taser discharges. It is not uncommon for inmates, who anticipate and intend not to comply, to wear additional clothing and some even wrap themselves in blankets to keep tasers from being effective and making contact with them.

GARRY JAMERSON

STATE OF ALABAMA,

HOUSTON COUNTY.

    Before me, the undersigned authority, personally appeared **Garry Jamerson**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

    Sworn to and subscribed before me on this the 31st day of May, 2007.

NOTARY PUBLIC
My Commission Expires: 12-9-2008

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **LARRY CHARLES FARRIER, #28248,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**CIVIL ACTION NO.: 1:07-CV-364-MEF** |
| | ) |
| **COMMANDER KEITH REED,** | ) |
| **CORRECTION OFFICER KEITH** | ) |
| **FITZGERALD and SERGEANT CINDY** | ) |
| **BUCHMANN,** | ) |
| | ) |
| **Defendants.** | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith Fitzgerald** who is a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Keith Fitzgerald, and I am over the age of nineteen (19) years and a resident of Miller County, Georgia.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the

---

**KEITH FITZGERALD - AFFIDAVIT**                                                    **PAGE 1**



EXHIBIT 2

Houston County Jail. I am a Certified Jail Technician and have received some training in nonviolent crisis intervention. Unless otherwise indicated expressly or by context, I have personal knowledge of the facts and information contained herein.

On Wednesday, April 18, 2007, Officer Jamerson was working the second shift as a Corrections officer in the Houston County Jail ("the Jail"). The second shift in the Jail begins at 3:00 p.m. and ends at 11:00 p.m. each day. During that shift Officer Jamerson was working as a "Rover" meaning that he was not assigned to work specifically in any one Pod in the Jail. Officer Jamerson was there to assist any other officers in the Jail as may be needed and to assist in the relocation or movement of inmates from one location to another in the Jail. That day Officer Jamerson had a new corrections officer trainee working with him. Corrections Officer O'Ferrall was working in the control booth for M, N, and O Pods.

Sometime between 9:30 p.m. and 10:00 p.m. on April 18, 2007, Officer O'Ferrall was instructed by the shift sergeant to move the plaintiff from O-Pod to M-Pod and Officer Jamerson was dispatched to assist as may be needed. There were too many inmates (approximately 40) in O-Pod at the time. All of the inmates in the Pod but inmate Farrier were out in the day room area of O-Pod around inmate Farrier's cell when Officer Jamerson arrived.

I have been informed that when Officer Jamerson arrived in O-Pod, he informed inmate Farrier that he was being moved to M-Pod and to gather his belongings for the move. Inmate Farrier became belligerent and began to argue with him and Officer Jamerson again directed inmate Farrier to comply with the order to move. At that point, inmate Farrier reportedly was belligerent and very agitated, was continuously pacing back and forth in his cell, was gesturing animatedly with his hands, was repeatedly yelling his refusals to comply with orders and his demands to see Sergeant

Buchmann and that he was not going to move or follow orders until he talked to Sergeant Buchmann. When inmate Farrier continued his agitated behavior and refusals, the Sergeant was called and informed of inmate Farrier's actions and refusals to comply with their orders to move him.

I was dispatched by Sergeant Buchmann to O-Pod to assist in the effort to move inmate Farrier from O-Pod to M-Pod. After I arrived, inmate Farrier persisted in his agitated actions and loud refusals to move adding that if he is going to move he is going to create enough problems that he will be put on lock-down. Inmate Farrier was inciting the other inmates to oppose our efforts to move him and was creating safety and security problems for all concerned. The other inmates in the day room area were ordered to "roll in" and go to their bunks but they refused to comply and kept huddling around Officer O'Ferrall, Officer Bernhardt (new corrections officer trainee), and Officer Jamerson. The situation was rapidly becoming more and more volatile, dangerous, and realistically could have escalated into an inmate riot. I was apprehensive that we were losing control of all of the inmates in the Pod.

The other inmates continued in their refusal to "roll in" and were verbally supporting inmate Farrier. I again instructed inmate Farrier to pack his belongings and to get ready to move. All officers repeated orders to the other inmates to "roll in" so that good order, security and safety for all involved could be restored. It was only after I arrived with the two tasers, that all but one of the other inmates complied with the order to "roll in" and that inmate backed away sufficiently to no longer pose an imminent threat to us.

Once the other inmates were brought under control, our primary focus returned to inmate Farrier. I again instructed inmate Farrier to gather his belongings and get ready to move. Inmate Farrier continued to be belligerent and very agitated and was continuously pacing back and forth in

his cell, gesturing animatedly with his hands, repeatedly yelling his refusals to comply and his demands to see Sergeant Buchmann. I repeated my order to inmate Farrier and inmate Farrier persisted in his actions and refusals even though I told him that he would have to be tased if he continued to not comply. At that point I unholstered my taser and repeated again the order for inmate Farrier to move and this time I told him that he would have to comply or he would be tased. Inmate Farrier became even more belligerent and agitated, and continued his pacing back and forth in his cell, gesturing animatedly with his hands, and yelling his refusals to comply and his demands to see Sergeant Buchmann. It was clear to me that we would have to use physical force to regain control of the plaintiff and to prevent the escalation of this difficult and dangerous situation into an even more dangerous situation where either the inmate or officers could be seriously injured. At that point I discharged my taser at inmate Farrier but the taser probes did not get through inmate Farrier's clothing and inmate Farrier became even more belligerent and agitated in his efforts to incite the other inmates to become disruptive and interfere with our efforts. Inmate Farrier continued his pacing back and forth, gesturing animatedly with his hands, repeatedly yelling his refusals to comply and his demands to see Sergeant Buchmann.

After my taser failed to have any affect on inmate Farrier, Officer Jamerson was directed to discharge his taser at inmate Farrier. Officer Jamerson did so and his taser probes also failed to get through inmate Farrier's clothing and make contact with his body. Inmate Farrier is six feet tall and at that time weighed in excess of 425 pounds. Because of the taser failures, we were forced to physically restrain him. After a struggle, ultimately, inmate Farrier was handcuffed in the front and was moved to administrative segregation for the security and safety of all concerned pending a due process disciplinary hearing based on his actions and refusals.

At that time, all officers involved directly in the incident had to complete all necessary reports and forms that must be completed any time a taser is discharged in the jail. One of the sergeants on duty came to the scene, took pictures and documented the situation for the record. I confirmed that none of the taser probes ever reached or pierced inmate Farrier's skin due to the additional clothing that he had on at the time. The plaintiff did not receive any shock or piercing of his skin from the taser discharges. Inmate Farrier never requested medical attention and upon my observation, no medical treatment was necessary. The plaintiff was never debilitated or injured in any way by the two taser discharges. After the taser discharges, inmate Farrier was standing up and he continued to yell and protest even after he was restrained with handcuffs. It is not uncommon for inmates, who anticipate and intend not to comply, to wear additional clothing and some even wrap themselves in blankets to keep tasers from being effective and making contact with them.

_____

KEITH FITZGERALD

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Keith Fitzgerald**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 20th day of June, 2007.

_____

NOTARY PUBLIC

My Commission Expires:  12-9-2008

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LARRY CHARLES FARRIER, #28248,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:07-CV-364-MEF** |
| | ) |
| **COMMANDER KEITH REED,** | ) |
| **CORRECTION OFFICER KEITH** | ) |
| **FITZGERALD and SERGEANT CINDY** | ) |
| **BUCHMANN,** | ) |
| | ) |
| **Defendants.** | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Cindy Buchmann** of the Houston County Sheriff's Department, who is a Senior Corrections Officer for the Houston County Jail, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Cindy Buchmann and I was at all times related to Plaintiff's complaint and continue to be employed as a Senior Corrections Officer with the Houston County Sheriff's Department. I have worked as a corrections officer in the jail since March, 1995 and have been a sergeant since

CINDY BUCHMANN - AFFIDAVIT                                                    PAGE 1

# EXHIBIT 3

September, 1998. I am a Certified Jail Technician and I am also a licensed and certified Emergency

Medical Technician ("EMT"). My principal duties involve the administration of the Houston

County Jail. I have personal knowledge of the facts and information contained herein.

On Wednesday, April 18, 2007, I was working the second shift as the shift supervisor in the

Houston County Jail ("the Jail"). The second shift in the Jail begins at 3:00 p.m. and ends at 11:00

p.m. each day.

Sometime between 9:30 p.m. and 10:00 p.m. on April 18, 2007, I instructed Officer O'Ferrall

to move the plaintiff from O-Pod to M-Pod and due to past problems with inmate Farrier, I also

dispatched other corrections officers to assist as may be needed. I also told Officer O'Ferrall to wait

until the other officers arrived to assist him because of inmate Farrier's size (six feet tall and

weighing over 425 pounds), strength and prior discipline and attitude problems. At the time, there

were too many inmates (approximately 40) in O-Pod and I was in the process of moving some of the

inmates from O-Pod to other Pods.

I was not physically present in or around O-Pod during the events made the basis of this

lawsuit. During said events, I was in the sergeant's office but was in contact with the other officers

by telephone and radio. While in the sergeant's office, I was informed by telephone and by radio

communication that inmate Farrier was refusing to obey the officers repeated instructions to gather

his belongings and to move to M-Pod. I was informed that not only was inmate Farrier repeatedly

refusing to move as ordered, he was yelling and was very confrontational, hostile, belligerent and

uncooperative with the officers as they attempted to move him to M-Pod.

Because of inmate Farrier's actions and because such situations can quickly escalate and

become violent or lead to an inmate riot, I sent Officer Fitzgerald to O-Pod to assist in the effort to

move inmate Farrier from O-Pod to M-Pod. I had Officer Fitzgerald take two tasers with him as the other officers did not have tasers with them. I was informed that inmate Farrier persisted in his agitated actions and loud refusals to move adding that if he is going to move he is going to create enough problems that he will be put on lock-down. I was also informed that inmate Farrier was trying to incite the other inmates to oppose the efforts to move him and to create safety and security problems for officer and inmate alike. I was called repeatedly and it appeared that the situation was rapidly becoming more and more volatile, dangerous, and realistically could have escalated into an inmate riot. I was concerned that we were losing control of all of the inmates in the Pod. I was ultimately informed that inmate Farrier was brought under control, was handcuffed in the front and I had him moved to administrative segregation for the security and safety of all concerned pending a due process disciplinary hearing based on his actions and refusals.

At that time, I directed all officers involved directly in the incident to complete all necessary reports and forms that must be completed any time a taser is discharged in the jail. I sent another sergeant that was on duty to the scene to take pictures and to document the situation for the record. It was also confirmed that the taser probes never reached or pierced inmate Farrier's skin due to the additional clothing that he had on at the time. It is not uncommon for inmates, who anticipate and intend not to comply, to wear additional clothing and some even wrap themselves in blankets to keep tasers from being effective and making contact with them.

According to all reporting officers, the plaintiff did not receive any shock or piercing of his skin from the taser discharges. As the taser probes never made contact with inmate Farrier's skin, no medical attention was requested by the plaintiff and none was necessary. I was informed that the plaintiff was not injured and that he was up and moving around with no apparent physical limitations

resulting from the required use of force.

I have reviewed the Incident/Offense Report, Supervisory Taser Use Report, Assailant Control Report, as well as statements and procedures related thereto. I have also talked with the officers involved in the incident made the basis of plaintiff's complaint. Upon my review of same, it was and still is my judgment, that the taser use in this situation was a reasonable use of force in the officers efforts to restore good order and to preserve the safety and security of everyone in the jail.

CINDY BUCHMANN

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Cindy Buchmann**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of her information, knowledge and belief.

Sworn to and subscribed before me on this the 20th day of June, 2007.

NOTARY PUBLIC
My Commission Expires: 12-9-08

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY CHARLES FARRIER, #28248, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:07-CV-364-MEF |
| | ) |
| COMMANDER KEITH REED, | ) |
| CORRECTION OFFICER KEITH | ) |
| FITZGERALD and SERGEANT CINDY | ) |
| BUCHMANN, | ) |
| | ) |
| **Defendants.** | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith W. Reed** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Keith W. Reed and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since March of 2007. My principal duties involve the administration of the Houston County Jail. Unless otherwise

**EXHIBIT** 4

indicated herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case.

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. According to plaintiff's inmate file, the plaintiff has filed several grievances and has filed a grievance related to the factual situation made the basis of plaintiff's complaint while in the Houston County Jail. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail Docket Card showing that the plaintiff received a copy of the Inmate Rules is attached hereto collectively as **Exhibit D**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as

**Exhibit E**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit F** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number C-206 of the Houston County Jail Policy and Procedure Directive relating to Taser Use is attached hereto as **Exhibit G** and is incorporated herein by reference as if fully set forth. I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit H**, and is incorporated herein by reference as if fully set forth.

I was not present when the incident made the basis of this lawsuit occurred. I have reviewed the Incident/Offense Report, Supervisory Taser Use Report, Assailant Control Report, as well as statements and procedures related thereto. I have also talked with the officers involved in the taser use made the basis of plaintiff's complaint. Upon my review of same, it was and still is my judgment, that the taser use in this situation was a reasonable use of force necessary to restore good order and to preserve the safety and security of inmate and corrections officer alike, in the jail.

KEITH W. REED

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Keith W. Reed**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 20th day of June, 2007.

NOTARY PUBLIC
My Commission Expires:      12-9-08

# HOUSTON COUNTY SHERIFF'S DEPARTMENT
## JAIL DIVISON
### LAMAR GLOVER, SHERIFF

### INMATE RULES

Order is essential to the safe and secure operation of the jail. Inmate Rules describe the expected behavior of all inmates. Inmates found in violation of rules will be subject to disciplinary action or criminal action depending on the type of violation. Some rule violations will subject the inmate, if found guilty, to sanctions or restriction of privileges. All inmates found guilty of rule violations have a right to appeal. Appeals must be submitted within 24 hours after receiving the sanction or restriction.

### RULES

1. Uniforms (jump suits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "Houston County Jail" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

2. No foreign objects will be placed in the jail doors to keep the door open or prevent locking. All inmates housed in a cell will be required to keep the cell clean and free of debris.

3. No paper products or any other type product will be placed over cell windows, vents, doors, cell lights or on walls.

4. No inmate will behave in any manner that is disrespectful to any Sheriff's Department personnel, visitors, or other inmates.

5. No inmate will initiate any physical contact, assault or attempt to assault, nor perform any act that will endanger any Sheriff's Department personnel, or any other officer, inmate or visitor.

6. No inmate will waste, abuse, damage, or steal county property or personal property belonging to another inmate.

7. No inmate will incite any action that will threaten the safety or order of the jail.

8. No inmate will commit any lewd or indecent sexual act or exhibitions.

**901 East Main Street • Dothan, AL 36301**
(334) 712-0762 • Fax (334) 671-9479


EXHIBIT
A

9. No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

10. Inmates must maintain their cells and common areas in a clean, sanitary, and orderly condition.

11. No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel.

12. No inmate will leave his/her authorized area. Inmates must roll-in to their cells when told to do so. Females must be seated on their bunk.

13. Inmates must roll-in at all roll-in times. Inmates assigned to day room access must be on their mattress at all roll-ins.

14. No inmate will be allowed to wear a cap, scarf, hat, headrag, etc., or anything covering their hair or head.

15. No inmate will touch or place any item on the sprinkler head in their cell.

16. Inmates will not press the call buttons except in case of emergency.

17. No inmate will pass any item from one pod to another.

18. Inmates **must** wear identification arm band at all times.

### DAILY SCHEDULE

1. Roll In/Roll Out times will be posted in the pod.

2. Inmates will roll-in at shift change times for inmate count and any other time when called by the officers.

3. Showers will be taken during the following hours: 1:00 P.M. - 2:30 P.M. and 3:30 P.M. - 8:30 P.M.

4. Religious services will be held on nights scheduled by the Jail Commander.

5. Meals will be served beginning at approximately the following times:    **Breakfast - 5:00 A.M.**
                **Lunch - 11:00 A.M.**
                **Supper - 5:00 P.M.**

Each inmate is responsible for getting their own tray. Cups **will** be taken up after the supper meal and returned at the breakfast meal.

2

<u>PERSONAL ITEMS ALLOWED</u>

**A.  <u>Items Issued</u>**

| | |
|---|---|
| Uniforms | Blanket |
| Mattress | Toothbrush |
| Mattress Cover | Comb |
| Laundry Bag | Soap |
| Towel | Toilet Paper |
| Bath Cloth | Toothpaste |

**B.  <u>Clothing Allowed to be Brought Into the Facility</u>**

1. Undergarments, 6 pair, white only
2. Socks, white only, 6 pair
3. T-shirts, (6) white only (no tank-tops or pockets)
4. Sweatshirt, or thermal underwear, 1 each, elastic waistband, no pockets
5. Shower shoes, 1 pair
6. Tennis shoes, 1 pair, no shoestrings.  No boots, clogs or sandals - must be new
7. Bras, 3, white, no underwire

**C.  <u>Hygiene Products Allowed</u>**
      <u>(One Each)</u>

1. Stick deodorant
2. Bar soap (no liquid soap)
3. Shampoo (clear plastic bottle)
4. Hair grease/gel

All hygiene products must be the original container, clear plastic and must have see-through contents and original seal.  Never opened. (See Inmate Hygiene Policy page 10)

**D.  <u>Other Items Allowed</u>**

1. Legal papers
2. Personal letters (Not to exceed 10 letters)
3. Soft-back Bible
4. 2 legal pads, letter size, no wire binding
5. 25 envelopes with stamps
6. 2 pencils, lead
7. 2 pens (non-retractable, non-metal point, see-through) (no crayons, colored pencils, highlighters or markers allowed)

**E.  <u>Commissary Purchases</u>**

1. Weekend visitors whose name appears on an inmate's visitation list may deposit commissary money only into the inmate commissary fund of the inmate being visited.

2. Cash money and only correct amount will be accepted.

__Coins will not be accepted.__

3.  Only certified checks or money orders will be accepted through the mail.

4.  Inmate workers assigned to outside duties will only be allowed to contribute to inmate workers fund on Saturdays and Sundays.  Each inmate is allowed $25.00 per week or $5.00 per day. (Inmates are not permitted to have money in the pods or on their person.)

**F.  Acceptance of Personal Items**

The personal clothing worn by an inmate at booking, along with other personal items that are not considered contraband, will be stored in the property room and given back to the inmate at release.  __The inmate must sign a property return receipt at release or transfer time.__  If considered contraband, i.e., cigarettes, lighters, it will be destroyed after 3 days if not picked up by family members.

**G.  Television**

The televisions are provided in the facility for the convenience and entertainment of the inmate.  The floor officer may change channels when he/she deems necessary. The television may be turned off or removed for disciplinary reasons at the discretion of the floor officer.

**H.  Cell Assignments and Institutional Living**

The inmate's cell assignment is the responsibility of the Records and Classification Division.  Inmates must return to their assigned cells at all roll-in times.

__When the inmate leaves his/her cell for the dayroom, the bed must be made up neatly.__

Personal items must be stored in the drawer underneath the bunk.  Items will not be stored underneath the mattress. Inmates must not alter or destroy any lights, walls, fixtures, or plumbing located in a cell.  Inmates assigned to cells without a drawer may place their items neatly at the foot of the bunk.

**J.  Jail Library**

Library books are available once a week at the discretion of the Sergeant assigned library duty.  Inmates may check out a maximum of two books per week.

**K.  Inmate Workers (Trustees)**

4

1. Requirements for inmate workers:

   a. Inmate must be convicted.
   b. Inmate must not have a record of violence or sexual crimes or be a high risk.
   c. All inmates must be medically approved.
   d. The Jail Commander must approve all inmate workers.
   e. Inmate must not be convicted of manufacturing or trafficking in drugs.

2. Rules of inmate workers:

   a. Inmate workers must perform work duties as assigned.
   b. Workers must remain in work areas assigned and may be searched at any time.
   c. Outside workers must inform control of their duties and location at all times.
   d. Inmate workers must not enter control room or jailer's booth unless escorted.

## L. Recreational Activities

Basketball goals have been installed in the recreation areas, and their use is determined by the Sergeant on duty, weather permitting.

## M. Telephone Calls

1. Inmates will not receive any telephone calls, nor will any messages be forwarded for calls.

2. Legitimate emergency messages will be handled by the supervisor on duty.

3. The jail personnel will only give out the charge, amount of bond, or sentence regarding an inmate.

4. Inmates may make collect calls using the inmate telephone system located in the dayroom.  These calls may be monitored or recorded.

5. **Upon written request by inmate, the receptionist may call and leave a message for an attorney.**

6. Inmates are not allowed to use a phone in the docket area except at the time of booking.

7. Upon written request by an inmate, the docket officer will call a bonding company of the inmate's choice.

## N. Visitor Information

1. **The Houston County Jail is a non-contact visiting jail.** Only attorneys meeting in private conference with

inmate clients are allowed contact visits.

2. Inmates must complete a visitor list to see visitors. Visitors will not be allowed a visit if their name is not on the visiting cards, including children. Visiting list is restricted to only 8 names.

3. After 7 days, including entry day, the visitation list will not be changed, added to, or deleted, for a period of 60 days.

4. Visitors 16 years and older must present a current photo ID or driver's license before entry. Visitors under 16 years must have a social security card or a birth certificate, or be admitted at the discretion of the supervisor.

5. Only two (2) people, including children, will be allowed to visit per inmate. Visitors must come and leave together. **Split visitation is not allowed.**

6. For cause, the supervision of the jail may refuse an inmate's visitation privileges.

7. Visitor cards will be held by the visitation officer in the lobby. Times will be noted on the card.

8. Weekday visitation may be approved if **proper identification and proof of residency is presented. Weekday visits will only be approved if the visitor shows proof that their residence is a minimum of 100 miles from the Houston County Jail.** Out of town visits are for visitors who can not visit on regular visiting days and proof of the fact is presented. A visitor may not visit on the weekend and during the week day.

9. Inmates are not allowed visitors while serving time on lockdown or lock up time.

10. Visitors will be arrested and prosecuted for bringing or attempting to bring contraband into the jail.

11. Visitors will not wear mini skirts, shorts above the knee, halter tops, tank tops, spaghetti straps, strapless/slit dresses. No see-through clothing or low cut necklines will be worn. No visitor will wear any clothing that exposes the body to bare skin from the shoulders to the knees. Arms are excluded.

## VISITING SCHEDULE

SATURDAY:        8:00 AM to 10:30 AM
                 Pods M thru O, and female inmates,
                 trustees and weekend dorms

6

SATURDAY:        1:00 PM to 3:30 PM
                 Pods I, J, K, L, holding and Nursing

SUNDAY:          8:00 AM to 10:30 AM
                 Pods A thru D

SUNDAY:          1:00 PM to 3:30 PM
                 Pods E thru H

## MAIL

1. Letters will be inspected for contraband to ensure facility safety.

2. No hand-delivered mail or packages will be accepted. Envelopes larger than 5X7 will not be accepted.

3. Inmates may receive money orders through regular mail. The money order must be made payable to: **Inmate Drawing Account,** and **must include the inmate's name and inmate number.**

4. **Mail received by the inmates will be documented, opened, and inspected before delivery to the inmate.** Legal mail received by the inmate will be opened by the officer in the presence of the inmate **but not read.**

5. Outgoing mail will be taken up each morning by the corrections officer. Incoming mail will be delivered to the inmate daily.

6. All incoming and outgoing mail must have the sender's **first** and **last name.** No nicknames will be accepted. The envelope must bear the sender's complete address.

EXAMPLE:    John Doe Pod A, B, C, D
            901 East Main Street
            Dothan, Alabama 36301

                              Jane Doe Pod Location
                              901 East Main Street
                              Dothan, Alabama 36301

## LAW LIBRARY

The facility has a constitutionally accepted law library for inmate use. The inmate must submit a request to the sergeant on duty to visit the library. The sergeant will arrange for use of the library by pod designation. Inmates cannot remove any book from the library. The facility does not provide a librarian.

## LIVING AREA REQUIREMENTS

A.  Inmate towel and bath cloth must be hung on the foot of the bed and be centered.  The towel will be hung first and the bath cloth hung neatly on the top of the towel.

B.  Shoes will be placed underneath the right side of the bunk at the foot of the bunk with toes turned out.

C.  The bunk will be neatly made.

D.  Bunks will be in compliance from 8:00 AM to 9:00 PM Monday through Friday.

E.  On Saturday and Sunday, bunks will be in compliance from 10:00 AM to 9:00 PM.

F.  No items will be stored underneath the bunk except shoes.  The inmate must keep his area clean and clear of litter.

G.  No items of any kind will be placed or stored on the window sill of the cell.

### MEDICAL CARE

A.  Inmates are charged a co-pay for medical care at the jail.  Inmate medical care is **not** free.  Alabama law dictates that inmate medical service is free when the inmates "are unable to provide for themselves," (Code of Alabama 14-6-19).

B.  Inmate medical co-pay is taken from the inmate's commissary funds.

C.  The inmate will be charged a co-pay for each medical visit and each medical service based on the following fees:

| | |
|---|---|
| Hospital Visit | $20.00 |
| Doctor Visit | $20.00 |
| Practioner Visit | $20.00 |
| LPN Visit | $ 5.00 |
| EMT Visit | $ 2.00 |
| Lab/X-Ray | $20.00 |
| Prescription (each) | $10.00 |
| Non-Prescription (each) | $ .50 |
| Dental visit | $20.00 |

D.  Inmates who request medical clearance to perform trustee duties and then refuse to work will be charged $98.00, or actual cost, for their lab work.

E.  Inmates are not allowed to ask questions during medication pass.

F.  Med call is announced prior to the nurse arriving

in each area.  Any inmate not standing in line by
the door will forfeit their medication and be
noted as being absent.

## CHAPLAIN SERVICES

A.  The jail has a staff chaplain on part-time duty.
However, a 24-hour call is maintained for inmates
who request emergency service.

B.  Inmates **must** request chaplain service.  Inmate request
forms may be obtained from the corrections officer on
duty.

C.  Inmates who are members of an established religious
body may be visited by the clergy of the religious
body at times listed, Monday thru Friday, during the
hours:  9:00 A.M. - 11:00 A.M.
        1:00 P.M. - 2:30 P.M.
        3:30 P.M. - 4:30 P.M.
except during lock-up times or when the inmate is on
disciplinary lockdown.  At the discretion of the
supervisor on duty, inmates on disciplinary lockdown
may be visited by clergy.

D.  Clergy must show proof that they are ministers of
an established religious body of which the inmate
desiring a visit is a declared member and complete a
visitation form provided by the jail facility before
they are allowed visitation.  Ministers are required
to complete the visitation form only once.

E.  **Pastoral visits are discouraged on Saturdays and
Sundays due to weekend visitation except during
emergency situations.**

F.  Non-denominational services are held during the
evenings on Monday, Tuesday, and Thursday, of
each week.  Other services and classes are held
at the discretion of the chaplain.

G.  Attendance at religious services is not mandatory
for the inmate.  The privilege to attend religious
services may be revoked by the supervisor on duty
for misbehavior during the service or any violation
of the inmate rules.

H.  Clergy who have family members that are incarcerated
and a member of the clergy's religious body may visit
the inmate once as clergy.  The remaining visits will
be on regular visiting time assigned to the inmate.
Clergy will be any minister employed by the established
religious organization.

HOUSTON COUNTY JAIL
POLICY AND PROCEDURE DIRECTIVE

INMATE HYGIENE

Date Issued:  April 14, 2005
Date Effective:  April 24, 2005                    Policy Number: E-303
Revision Date:  April 25, 2005

## POLICY:

In order to promote the institutional goals of health, cleanliness, safety and security in the Houston County Jail, it is the policy of the Houston County Jail that except as may otherwise be specifically provided for herein, all inmates, male and female, shall adhere to this policy.  Male inmates shall have hair no longer than one inch from their scalp.  Additionally, female inmates shall have hair no longer than collar length.  There will be no special hairstyles permitted. Furthermore, there shall be no facial hair greater than one-quarter inch (1/4") in length and fingernails shall be clipped to the tip of the finger.  Each inmate shall shower daily; this includes shampooing the hair and a change in clothes.  Inmates in food service shall wear a clean set of whites daily.

## PROCEDURE:

During the initial booking process, inmates with a set bond, but who are otherwise incarcerated over night, are not subject to the haircut requirement, but they shall not refuse a bath using a delousing soap and shampoo if required by the jail staff.  Any inmate booked into the jail without a set bond shall have to comply with all requirements of this policy during the initial booking phase.

A schedule for compliance with this policy shall be set from time to time by the Jail Commander or Jail Administrator.

In the event an inmate wishes to have their haircut shorter, they must fill out an inmate request form and return it to the appropriate staff.

In an additional effort to prevent the spread of infection to other inmates and employees, every cell and holding area, including dayrooms, must be decontaminated using germicidal agents and steam cleaning the showers, floors and walls.  This procedure must be done a minimum of once a week for every space in the secure areas of the jail occupied by an inmate, including the docket. The mats used for sleeping must be sprayed with germicide **weekly**.

To ensure this policy is being followed, the ranking Sergeant will perform inspections as may be necessary.   Any inmate in non-compliance with this policy is to be reported to the Jail Commander or Jail Administrator and shall be subject to appropriate disciplinary action.

## GRIEVANCE PROCEDURE

01.    In the event that an inmate has a grievance, this inmate will send a grievance form to the Senior Corrections Officer, who will investigate and answer the grievance, and will settle this issue.  If this is not possible, the Jail Commander may hold a formal hearing.

02.    The Senior Corrections Officer will hear all sides of the situation with a written statement or witnesses, as appropriate and render a decision.  This inmate will be informed of the decision in writing.  Actions taken will be documented.

Houston County Jail
Policy and Procedure Directive

# INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                              Policy Number: E-301

**POLICY:**

It is the policy of the Houston County Jail to advise inmates, in writing, of inmate rules and regulations.

**PROCEDURE:**

The jail will provide each inmate admitted to general population a copy of the inmate rules and regulations.

The inmate rules and regulations handout will be reviewed by the Jail Administrator and updated as necessary.

ACJS 13-001

**EXHIBIT**     B

Houston County Jail
Policy and Procedure Directive

# RECEIPT OF INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                          Policy Number: E-302

## POLICY:

It is the policy of the Houston County Jail to inform all new inmates of the inmate rules and regulations.

## PROCEDURE:

Prior to any inmate being placed in a regular housing unit of the jail, the jail will provide the inmate with a copy of the inmate rules and regulations.

If the inmate is unable to read the inmate rules and regulations, a jail officer will read them to him/her and document the event.  In reading the rules and regulations, the staff member will explain each rule and regulation and answer any questions the inmate may have about the rules and regulations.

The jail officer will complete the Rules and Regulations Receipt form advising the inmate that he/she will be required to abide by those rules and regulations while an inmate in the Houston County Jail.

The inmate will then be required to sign the receipt form.  If inmate refuses, the process will be documented and procedure continued.

The receipt form will be placed in the inmate's file.

**EXHIBIT** ⊂

HOUSTON COUNTY JAIL
JAIL DOCKET CARD

0845

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 28248 | Farrier, Larry Charles | | | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| HCSD | 4/22/06 | | | | |

| RISK | STATUS | FLOOR/CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|
| | County Inmat | | Miller | D. Pawley |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 7/3/64 | 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 | B | m | 6-0 | 425 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| NEG CW | NEG J48 | NEG CW | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|---|
| 415 S. Pontiac | 805-3592 | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Ella Evans | Same | | 702-9136 | Sister |

REMARKS: _____

| DID INMATE RECEIVE PHONE CALL? (X)Y  { }N | DID INMATE RECEIVE JAIL RULES? (X)Y  { }N |
|---|---|
| INMATE SIGNATURE  X Larry Farrier | INMATE SIGNATURE  Larry Farrier |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

**EXHIBIT** D

INMATE # 208248

NAME: FARRIEL, LARRY CHARLES

| CHARGE Prob Rev - NWNI | | WARRANT # | DC/TR 04-2452 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | 5-31-06 @ 0830 Rev-Mendheim | | A FTA on 12-8-06 - Prob Revoked Transcript will be issued upon Arrest | | |

| CHARGE Prob Rev - NWNI | | WARRANT # | DC/TR 04-2453 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |

| CHARGE Prob Rev - NWNI | | WARRANT # | DC/TR 04-2454 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |

| CHARGE Prob Rev - NWNI | | WARRANT # | DC/TR 04-2455 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |

| CHARGE Prob. Rev - NWNI | | WARRANT # | DC/TR 04-2456 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |

# HOUSTON COUNTY JAIL
## DOCKET CONTINUATION CARD

| INMATE# 28248 | NAME FARRIER, LARRY CHARLES | | | | | |
|---|---|---|---|---|---|---|
| CHARGE Prob Rev - NWNI | | WARRANT# | DC/AA 04-2457 | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | 5-31-06 @0830 Rev-Mendnin | | | AFTA on 12-8-05 - Prob Revoked Transcript will be issued upon arrest | |
| CHARGE Prob Rev - NWNI | | WARRANT# | DC/AA 04-2458 | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| CHARGE Prob Rev - NWNI | | WARRANT# | DC/AA 05-1831 | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| CHARGE Prob Rev - NWNI | | WARRANT# | DC/AA 05-1832 | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |
| CHARGE Prob Rev - NWNI | | WARRANT# | DC/AA 05-1833 | INDICTMENT# | CC / CS / DR | CONVICTION |
| BOND | | | | | | |

#3

02/02/07

| INMATE # 28248 | NAME FARRIER LARRY CHARLES | | | | | |
|---|---|---|---|---|---|---|
| CHARGE Prob Rev - NWUNI | WARRANT# | DC/FA 05-1834 | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND No Bond | 5-31-06 @0830 Rev-Menchein | | A FTA 12-8-05- Prob Revoked TRANSCRIPT will be Issued upon Arrest | | | |
| | | | | | | |
| | | | | | | |
| CHARGE Prob Rev - NWUNI | WARRANT# | DC/FA 05-1835 | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND No Bond | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE Prom Prison Contraband III | WARRANT# none | DC/TR 07-452 | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND $300 00 | 3/05/07 8:30 Am Judge Steengland | | 02-21-07 Case Dismissed per Judge Mendheim | | | |
| | | | | | | |
| CHARGE | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |
| CHARGE | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |

# INMATE GRIEVANCE FORM

DATE:_____    INSTITUTION:_____

NAME:_____    INMATE NUMBER:_____

NATURE OF GRIEVANCE OR INFORMATION:

_____
_____
_____
_____
_____
_____

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ? _____

_____
_____
_____
_____
_____
_____

DATE HEARING: _____

COMMITTEE FINDING OR RESPONSE: _____

_____
_____
_____
_____

REFERRED TO:_____    POSITION:_____

CHAIRMAN:_____    MEMBER:_____

MEMBER: _____    WARDEN:_____

AGREE_____ DISAGREE:_____    (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE: _____

_____
_____
_____
_____
_____

DATE GRIEVANCE FILED:_____    TIME FILED:_____

SHIFT COMMANDER

**EXHIBIT**

**E**

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued:  May 1, 1999                                           Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request.  Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.

**EXHIBIT**        F

HOUSTON COUNTY JAIL
POLICY AND PROCEDURE DIRECTIVE

**TASER USE**

Date Issued:    April 25, 2005
Date Effective: May 9, 2005                    Policy Number: C-206

---

## POLICY:

It shall be the policy of the Houston County Sheriff to use only that response to resistance that reasonably appears necessary to control or otherwise subdue violent or potentially violent persons. Accordingly, the Sheriff has authorized issuance of tasers to those officers trained and certified in its use according to the procedures outlined by this directive.

## PROCEDURE:

The Advanced Taser is an electronic incapacitation device. It is considered an additional, less than lethal, law enforcement tool and is not intended to replace firearms or any other approved tool or technique available to the officer. The Taser resides in the force continuum at the same level as OC spray, baton or other application of physical force. As with any tool or technique listed on the force continuum, the Advanced Taser may be used to affect lawful objectives and to bring an incident under control. The Advanced Taser shall only be used as instructed during training.

The decision to use the Advanced Taser is based on the same criteria an officer uses when selected to deploy OC spray, a baton, or other physical contact to obtain or maintain necessary control for the safety and good order and security within the Jail. The decision must be made dependent on the actions of the subject(s) or threat facing the officer(s) and the totality of the circumstances surrounding the incident. The use of the Advanced Taser must be reasonable and necessary.

Any use of an electronic incapacitation device contrary to the direction of this policy may subject the officer to disciplinary action.

**A.    Issuing the Advanced Taser**

1.    Officers shall ONLY carry and use Advanced Tasers approved by the Sheriff.

Officers shall only use Department issued Advanced Taser cartridges.

2.    A record of current cartridge serial numbers provided with each weapon will be maintained in a file which must be kept under the supervision of the Jail Commander or his designee.



EXHIBIT
C

3.    Department issued Tasers may be assigned to officers or groups of officers as directed by the Sheriff.

4.    Officers may have an Advanced Taser assigned to them as deemed necessary by their supervisor.

**B.    Training and Certification**

1.    Only officers who have completed an Advanced Taser training session are approved to carry or use the taser.

2.    Annual re-certification is required for all officers.

**C.    Use of the Advanced Taser**

Use of the Advanced Taser shall only be in accordance with established department procedures "as instructed during the training/certification sessions." It will never be used punitively or for purposes of coercion. It shall only be used as a means of averting a potentially injurious or dangerous situation.

The totality of circumstances must be evaluated for each specific incident. The following situations are examples where use of the Advanced Taser may be warranted. This is only a guide and does not include all possible situations.

1.    A subject is threatening himself, an officer or another person with physical force and other means of controlling the subject are unreasonable, impracticable or could result in injury to the officer, the subject or others.

2.    In cases where the officer/subject factors indicate the officer, inmate offender or others would be endangered by the use of physical force.

3.    In cases where other means of lesser or equal force have been ineffective and the threat or potential for physical injury sill exists for the officer, inmate subject or others.

The Advanced Taser has the ability to ignite flammable liquids. It shall not be used on subjects who have come into contact with flammable liquids or in a flammable atmosphere. Additionally, the Advanced Taser will not be used to awaken unconscious or intoxicated individuals.

**D.    Ensuring Aid after Use of Weapons**

If a prisoner or inmate becomes sick or is injured incidental to taser use, an officer shall immediately request necessary medical assistance and notify his/her supervisor.

Specific duties after use of the Advanced Taser:

1.    Once the subject is restrained or has complied, the Advanced Taser should be turned off.

2.    A supervising officer shall be called to the scene. The probes may be removed from the subject in accordance with established training procedures.

3.    Medical evaluation and appropriate medical treatment should not be refused to anyone who requests it.

4.    Personnel who have some medical training or experience will remove probes located in sensitive areas such as the face, neck, groin or breast.

5.    Probes that have been removed from skin shall be treated as bio-hazard sharps. They should be placed point down into the expended cartridge bores and secured with tape.

**E.    Taser Use Reporting**

1.    Photographs will be taken of probe impact sites and any other related injury. All photos shall be made part of the officer's report.

2.    Used cartridges will be noted in a file which must be kept under the supervision of the Jail Commander or his designee and newly issued serial numbers will be noted. A weapon upload of data will also be included.

3.    Assailant Control Report will be completed, in accordance with Policy Number C-301 (Use of Non Deadly Force), for each Taser use.

**EXHIBIT H**

# INMATE REQUESTS

## INMATE REQUEST FORM

Date: 05 - 05 - 07

INMATES # 28248 J

To: MRS. Walker

C/O SIGNATURE _____

From: LARRY FARRIER

SR C/O SIGNATURE _____

NATURE OF REQUEST: Mrs. Walker, I would greatly be so thankful too you if you could tell me if I put in a NEW visitation list" or do I still got the old one" in" my wife and child is comming saturday And I need to know if they are on that list kristina LANE And Rosetta LANE" Please Help me" thank you

ACTION TAKEN _____

5-17-07  Theyire already on your list.

---

## INMATE REQUEST FORM

Date: 03 18 - 07

INMATES # 28248   O pod 3B

To: Sgt Turner

C/O SIGNATURE DWhes

From: LARRY FARRIER "

SR C/O SIGNATURE

NATURE OF REQUEST: In need of a hair cut please " Soon as possible" Thank you"

ACTION TAKEN Done 3/23/07

## INMATE REQUEST FORM

Date: 02 023 - 07

INMATES # 28248

C/O SIGNATURE Beasley

To: Sgt Turner

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST Sgt Turner I need a Haircut very badly"
I would greatly Appreciate it if I could get on
the Next List
                    Thank you

ACTION TAKEN 2/27/07 on list

USBPS Reorder # 12055 (8/06)

---

## INMATE REQUEST FORM

Date: 02 - 19 - 07

INMATES # 28248

C/O SIGNATURE

To: Sgt turner

From: LARRY FARRIER

SR C/O SIGNATURE BR

NATURE OF REQUEST Sgt I would Like to be the Barber
for mnls "I've been cutting for over 20 years thank you"!

ACTION TAKEN No, I have 3 already 2/24/07

SBPS Reorder # 12055 (8/06)

## INMATE REQUEST FORM

Date: 02-19-07

INMATES # 28248

C/O SIGNATURE _Wick_

To: Sgt Turner

From: LARRY FARRIER "

SR C/O SIGNATURE BR

NATURE OF REQUEST I need to go to the Law Library "Library"
As Soon as possible.

Done on 02-22-07

ACTION TAKEN _[signature]_

USBP: Reorder#12055 (8/06)

---

## INMATE REQUEST FORM

Date: 12/26/06

INMATES # 28248

C/O SIGNATURE _[signature]_

To: Sgt on duty

From: LARRY FARRIEL

SR C/O SIGNATURE _Bischman_

NATURE OF REQUEST in need of A Haircut "
And I trip to the Law Library" thank you!
Happy New years "

ACTION TAKEN On list for haircut 01/06/07 _[signature]_

_[signature]_

1BP: Reorder#12055 (8/06)

## INMATE REQUEST FORM

Date: 12/18/86

INMATES # 28248

To: MS, Beed

C/O SIGNATURE _Phillps_

From: LARRY FARRIER

SR C/O SIGNATURE _e_

NATURE OF REQUEST _MS, Beed my Wife is sending me A 8 X 10 picture is it Alright? And I Would Lac to send her the Copy of the picture We took in chruch "With you"_

_Thank you very much_

ACTION TAKEN _8 x 10 too big! 5 x 7 or smaller only. I check into the other photo! 12/22/06 YC_

_Larry Farrier_

---

## INMATE REQUEST FORM

Date: DEC 4th

INMATES # 28248

To: SUE LARUE

C/O SIGNATURE

From: LARRY FARRIER

SR C/O SIGNATURE

NATURE OF REQUEST _MS. sue" Could you please get my Correct Eos date! I know it's Not Aug 27 o 8", And the job about the sheriff Department Val knows my Wife can't Leave that place until saturday So when Brown go home can I please get that Job_

ACTION TAKEN _12/11/06 1/m Farrier this has been answered by Records_

**INMATE REQUEST FORM**

Date: _Nov 12th_

INMATES # _28248_

To: _Ms. Sue Larue_

C/O SIGNATURE _____

From: _Larue Farrier_

SR C/O SIGNATURE _Buchnan_

**NATURE OF REQUEST** _Ms. Sue you know it's getting cold outside" I was wondering if I could get my wife to bring me a pair of White Jogging pants"? And the next opening you have at the Sheriff office I would love to have that job"_
_Thank you!_

**ACTION TAKEN** _Your family can bring them On your Visitation day. (SL)_

_Sign _____

---

**INMATE REQUEST FORM**

Date: _9·18·06_

INMATES # _28248-N_

To: _Larry Farrier_

C/O SIGNATURE _____

From: _Chaplain Baker_

SR C/O SIGNATURE _____

**NATURE OF REQUEST** _____

**ACTION TAKEN** _Please sign for receipt of books from Richard Exley Ministries._

_X _____

## INMATE REQUEST FORM

Date: 09 -18- -06-                          INMATES # 28248

To: Lt "Rocco"                              C/O SIGNATURE _____

From: LARRY FARRIER                         SR C/O SIGNATURE _____

**NATURE OF REQUEST** Lt "Rocco" I've been trying to see you for 6 months And I still havent "saw you yet" I hate to go into details on this Request Form" this is very Important to my family" And my Self" I only need 5 minute's of your time," And I Am very Sure that you can help me with this problem! Thank you very much!

**ACTION TAKEN** I/M Farrier- I know you have requested to see me. However I am very busy. When I get an opportunity I will see you. 9/18/06 Lt. Rocco

_Larry Farr_

*USBPi Reorder#12055 (8/06)*

---

N-1

## INMATE REQUEST FORM

Date: 09 ⇨ 07 ⇨ 06                        INMATES # 28248

To: Ms. Reed                               C/O SIGNATURE _____

From: LARRY FARRIER                        SR C/O SIGNATURE _____

**NATURE OF REQUEST** Ms. Reed I know you ARE A very busy Hard Working young Lady" And if you could Find the time to talk With me" one LAST time it would greatly be Appreciated Thank You very much."

**ACTION TAKEN** OK! 9/11/06 y (

_Larry Farr_

*USBPi Reorder#12055 (8/06)*

## INMATE REQUEST FORM

Date: 08 - 29 - 06

INMATES # 28248 Npod

To: Ms. Walker

C/O SIGNATURE Russ

From: Larry Farrier

SR C/O SIGNATURE Taylor

NATURE OF REQUEST Ms. Walker Would you please give me a
Medical print out thank you"

ACTION TAKEN 08/29/06 (TW) Medical owed Printout Sent

X Larry Farrier

Southeastern Printers / Form #5135 / Rev 3-98

## INMATE REQUEST FORM

Date: 08 - 29 - 06

INMATES # 28248 Npod

To: Sgt Turner

C/O SIGNATURE Russ

From: Larry Farrier

SR C/O SIGNATURE Taylor

NATURE OF REQUEST To go Too the Law Library " Thank you"

ACTION TAKEN

Done 8-31-06

Larry Farrier

Kcorder#12055 (8/06)

## INMATE REQUEST FORM

Date: 08  26    06                          INMATES # 28248

To: Sgt Turner                              C/O SIGNATURE

From: LARRY FARRIER                         SR C/O SIGNATURE

NATURE OF REQUEST   Sgt I need you to Reset my Inmate # 28248
For the phone "system" please "thank you"

ACTION TAKEN   You are only allowed 20 PAN numbers
And you have 20, no more can be added.
8/29/06 Kt

Southeastern Printers / Form #5135 / Rev 3-98

---

M-0

## INMATE REQUEST FORM

Date: 08  30  - 06                          INMATES # 28248 N

To: Sgt turner                              C/O SIGNATURE  S. Moore

From: Larry Farrier                         SR C/O SIGNATURE

NATURE OF REQUEST   I NEED to go to the Law Library"

Done on 8-24-06

ACTION TAKEN

## INMATE REQUEST FORM

Date: 08 - 21 - 06

INMATES #: 28248 / N-1

C/O SIGNATURE

To: Sgt Davis

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST Sgt Davis I'm Writing to Find out how much time that I got Now? the Judge sent me papers were He Cut my time", it's County time, so I Would like too Know As sOon As posible Thank you!

ACTION TAKEN 09-04-06 I'm Farrier, you DOS all 12 cases On 08-27-08. (DB)

I/M'S SIGNATURE

Southeastern Printers / Form #5135 / Rev 3-98

## INMATE REQUEST FORM

Date: 08 - 13 - 06

INMATES #: 28248

(N)

C/O SIGNATURE Lacy

To: Lt Finclo

From: Larry Farrier"

SR C/O SIGNATURE BR

NATURE OF REQUEST Lt "I am trying to do A Little Legal work" but the book I need is Not in the Law Library Here" I Would greatly Appreciate it if you Could help Lead me the Right Way in getting What I Need? I do Not have A Attorney So I Can't ask him to get it For me" ALABAMA Rules of

ACTION TAKEN the Courts " 13'A - 9 - 13 - 1 And 13-A - 9 - 13 - 3 It's very Imperative that I get this Information" thank you!

I/M Farrier- those code books should be in the law library. 8/30/06 Lt Rowo They Are Not in the Library" please I Really Need this book Larry Farrier

**INMATE REQUEST FORM**

Date: 08 - 13 - 06                    INMATES # 28248

To: Lt Rocco                          C/O SIGNATURE Sapp

From: LARRY FARRIER                   SR C/O SIGNATURE

NATURE OF REQUEST Lt Rocco I very much need to get out of the Alabama Rule's of the Courts 13-A-9-13-1 It's not in the law Library" How can yu" 13-A-9-13-3 get this to me? I do not have A Attorney! please help me!

ACTION TAKEN I/M Farrier - the codes you are requesting are in the law library unless someone took them back to their cell. I will check. Bbddoc Lt. Rocco

_Larry Farrier_

Southeastern Printers of Dothan / Form #5135 / Rev 3-98

---

N-O

**INMATE REQUEST FORM**

Date: 08 - 10 - 06       N            INMATES # 28248        (N)

To: Sgt On Duty                       C/O SIGNATURE Munn

From: LARRY FARRIER                   SR C/O SIGNATURE BR

NATURE OF REQUEST Sgt I Rellly need this Information on these" things of out of the Code of Alabama 13 A-9-13-1 and 13'A-9--13-B please get it to me as soon as pesibl!

ACTION TAKEN Your attorney will have to get this information for you..

X 8-10-06 _Larry Farrier_

## INMATE REQUEST FORM

Date: 08 10 06                    INMATES # 28248

To: Chaplian Baker                C/O SIGNATURE _____

From: LARRY FARRIER"              SR C/O SIGNATURE

NATURE OF REQUEST Chaplian Baker" I Would enjoy one of those "Man of Valor" It's very Intересting" I thank you!

ACTION TAKEN 8/10/06 Sorry, I don't provide that book and not sure where it comes from. Chaplain B

Houston Printing Co., Inc. • Form #5135 • Rev. 3-98   WO#54

---

## INMATE REQUEST FORM

Date: 08 - 09 - 06                INMATES # 28248

To: MRS. T. Walker"              C/O SIGNATURE _____

From: LARRY FARRIER'             SR C/O SIGNATURE

NATURE OF REQUEST MRS. Walker" I understand that you are a very Busy young lady" but is it anyway that you are going to be able to get to the new Visitation List this week? my wife have been Here two Weeks in A Row" trying to see me", I pray that you Forgive Me for Worrying you" but I pray you get to do this before this Saturday"

ACTION TAKEN May God Bless you and Keep you"

08/09/06 New Lists will be in effect my Saturday

X Larry Farrie          Thank You ever

M-0

## INMATE REQUEST FORM

Date: 08  06  06                          INMATES # 28248

To: C Hopkins"                            C/O SIGNATURE Smith

From: LARRY FARRIER                       SR C/O SIGNATURE

NATURE OF REQUEST _I would love to have one of those Spiritual Charptace papers and Bible study guide For the Incarcerated And A Daily guide book" Thank you" SIR"_

ACTION TAKEN _8/8/06 Please sign for WP/BS Guide and ODB_

Houston Printing Co., Inc. • Form #5135 • Rev 3-98   WO#54

---

M-0

## INMATE REQUEST FORM

Date: 08  06  06      (N)           INMATES # 28248

To: Sgt Turner                            C/O SIGNATURE Smith

From: Larry Farrier                       SR C/O SIGNATURE

NATURE OF REQUEST _Need to go to Law Library"_

ACTION TAKEN _Done on 8-17-06_

## INMATE REQUEST FORM

Date: 07 31 06

INMATES # 28248

To: Sgt Turner

C/O SIGNATURE

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST Sgt I Need to go to the Law "Library"

ACTION TAKEN Done 8/10/06

Southeastern Printers / Form #5135 / Rev 3-98

W 1        N-Pod

## INMATE REQUEST FORM

Date: 07 23 -06

INMATES # 28248

To: Sgt turner

C/O SIGNATURE

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST For Ride to Law Library" Thank you!

ACTION TAKEN Done 8/3/06

Southeastern Printers / Form #5135 / Rev 3-98

## INMATE REQUEST FORM

Date: 07 & 23  06      INMATES # 28248

To: Chaplan Baker      C/O SIGNATURE _____

From: Larry Farrier      SR C/O SIGNATURE _____

NATURE OF REQUEST: Mr. Baker" I would greatly Appreciate it if you could stop by and talk with me "one day" SIR! Thank you"

ACTION TAKEN: 7/24/06 Chaplain visit scheduled for later in week.

Southeastern Printers / Form #5135 / Rev 3-98

---

## INMATE REQUEST FORM

Date: 07-23-06      INMATES # 28248

To: "Lt Rocco"      C/O SIGNATURE _____

From: LARRY "FARRIER"      SR C/O SIGNATURE _____

NATURE OF REQUEST: Lt" I would greatly Appreciate it "if you could talk to me" I've been wanting too talk too you but I do understand you Are busy at time's" so please keep me in mind" "Thank you"

ACTION TAKEN: Mr. Farrier - you are right - I am very busy and there is nothing I can do to help you as far as your case. However, if there is a problem at the jail, complete an inmate grievance form if you cannot work your problem out with a C/O or Sgt.  8/1/06  Lt. Rocco

## INMATE REQUEST FORM

Date: 07 21 06                    N         INMATES # 28248

To: Ms. "Reed"                              C/O SIGNATURE _Munn_

From: LARRY FARRIER"                        SR C/O SIGNATURE BR

NATURE OF REQUEST Ms Reed I Know that you are A very Busy Lady "but if time permits you" Would you please tell me what happen' With my other problem"

_Thank you!_

ACTION TAKEN _Problem handled 4/24/06_

_Larry Farrier_

Southeastern Printers / Form #5135 / Rev 3-98

---

M-0                              M-1

## INMATE REQUEST FORM

Date: 07 28th 06    (N)         INMATES # 28248

To: Ms, T Walker.                           C/O SIGNATURE _Craig_

From: LARRY FARRIER                         SR C/O SIGNATURE BR

NATURE OF REQUEST Ms. Walker" I very much need you to Add My "Wife's Name to my Visitation List", it's been 60 day's Since I Last Changed it! And my Wife was unable to visit because She was Incarcerated "Now she's out And will be. he saturday the 29th" I've been trying to get in touch with you for the last

ACTION TAKEN Week or so" please ms. Walker grant me this Request" My Wife Name is "Kristina FARRier" please Add Her" Thank you! 07/28/06 (TW) M/r Farrier. All visits will be available 1st Wk of August as a whole.

_Larry Farrier_

N

## INMATE REQUEST FORM

Date: 07 . 13 . 06

INMATES #: 28248

To: Ms. Reed

C/O SIGNATURE: Morris

From: LARRY FARRIER"

SR C/O SIGNATURE: @

**NATURE OF REQUEST** Ms Reed I have all the Respet" in the World For you!" but My mother -IN-LAW sent me A Book of Stamps And it stated that they were Destroyed! because thats Contraband! I Read the INmate Rules And No where in the Rule book it states that Stamps are not Allow in the mail." Ms Reed thats # 280

**ACTION TAKEN** Cents" I should had aleast had a Chance to send them Back home. And to Destroy A stamp, it seem that would be breaking the LAW.

Spoke w/ Mr Farrier and situation handled! Will be returning stamps to the sender! 7/14/06 92, Langford

Southeastern Printers / Form #5135 / Rev 3-98

---

N-1

## INMATE REQUEST FORM

Date: 07 12 06

INMATES #: 28248

To: Sgt Buchmann

C/O SIGNATURE:

From: LARRY FARRIER"

SR C/O SIGNATURE:

**NATURE OF REQUEST** Sgt" My health is good Enought to Work! there's No way that I can do 859 days" in side this Jail Now my Blood sugar is good and so is my Blood presure! I know that I don't have the money to get Med's so I don't use thing's I shouldn't Eat! So why can't I be A

**ACTION TAKEN** trustee!? Respectfully yours"

07-12-06

I cannot go against the orders of the Medical Department. They have the final Say on Who can work & who cannot. Sgt Buchman

Larry Farrier

## INMATE REQUEST FORM

Date: 07 09 - 06

To: Sgt turner

From: LARRY FABRICK

INMATES #: 28248

C/O SIGNATURE

SR C/O SIGNATURE

NATURE OF REQUEST: I Need to go to the Law Library as soon as possible'' I Am trying to Find out a Few more things I Need too know! thank you!

ACTION TAKEN: Done 7/13/06

Larry Farrier

Southeastern Printers / Form #5135 / Rev 3-98

## INMATE REQUEST FORM

Date: 07 03 06

To: Chaplin Chaplin

From: Larry Farrier

INMATES #: 28248

C/O SIGNATURE

SR C/O SIGNATURE

NATURE OF REQUEST: For a Large ___ print King James Bible'' With my Name on Front'' Thank you''

I do not provide Bibles with your name inscribed.

ACTION TAKEN: 7/6/06 Please sign for receipt of Holy Bible KCM-NKJV.

X Larry Farrier

## INMATE REQUEST FORM

Date: 06 27 06

INMATES # 28248

To: Ms. Walker

C/O SIGNATURE

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST I Would Like A print out of my Medical Charges and how much more I owe them. Thank you"

ACTION TAKEN 06/28/06 (Tu) Printout Sent Medical owed

---

## INMATE REQUEST FORM

Date: 6-27-06

INMATES # 28248-N

To: Larry Farrier

C/O SIGNATURE

From: Chaplain Baker

SR C/O SIGNATURE

NATURE OF REQUEST

ACTION TAKEN M. Farrier please sign for receipt. Search For Signifance from your mother-in-law Krudie Lane.

X Larry Farrent

**INMATE REQUEST FORM**

Date: 06 27 06

INMATES #: 28248  (N) NI

To: Sgt Davis

C/O SIGNATURE

From: LARRY FARRIER

SR C/O SIGNATURE

NATURE OF REQUEST Sgt "I need to know" how much time; or good time I am Earning on this County time? Would you please help me" I very much would like to know." Thank you' Very much.

ACTION TAKEN 07-06-06 I'm Farrier, with your good time, you will serve 1 year and 288 days sentence "plus" 228 days for fines/cost. you had a total of 18 months to serve. ✗

Inm'S Signature X Larry Farrier

Southeastern Printers / Form #5135 / Rev 3-98

---

**INMATE REQUEST FORM**

Date: 06 13 06

INMATES #: 28248  NI

To: Sgt Beichman

C/O SIGNATURE Harris

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST Sgt "I Found out that I got 859 Days of County time! Now I'm Ready to do what I gotta do to get back to my wife and kid! So don't Let this weight Fool you! I'm Ready to pick cotton if you want me to! I need to be a trustee "So I can

ACTION TAKEN get my time cut down some please!

06-15-06
I have submitted your name to Nursing for blood work. Sgt Beichman
X Larry Farrier

## INMATE REQUEST FORM

Date: 05/03/06

INMATES # 28248

To: Lt. Rocco

C/O SIGNATURE

From: Larry Farrier

SR C/O SIGNATURE Buchmann

NATURE OF REQUEST I very much need to talk to you About A matter thats very important." I Need your help

ACTION TAKEN I/M Farrier, You need to Attempt to work out your issue/ Problem with the CIOs or Sgts. If that cannot be done, complete a grievance form and address it to me. 5/3/06 Lt. Rocco

Larry Farrier

Houston Printing Co., Inc. • Form #5135 • Rev. 3-98   WO#54

---

## INMATE REQUEST FORM

Date: 06 27 06

INMATES # 28248

To: Sgt Turner

C/O SIGNATURE Small

From: LARRY FARRIER

SR C/O SIGNATURE

NATURE OF REQUEST To go to the Law Library "As soon As possible"

thank you"

Done on 7-6-06

ACTION TAKEN

Larry Farrier

## INMATE REQUEST FORM

Date: 6/1/06

INMATES #: 28248 N

To: Chaplain

C/O SIGNATURE

From: Larry Farrier

SR C/O SIGNATURE

NATURE OF REQUEST

I/m has requested to speak c̄ Chaplain ē having personal (family) problems that she is worried about

ACTION TAKEN       Nursing

6/6/06 Completed on 6/1/06 spoke with his father-in-law also.

Chaplain Baker

Southeastern Printers / Form #5135 / Rev 3-98

---

## INMATE REQUEST FORM

N-1

Date: 04/26/06        N

INMATES #: 28248

To: Chaplains office

C/O SIGNATURE Craig

From: LARRY FARRIER

SR C/O SIGNATURE BR

NATURE OF REQUEST yes I would like A Bible with Large print "so I can see the words.

Thank yes.
And god bless

ACTION TAKEN 4/27/06 Please sign for receipt of Bible-Large Print.

X                Larry Farrier

## INMATE REQUEST FORM

Date: 05-13-05

INMATES # 23243

To: MRS. Reed

C/O SIGNATURE Camplan

From: Larry Fanin

SR C/O SIGNATURE Jones

NATURE OF REQUEST I need the Address And phone #
of John. C. peacoc Attorney At Law.

ACTION TAKEN this maime isnt listed by its self
x is he with a law firm? 5/20/05

---

## INMATE REQUEST FORM

Date: 05-13-05

INMATES # 23248 E

To: ## % Britt

C/O SIGNATURE Sapp

From: LARRY FARRiel

SR C/O SIGNATURE Jones

NATURE OF REQUEST my wife doesn't have a picture ID
But she has A/ birth Record And ss card and
maried certifices Will she be able to see me."

ACTION TAKEN She must have an ID Card with
her picture. She can get one from
Chandlers.

5/14/05. lt    X

VISITATION LISTS
GRIEVANCES
SANCTIONS
ARREST REPORT
DOCKET CARDS
RELEASE/BOND/COURT INFO

Inmate Number _2 8 2 9 8_

HOUSTON COUNTY SHERRIFF'S DEPARTMENT
LAMAR GLOVER, SHERIFF

## VISITATION LIST

Last Name _FARRIER O_          First Name _LARRY_

Pod Location _X - Pod_          Date _08 - 11 - 06_

### VISITORS

| | | | |
|---|---|---|---|
| Kristina FARRIER | Rosetta LANE | Raymond LANE | Trudie LANE |
| Keelen FARRIER | SADE FARRIER | Bobby Crawford | ~~James String Fellow~~ |

| Only officers are to view or write on visitation registration below! | | | |
|---|---|---|---|
| Date/Time | Visitor's Name | Address | ID# |
| 9-16-06 | Kristina Lane | 6093 Andrews Ave Ozark | FL L500-502-75-611-0 |
| 9-23-06 | Same as above Kristina Lane | | |
| 10-07-06 10-14-15 | NO VISIT | | |
| 10-24-06 | Kristina Lane | Same as abar | Same as above |
| 10-28-06 | Kristina Lane | Same as above | Same |
| 11-1-06 | Kristina Lane | Same as above | |

NOTE TO ALL INMATES:

This is a permanent visitation list. New lists will be issued every three (3) months.

**Names will not be added or deleted from this list.**

You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule.

Every visitor must have a valid ID in order to visit.

Anyone over the age of sixteen (16) must have valid picture ID in order to visit.

Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature _Larry Farrier_          Date _____

C/O Signature _T. Walker_          Date _08/05/06_

Inmate Number _____    Pod Location _____

Continuation for Inmate _____

| Only officers are to view or write on visitation registration below! | | | |
|---|---|---|---|
| Date/Time | Visitor's Name | Address | ID# |
| 12·20 | Kristina Farrior | Car | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# INMATE GRIEVANCE FORM

DATE: 07 - 13 06 ~~2005~~ POD/CELL LOCATION: N pod Cell-1

INMATE NAME: LARRY FARRIER INMATE NUMBER: 28248

NATURE OF GRIEVANCE OR INFORMATION: On July 13th my Mother-Inn-Law sent me A Book of Stamps, And I was told that they were Destroyed that $7 80 cents" And it states No where in the Houston County Inmate Rule Book that stamps Are not allow in the mail, it seems that would be Destroying Government property" IF it was contraband I should have had A chance to send them back" it wouldn't have Cost the County Anything! isn't that Breaking the Law?

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? Replace the Book of Stamps' And I'LL send them home!

Respectfully your'

OFFICER RESPONSE OR FINDING? I spoke to Larry Farrier and we will be sending his stamps to the inmate. He was also shown a copy of the paper where stamps is not allowed in the mail. Jonathan Armelle

SGT. ON DUTY RESPONSE:

* * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 7/14/06

CORRECTIONS OFFICER SIGNATURE: Sapp

INMATE SIGNATURE: X

#2

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Farrier, Larry   DATE: 5/25/06   JAIL NUMBER: 28248

CURRENT CELL: n-pod    CELL I/M MOVED TO (IF APPLICABLE)

TYPE OF SANCTION OR RESTRICTION                          DATES START/END

_____ WKS    ⟨  ⟩ SUSPENSION OF TELEPHONE PRIVILEGES _____ /_____

2 WKS    ⟨X⟩ SUSPENSION OF COMMISSARY PRIVILEGES 06-5-06 / 06-16-06

2 WKS    ⟨X⟩ LOSS OF VISITATION PRIVILEGES 06-3-4-06 / 06-10-11-06

           ⟨  ⟩ MINIMUM 72 HOURS CELL RESTRICTION _____ /_____

           ⟨  ⟩ OTHER _____

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED
TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL?    YES _____    NO _____

OFFICER REQUESTING SANCTION/RESTRICTION | OFFICER AUTHORIZING SANCTION/RESTRICTION
Sapp | Sgt. Mal 05/25/06

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

At around 24,35 on May 25, 2006, a shakedown was conducted in n-pod. I/m Farrier was found to have 2 roll-up cigarettes. I/m Farrier is in violation of Rule #9. No i/m will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

EOS

#1 

# INMATE SANCTION/RESTRICTION DOCUMENTATION

NAME OF INMATE: Farrier, Larry    DATE: 5/10/06    JAIL NUMBER: 28248

CURRENT CELL N1 ## Bottom    CELL I/M MOVED TO (IF APPLICABLE)

| TYPE OF SANCTION OR RESTRICTION | DATES START/END |
|---|---|

_____ WKS ◯ SUSPENSION OF TELEPHONE PRIVILEGES_____ /_____

_____ WKS ◯ SUSPENSION OF COMMISSARY PRIVILEGES_____ /_____

1 WKS ◯ LOSS OF VISITATION PRIVILEGES _5 - 13 - 14 - 06_ /_____

◯ MINIMUM 72 HOURS CELL RESTRICTION_____ /_____

◯ OTHER_____

NOTE: THE SGT. ON DUTY OR ASC/O MUST BE NOTIFIED IMMEDIATELY OF ANY SANCTION OR RESTRICTIONS APPLIED
TO INMATES AND MUST COUNTERSIGN THIS FORM.

DOES INMATE WISH TO APPEAL?    YES_____    NO_____

| OFFICER REQUESTING SANCTION/RESTRICTION | OFFICER AUTHORIZING SANCTION/RESTRICTION |
|---|---|
| Tyson | Sgt. Mack 5/10/06 |

FULL AND COMPLETE EXPLANATION OF REASON(S) FOR SANCTION/RESTRICTION

0830A

While conducting the morning floor check, the above named inmate was found to not be in compliance
with the Living Area Requirement section of the Inmate Rules and Regulations. Bunks will be in compliance
during the following hours of 8:00 A.M. to 9:00 P.M. See example below:

EXAMPLE LIVING AREA REQUIREMENTS

TOWEL-WASH CLOTH
CENTERED AT FOOT
OF BED

**NON-COMPLIANCE OF RULES LISTED
BELOW MAY RESULT IN SANCTION/DISCIPLINARY ACTION**

1.  BUNKS WILL BE IN COMPLIANCE WITH (ABOVE) EXAMPLE DURING THE FOLLOWING HOURS:
    8:00 A.M. TO 9:00 P.M. MONDAY THROUGH FRIDAY
    7:30 A.M. TO 9:00 P.M. SATURDAY AND SUNDAY
    ***NOTE: THE OFFICER WILL CHECK YOUR CELL BEFORE THE INMATE IS ALLOWED TO "ROLL-OUT" OF THE CELL. IF THE
    INMATE'S CELL IS NOT IN AN ORDERLY MANNER, THE INMATE WILL REMAIN ON LOCKDOWN AND RECEIVE A
    SANCTION/RESTRICTION.
2.  EACH INMATE WILL KEEP HIS/HER AREA CLEAN AND CLEAR OF LITTER.
3.  NO ITEMS UNDER BUNKS EXCEPT SHOES, AND SHOES MUST BE ALIGNED AT THE END OF THE BUNK.

Sgt. Reynolds

SIGNATURE OF SGT. OR ASC/O

REVISED 07/2004 PER W.B. MCCARTY, JAIL COMMANDER

# HOUSTON COUNTY SHERIFF'S DEPT.
# LAMAR GLOVER, SHERIFF

## VISITATION LIST

Last Name _FARRIER_          First Name _LARRY_

Floor Location _N_          Date _4/22/06_          I/M # _28248_

### VISITORS

1. _PARRIS Bighems Sr_          5. _BoBBy Crawford_

2. _Latonya Madison_          6. _~~~~~_

3. _Andre FARRIER_          7. _____

4. _Rozalyn Crawford_          8. _____

BANNED          BANNED

1. _____          2. _____

NOTE TO ALL INMATES:

This is a permanent visitation list. New lists will be issued every three (3) months (March, June, September and December). Names will not be added or deleted from this list.

You are not allowed to have more than two (2) visitors per visitation day. Children, no matter their age, are counted as one (1) visitor. There are no exceptions to this rule.

Every visitor must have a valid ID in order to visit.

Anyone over the age of sixteen (16) must have a valid picture ID in order to visit.

Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M SIGNATURE _Larry Farrior_          DATE _4/22/06_

C/O SIGNATURE _P Miller_          DATE _4/22/06_

# ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R&I Completed |
|---|---|
| ☐1 Yes  ☒2 No | ☐1 Yes  ☒2 No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

## IDENTIFICATION

| 1 ORI | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0,3,8,0,0,0 | Houston County Sheriffs Department | 0,6,0,9,3,0,0,4,3 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| Farmer, Keleen Lannard | Money |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 |
|---|---|---|---|---|---|---|---|
| ☒1 M ☐2 F | ☒1 W ☐3 A ☐2 B ☐4 I | 5'9" | 197 | Bro | Blk | Med | ☐1 SCARS ☐2 MARKS ☐3 TATOOS ☐4 AMPUTATIONS |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| Dothan Houston Al | 420-113-4500 | 09 390 892 | 23 | 28248 |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | HENRY CLASS | | | | | | | Unk | Al |
| 24 FBI # | NCIC CLASS | | | | | | | 25 IDENTIFICATION COMMENTS | |

| 26 ☒ RESIDENT ☒ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 114 Pittman St Ashford Al 36312 | (334) 699-3084 | Sign Maker |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| ID Associates | Dothan Al 36303 | 1834 Unk |

## ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR | 35 ARRESTED FOR YOUR JURISDICTION? ☒ YES ☐ NO |
|---|---|---|
| 901 E Main St Dothan Al 36301 | 2 0 N 0 0 4 | ☐1 IN STATE ☐2 OUT OF STATE |

| 36 CONDITION OF ARRESTEE: | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|
| ☐1 DRUNK ☒2 SOBER ☒3 DRINKING ☐4 DRUGS | ☐1 YES ☒2 NO | ☒1 NONE ☐2 OFFICER ☐3 ARRESTEE | ☐1 Y ☒2 N | ☐1 HANDGUN  N/A ☐3 RIFLE ☐5 SHOTGUN ☐2 OTHER FIREARM ☐4 OTHER WEAPON |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 04 03 06 | 1:35 ☒1 AM ☐2 PM ☐3 MIL. | ☐S ☐M ☐T ☐W ☐T ☐F ☐S | ☒1 ON VIEW ☐2 CALL ☐3 WARRANT | ☒1 YES ☐2 N ☐3 UNKNOWN |

| 46 CHARGE-1 ☐1 FEL ☒2 MISD | 47 UCR CODE | 48 CHARGE-2 ☐1 FEL ☒2 MISD | 49 UCR CODE |
|---|---|---|---|
| FTA Child Support | | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| 01-023.02 | 04 198 06 | | | | |

| 56 CHARGE-3 ☐1 FEL ☐2 MISD | 57 UCR CODE | 58 CHARGE-4 ☐1 FEL ☐2 MISD | 59 UCR CODE |
|---|---|---|---|

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ☐1 HELD ☐2 BAIL ☐3 RELEASED ☐4 TOT–LE ☐5 OTHER | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐1 YES ☒2 NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

## JUVENILE

| 82 JUVENILE DISPOSITION | ☐1 HANDLED AND RELEASED ☐2 REF. TO JUVENILE COURT | ☐3 REF. TO WELFARE AGENCY ☐4 REF. TO OTHER POLICE AGENCY | ☐5 REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|

## RELEASE

| 91 DATE AND TIME OF RELEASE M D Y : ☐1 AM ☐2 PM ☐3 MIL. | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐1 YES ☐2 NO ☐3 PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| Bond Set At $3816 Cash only |

| LOCAL USE |
|---|

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|
| Wilson Scott | 3835 | | | | |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC–34 REV. 10-90

TYPE OR PRINT IN BLACK INK ONLY

☐ CONTINUE ON ADDITIONAL SUPPLEMENT

NARRATIVE

NARRATIVE

NARRATIVE

120 ADDITIONAL ARREST INFORMATION

NARRATIVE CONTINUED
ADDITIONAL ARREST

117 DATE AND TIME OF ARREST

M   O   Y

118 CASE #

119 SPX

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

## JAIL DOCKET CARD

1620

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 28248 | Farrier | Larry | Charles | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED | 540 |
|---|---|---|---|---|---|---|
| Court | 1-2-5 | | | 11-3-05 | Suspended Sentence | |

| RISK | STATUS | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|
| | | | K | 4 | Culul | Holloway |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 7-3-64 | 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 | 13 | M | 6'0 | 480 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg C-15 | Neg J13 | Neg C-15 | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| Neg C15 | Neg J48 | Neg C15 Sgt Tobert | |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 410 Mona Dr. | Dothan | | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Ella Purus | | | 702-9136 | Sister |

REMARKS: House in K-4 for Sgt. Smith at court house

| DID INMATE RECEIVE PHONE CALL? { X }Y { }N | DID INMATE RECEIVE JAIL RULES? { X }Y { }N |
|---|---|
| INMATE SIGNATURE X Farrin | INMATE SIGNATURE X Farrin |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

| INMATE # 28288 | | | NAME Curry Patti | | | | |
|---|---|---|---|---|---|---|---|
| CHARGE AH Diss/Dec Con | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR 02-1197 | CONVICTION |
| BOND Ø | | Prob Denied | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

# HOUSTON COUNTY JAIL
## BOOKING CHECK OFF LIST

DATE: 11-2    TIME: _____

SENIOR CORRECTIONS OFFICER(S) DUTY ___Farmer Larry___ BNW

Inmate Name: ___Farmer Larry___    Inmate Number: 28248

**BOOKING OFFICER MUST INITIAL AFTER COMPLETING EACH ITEM AND SIGN IN THE PROPER SPACE.**

1. All personal property secured
2. Check in-house warrants
3. Check for last incarceration
4. Arrest report completed by arresting officer
5. All charges listed on arrest report and bonds listed for each charge
6. **Bond amount noted on warrant**
7. All inmate property tagged/placed in envelope
8. Property envelope completely filled out/signed by inmate
9. All money counted/logged in money book
10. Money envelope completed/supervisor counts
11. SCO calls control and logs money in SCO money book
12. SCO seals money/places in box
13. **Check for outstanding warrants** ___NCIC___ ___Dothan___
14. Inmate numbers properly assigned
15. Inmate recorded in black book
16. Inmate recorded on white pages
17. **Docket I.D., floor card completed, and bond amount verified on docket card**
18. Fingerprint card completed
19. Medical screen completed
20. Affidavit of hardship completed
21. Green disposition form completed (FBI)
22. Property hold form (telephone call, bond applied)
23. Fingerprinted/photographed/entered in computer
24. Property card completed
25. Visitor/Telephone list completed
26. Inmate handbook received
27. **Bond completed/amount checked against warrant**
28. **Correct court date noted on bond**
29. **Inmate and surety signature on bond**
30. **All pass on information documented in pass book**

Signature of Booking Officer(s)

Southeastern Printers of Dothan, 334-792-2928

# Houston County Jail
# Release Verification Form

Inmate Number : 28248

Date : _____

Date of Release : 11/3/05

Time of Release : 1540

Charge(s) :

1. Poss Cont Substance

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

Case Number(s) :

CC02-1197

Reason for Release : Probation Suspended Sentence

Inmate Name : Larry Farrier

Date of Birth : 7/3/64

Soc. Sec. # : 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

Address : 410 Mona Dr

Dothan AL 36301

Inmate Signature : Larry Farrier

THE INFORMATION LISTED ABOVE WAS PROVIDED BY THE NAMED SUBJECT
PRIOR TO HIS/HER RELEASE FROM THE HOUSTON COUNTY JAIL.

C/O Signature : _____
Verbally verified by Docket Officer

**ORDER OF RELEASE FROM JAIL**

Form C-42  Rev. 2/79

IN THE _____Circuit_____ COURT OF _____Houston_____ COUNTY

STATE OF ALABAMA                    VS.    _____Larry Charles Farrier_____

TO THE JAILER OF _____Ho. Co._____

You are ordered to release from your custody the above name defendant, charged with the offense of _____

_____Non-Support Poss. Cont. Substance_____

Reason for Release: _____Suspending Sentence - to pay fines_____
                          _____& Costs._____

_____11-3-05_____                          _____Denny Holloway_____          By: _____
Date        COURT RECORD (White)    JAILER (Canary)          Judge/Clerk

| State of Alabama<br>Unified Judicial System<br><br>Form CR-50    Rev. 6/98 | **ORDER OF PROBATION** | Case Number<br>CC 2002-1197 |
|---|---|---|

IN THE ___CIRCUIT___ _____ COURT OF ___HOUSTON___ _____, ALABAMA
(Circuit or District)                              (Name of County)

STATE OF ALABAMA v. ___Larry Charles Farlier_____
                                    **Defendant**

It appears to the court the above named defendant ☐ has been convicted of ☐ has been adjudicated a Youthful Offender for *Plead to*

the offense of ___Attempt Poss. Rec Controlled Substance.___

and has been sentenced to ___2 yrs.___

The defendant having applied for the benefits of probation and the court having examined the cause, it is ORDERED, ADJUDGED, and DECREED that the sentence is hereby suspended and that the defendant is placed on probation for a period of *PROBATION DENIED*

It is the order of the court that the probationer comply with the following conditions of probation:

1. Do not violate any Federal, State, or local law.
2. Avoid injurious or vicious habits.
3. Avoid persons or places of disreputable or harmful conduct or character.
4. Report to the Probation Officer as directed.
5. Permit the Probation Officer to visit defendant at home or elsewhere.
6. Work faithfully at suitable employment as much as possible.
7. Remain within a specified place, to-wit:
8. Support his/her dependents to the best of his/her ability.
9. Do not change residence or employment without the consent of the Probation Officer.
10. Submit to substance abuse tests when ordered to do so by the Probation Officer. These tests may include urinalysis, breathalizer, and blood samples, but are not limited thereto. Probationer will pay costs of tests.
11. Submit to searches by the Probation Officer of his person, residence, vehicle, or any property under his/her control.
12. Pay to the Probation Officer $30.00 per month during the probation period, pursuant to law.
13. Do not possess, receive, or transport firearms.
14. If the defendant was convicted of any offense specified in Section 36-18-24, *Ala. Code 1975*, he or she must submit to DNA testing according to Section 36-18-25(c), Ala. Code 1975.
15. The defendant is ordered to pay fines, court costs, restitution, assessments, and other court-ordered monies at the rate of $ _____ per month on or before the _____ day of each month, beginning _____. Payments of cash, money orders, or certified funds may be brought to the clerk's office. Money orders or certified funds may be mailed to the Clerk of Court: _____
    ___JUDY BYRD, CLERK___
    *Name*
    ___P.O. DRAWER 6406___
    *Address*
    ___DOTHAN___              ___AL___              ___36302___
    *City*                    *State*              *Zip Code*
    At each report to the probation officer, the defendant shall furnish written proof (Clerk's receipt or money order receipt) of any previous month's payment of court-ordered monies.
16. Notify the Clerk of Court of any change of mailing address and appear in court whenever ordered.
17. Report to the Court Referral Officer immediately, and attend, pay for, and successfully complete the recommended program. The telephone number is
18. The defendant shall perform _____ hours of community service to be approved by the court.
19. Other conditions of probation ordered by the court are as follows:

It is the further order of the court that the defendant is hereby advised that the court may at any time revoke or modify any conditions of this probation or change the period of probation and may discharge defendant from probation or extend the period of probation. The probationer shall be subject to arrest for violation of any condition of the probation herein granted. The court may, at any time, for cause, order the original sentence executed.

___11-2-05___                                              ___Denny Hol___
Date                                                        Judge

A copy of this order has been delivered to the probationer, who has been instructed regarding this order

_____                    _____
Date                                Probation Officer

The above instructions and conditions have been read and explained to me. I have received a copy of this order, I understand the conditions, and I agree to abide by them.

_____                    _____
Date                                Probationer's Signature

_____                    _____
Probationer's Address              Probationer's Telephone Number

_____
City         State         Zip Code

n 9-14-05 _____    ate, defendant makes application for probation and hearing is

by set for Nov. 2, 2005, at 1:30 p.m.

SEP 1 6 2005  n. J. Peacock, DA, PO

JUDGE

CONTINUATION

STATE OF ALABAMA    VS    LARRY CHARLES FARRIER         CC-2002-1197

11-3-05  Defts Sentence Suspended 2 yrs.
on good Behavior & Paying fine
& Costs at $50 per mo. Begin
Dec 1, 05 ~

HOUSTON COUNTY SHERIFFS OFFICE

INMATE INFORMATION SHEET                                    Page    1

BOOKING NO:   050004261                          LOCAL ID:   28248

Name     : FARRIER LARRY CHARLES

Address: 410 MONA DR

City     : DOTHAN              State: AL Zip: 36301



## Physical Description

Race :  BLACK                  Hair :  BLACK

Gender: MALE                   Eyes:   BROWN

Height:  6 ' 00 "              Complexion:  UNKNOWN

Weight: 480                    DOB:  07/03/1964      Age: 41

Scars/Tattoos:

## Personal Information

DL State :  AL                 Home Phone:  334 671 9940

DL Number: I481494             Work Phone:

    SSN:  420 88 5901

    SID:

## Booking Information

Arrest Date: 11/02/2005        Booking Officer: CULVER

Arrest Dept: COURT             Booking Date: 11/02/2005

Arrest Offcr: JUDGE HOLLOWAY   Booking Time: 20:43

Search Offcr: CULVER           Facility: 0I

    Meal Code: 0I              Cell Assignment: K4

## Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| FROM COURT ATT POSS/REC CON | $00.00 | 0 | PENDING |

### HOUSTON COUNTY JAIL
### RECEIPT OF ARMBAND

I _____ have received an armband from Houston County Jail. I must wear this armband at all times while incarcerated in the Houston County Jail. I understand that I must have the armband on to receive medication, commissary, mail or any other items from the jail staff. If I am caught with out my armband I will receive a sanction. I must turn in this armband upon release from the jail. I can not give this armband to any other inmate.

_____
Inmate Signature

_____
C/O Signature

11-2-5
Date

11-2-5
Date

# HOUSTON COUNTY SHERIFF'S DEPARTMENT

## LAMAR GLOVER, SHERIFF

### VISITING LIST



NAME _Farrier, Larry_    INMATE# _28248_

FLOOR LOCATION _K-4_    DATE _11-2-5_

VISITORS NAME

1. _Bobby Crawford_    1. _Rosetta Lane_
2. _Rozalyn Crawford_    2. _Kristina Farrier_
3. _Ella Evans_    3. _____
4. _Helena Farrier_    4. _____

BANNED

1. _____    2. _____

NOTE

THIS IS A PERMANENT VISITING LIST. IT MAY ONLY BE CHANGE
AFTER SIX(6) MONTHS. YOU WILL BE ALLOWED A TOTAL OF (8) NAMES
ON YOUR VISITING LIST, BUT YOU WILL BE ALLOWED TWO(2)
VISITORS TO COME ON YOUR VISITING DAY, CHILDREN ( NO MATTER
THEIR AGE, COUNT AS ONE VISITOR), AND THERE WILL NOT BE ANY
EXCEPTIONS TO THIS RULE. EVERY VISITOR MUST SHOW THEIR
VALID PICTURE IDENTIFICATION (DRIVER'S LICENSE/STATE
IDENTIFICATION CARD), WITH THE EXCEPTION OF CHILDREN UNDER
THE AGE OF SIXTEEN (16), WHO MAY USE THEIR SOCIAL SECURITY
CARD.

I HAVE READ THE ABOVE STATEMENTS AND I HAVE LISTED MY (8)
VISITORS NAME ABOVE.

I/M SIGNATURE _Larry Farrier_    DATE _11-2-5_

C/O SIGNATURE _____    DATE _11-2-5_

LEAVE BLANK          CRIMINAL

STATE USAGE

NFF SECOND

SUBMISSION          APPROXIMATE CLASS          AMPUTATION          SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

FARMER, LARRY

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

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

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH  MM  DD  YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 7 3 64 | M | B | 6'0 | 480 | Bro | Blk |



1. R. THUMB   2. R. INDEX   3. R. MIDDLE   4. R. RING   5. R. LITTLE

6. L. THUMB   7. L. INDEX   8. L. MIDDLE   9. L. RING   10. L. LITTLE

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY   L. THUMB   R. THUMB   RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV 26306

PRIVACY ACT OF 1974 (PL. 93-579) REQUIRES THAT FEDERAL, STATE, OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

| JUVENILE FINGERPRINT | | DATE OF ARREST | ORI |
|---|---|---|---|
| SUBMISSION | YES | MM DD YY  11 2 5 | CONTRIBUTOR |
| | | | ADDRESS |
| TREAT AS ADULT | YES | | REPLY YES DESIRED? |

| SEND COPY TO: (ENTER ORI) | DATE OF OFFENSE  MM DD YY | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP  USA |
|---|---|---|---|

| MISCELLANEOUS NUMBERS | SCARS, MARKS, TATTOOS, AND AMPUTATIONS |
|---|---|

| | RESIDENCE/COMPLETE ADDRESS | CITY | STATE |
|---|---|---|---|

| OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER) | LOCAL IDENTIFICATION/REFERENCE  # 28248 | PHOTO AVAILABLE? YES ✓ |
|---|---|---|
| | | PALM PRINTS TAKEN? YES |

| EMPLOYER: IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO. | OCCUPATION |
|---|---|

| CHARGE/CITATION | DISPOSITION |
|---|---|
| 1. From court | 1. |
| 2. | 2. |
| 3. | 3. |
| ADDITIONAL | ADDITIONAL |
| ADDITIONAL INFORMATION/BASIS FOR CAUTION | STATE BUREAU STAMP |

FD-249(REV. 5-11-99) ☆ U.S. GOVERNMENT PRINTING OFFICE: 2005-310-412/80054

# COURT INFORMATION

C/O *Weaverling*

Name *Fattier Larrie*                    Inmate No. _____

| Date | Charge | Case No. | Next Court Date | Sentence | Hear Date | Amt. Bond |
|------|--------|----------|-----------------|----------|-----------|-----------|
| 5-19-05 | NWNI | DC 04-2452 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Remarks and Atty's Name** ~~Ordered to serve out costs at $25.00 per day~~

Ordered 100.00 payment plan on all 5 NWNI cases

Bond on CC02-1197 Attempt possession of controled sub. $1000.00

JUDGE: *Mendheim*

SHELLEYS/793-1005

FORM #6138

| State of Alabama<br>Unified Judicial System | **CONSOLIDATED APPEARANCE BOND** | Case Number |
|---|---|---|
| Form CR-10    Rev. 8/98 | (District Court, Grand Jury, Circuit Court) | DC05-1835 |

IN THE ___DISTRICT___ COURT OF ___HOUSTON___, ALABAMA
    *(Circuit or District)*              *(Name of County)*

STATE OF ALABAMA  v.  ___LARRY CHARLES FARRIER___
                                    **Defendant**

I, ___LARRY CHARLES FARRIER___ (Defendant), as principal,
and I (we), ___EDDIE EVANS, JR___
                                    *(Please print)*

to pay the State of Alabama the sum of $ ___300___ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on ___7-6-05___ (date) at ___8:30___ A.M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of ___NUNI___, or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| | |
|---|---|
| Signature of Defendant _Larry Charles Farrier_ (L.S.) | |
| Address (print) 410 MOWA DR | City DOTHAN | State AL | Zip 36301 |
| Signature of Surety/Agent of Professional Surety or Bail Company<br>X _Eddie Evans Jr._ (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| Social Security Number 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    Telephone Number 702-9136 | Social Security Number    Telephone Number |
| Address (print) 415 S. PONTIAC  City DOTHAN  State AL  Zip 36301 | Address (print)    City    State    Zip |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| Social Security Number    Telephone Number | Social Security Number    Telephone Number |
| Address (print)    City    State    Zip | Address (print)    City    State    Zip |

_Lamar Glover_
Approved by: Judge/Magistrate/Sheriff

___5/19/05___
Date

_P. Miller_
By: Deputy Sheriff

| **Defendant's Information** | | | | |
|---|---|---|---|---|
| Date of Birth 7/3/64 | Sex M | Height 6'0" | Weight 480 | Employer |
| Social Security Number 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 | Race B | Hair BLK | Eyes BRO | Employer's Address |
| Driver's License Number    State | Telephone Number ( ) 671-9940  702-9156 | | | Employer's Telephone Number |

| State of Alabama<br>Unified Judicial System | **CONSOLIDATED APPEARANCE BOND**<br>(District Court, Grand Jury, Circuit Court) | Case Number |
|---|---|---|
| Form CR-10    Rev. 8/98 | | DC05-1834 |

IN THE ___DISTRICT___ COURT OF ___HOUSTON___, ALABAMA
(Circuit or District)                    (Name of County)

STATE OF ALABAMA  v.  ___LARRY CHARLES FARRIER___
**Defendant**

I, ___LARRY CHARLES FARRIER___ (Defendant), as principal,
and I (we), ___EDDIE EVANS, JR___
(Please print)

to pay the State of Alabama the sum of $ ___300___ and such costs as authorized by law unless the above-named defendant ___, as surety(ies), agree
appears before the district court of the county on ___7-6-05___ (date) at ___8.30___ A .M. (time) (if date and time
are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time
to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury
and from session to session thereafter until discharged by law to answer to the charge of ___NONE___, or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal
to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and
sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially
waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption
that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue
in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above
charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are
otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant *Larry Farrier* | | | (L.S.) |
|---|---|---|---|
| Address (print) 410 Mowa Dr | City Dothan | State AL | Zip 36301 |

| Signature of Surety/Agent of Professional Surety or Bail Company<br>X *Eddie Evans Jr.* (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) |
|---|---|
| Social Security Number 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   Telephone Number 702-9136 | Social Security Number    Telephone Number |
| Address (print) 915 S. Pontiac   City Dothan  State AL  Zip 36301 | Address (print)   City   State   Zip |

| Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) |
|---|---|
| Social Security Number   Telephone Number | Social Security Number   Telephone Number |
| Address (print)  City  State  Zip | Address (print)  City  State  Zip |

*Laman Glen*
Approved by: Judge/Magistrate/Sheriff

*P. Mele*
By: Deputy Sheriff

___5/19/05___
Date

### Defendant's Information

| Date of Birth 7/3/64 | Sex M | Height 60 | Weight 480 | Employer |
|---|---|---|---|---|
| Social Security Number 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 | Race B | Hair BLK | Eyes BRO | Employer's Address |
| Driver's License Number   State | | Telephone Number ( ) 671-9940   702-9136 | | Employer's Telephone Number |

| State of Alabama<br>Unified Judicial System | **CONSOLIDATED APPEARANCE BOND** | Case Number |
|---|---|---|
| Form CR-10    Rev. 8/98 | (District Court, Grand Jury, Circuit Court) | DC05-1833 |

IN THE ___DISTRICT___ COURT OF ___HOUSTON___, ALABAMA
*(Circuit or District)*                                    *(Name of County)*

STATE OF ALABAMA  v. ___LARRY CHARLES FARRIER___
                                            **Defendant**

I, ___LARRY CHARLES FARRIER___ (Defendant), as principal,
and I (we), ___EDDIE EVANS, JR___
                        *(Please print)*

___, as surety(ies), agree
to pay the State of Alabama the sum of $ ___300___ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on ___7-6-05___ (date) at ___8:30___ ___A___.M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of ___N UNI___
___, or any other charge as authorized by law.
We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.
It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.
Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant   X *Larry Charles Farrier* | | | (L.S.) |
|---|---|---|---|
| Address (print) 410 MOWA DR | City DOTHAN | State AL | Zip 36301 |

| Signature of Surety/Agent of Professional Surety or Bail Company   X *Eddie Evans Jr* (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
|---|---|
| Social Security Number 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      Telephone Number 702-9136 | Social Security Number          Telephone Number |
| Address (print) 415 S. PONTIAC   City DOTHAN   State AL   Zip 36301 | Address (print)   City   State   Zip |

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
|---|---|
| Social Security Number          Telephone Number | Social Security Number          Telephone Number |
| Address (print)   City   State   Zip | Address (print)   City   State   Zip |

*Lamar Glover*
Approved by: Judge/Magistrate/Sheriff

*P. McL*

___5/19/05___                    By: Deputy Sheriff
Date

| **Defendant's Information** | | | | |
|---|---|---|---|---|
| Date of Birth 7/3/64 | Sex M | Height 60" | Weight 480 | Employer |
| Social Security Number 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 | Race B | Hair Blk | Eyes Bro | Employer's Address |
| Driver's License Number   State | Telephone Number ( ) 671-9940 / 702-9136 | | | Employer's Telephone Number |

| State of Alabama<br>Unified Judicial System<br><br>Form CR-10    Rev. 8/98 | CONSOLIDATED APPEARANCE BOND<br>(District Court, Grand Jury, Circuit Court) | Case Number<br>DC05-1832 |
| --- | --- | --- |

IN THE ___District___ COURT OF ___Houston___, ALABAMA
(Circuit or District)                    (Name of County)

STATE OF ALABAMA  v.  ___Larry Charles Farrier___
                                    **Defendant**

I, ___Larry Charles Farrier___ (Defendant), as principal,
and I (we), ___Eddie Evans, Jr___
(Please print)

to pay the State of Alabama the sum of $ ___300___ and such costs as authorized by law unless the above-named defendant ___, as surety(ies), agree appears before the district court of the county on ___6-7-05___ (date) at ___8:30___ A.M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of ___Nunt___ , or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant<br>___Larry Charles Farrier___ | | | (L.S.) |
| --- | --- | --- | --- |
| Address (print)<br>410 Mowa Dr | City<br>Dothan | State<br>AL | Zip<br>36301 |

| Signature of Surety/Agent of Professional Surety or Bail Company<br>X ___Eddie Evans Jr___ (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) |
| --- | --- |
| Social Security Number<br>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 | Telephone Number<br>702-9136 | Social Security Number | Telephone Number |
| Address (print)<br>415 S. Pontiac | City<br>Dothan | State<br>AL | Zip<br>36301 | Address (print) | City | State | Zip |

| Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) |
| --- | --- |
| Social Security Number | Telephone Number | Social Security Number | Telephone Number |
| Address (print) | City | State | Zip | Address (print) | City | State | Zip |

___Lamar Glover___
Approved by: Judge/Magistrate/Sheriff

___P. Mill___
By: Deputy Sheriff

___5/19/05___
Date

| **Defendant's Information** | | | | |
| --- | --- | --- | --- | --- |
| Date of Birth<br>7/3/64 | Sex<br>M | Height<br>6'0" | Weight<br>180 | Employer |
| Social Security Number<br>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 | Race<br>B | Hair<br>Blk | Eyes<br>Bro | Employer's Address |
| Driver's License Number ___ State ___ | Telephone Number<br>( ) 671-9940 / 702-9136 | | | Employer's Telephone Number |

State of Alabama
Unified Judicial System

Form CR-10    Rev. 8/98

# CONSOLIDATED APPEARANCE BOND
(District Court, Grand Jury, Circuit Court)

Case Number

DC05-1831

IN THE ___DISTRICT___ COURT OF ___HOUSTON___, ALABAMA
(Circuit or District)                              (Name of County)

STATE OF ALABAMA  v.  ___LARRY CHARLES FRAZIER___
Defendant

I, ___LARRY CHARLES FRAZIER___ (Defendant), as principal,
and I (we), ___EDDIE EVANS, JR___
(Please print)

to pay the State of Alabama the sum of $ __300__ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on __7-6-05__ (date) at __8:30__ A.M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of __NUNI__ , or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant _Larry Charles Frazier_                                (L.S.)
Address (print) _910 MOWA DR_          City _DOTHAN_   State _AL_   Zip _36301_

Signature of Surety/Agent of Professional Surety or Bail Company
X _Eddie Evans Jr_                     (L.S.)
Social Security Number _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_   Telephone Number _702-9136_
Address (print) _915 S. PONTIAC_  City _DOTHAN_  State _AL_  Zip _36301_

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | |
|---|---|
| Social Security Number | Telephone Number |
| Address (print)   City   State   Zip | |

Signature of Surety/Agent of Professional Surety or Bail Company (L.S.)
Social Security Number          Telephone Number
Address (print)   City   State   Zip

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | |
|---|---|
| Social Security Number | Telephone Number |
| Address (print)   City   State   Zip | |

_Lamar Glover_
Approved by: Judge/Magistrate/Sheriff

_P. Mills_
By: Deputy Sheriff

Date _5/19/05_

## Defendant's Information

| Date of Birth _7/3/64_ | Sex _M_ | Height _6'0"_ | Weight _480_ | Employer |
|---|---|---|---|---|
| Social Security Number _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_ | Race _B_ | Hair _Blk_ | Eyes _Bro_ | Employer's Address |
| Driver's License Number   State   ( ) | | Telephone Number _671-9940_  _702-9136_ | | Employer's Telephone Number |

JAIL DOCKET CARD
INTAKE INFO
GRIEVANCES
DISCIPLINARY REPORTS
INCIDENT REPORTS
SANCTIONS

HOUSTON COUNTY JAIL
JAIL DOCKET CARD

0845

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 28248 | Farrier, | Larry | Charles | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| HCSD | 4/22/06 | | | | |

| RISK | STATUS | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|
| | County Inmat | | | | Miller | P. Pawley |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 7/3/64 | 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 | B | m | 6-0 | 425 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| NEG CH | NEG J48 | NEG CH | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|---|
| 415 S. Pontiac | 805-3592 | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Ella Evans | Same | | 702-9136 | Sister |

REMARKS: _____

| DID INMATE RECEIVE PHONE CALL? {X}Y { }N | DID INMATE RECEIVE JAIL RULES? {X}Y { }N |
|---|---|
| INMATE SIGNATURE  X Larry Farrier | INMATE SIGNATURE  X Larry Farrier |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-782-2928

| INMATE # | | | NAME | | | | |
|---|---|---|---|---|---|---|---|
| | | | PARRIER, LARRY CHARLES | | | | |
| CHARGE | Prob Rev-NWUNI | | WARRANT # | DC/FR- 04-2452 | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | A FTA ON 12-8-06 - Prob Revoked | | |
| | | 5-31-06 @ 0830 | | | Transcript will be issued upon Arrest | | |
| | | Rev-Mendheim | | | | | |
| | | | | | | | |

| CHARGE | Prob Rev-NWUNI | | WARRANT # | DC/FR- 04-2453 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHARGE | Prob Rev-NWUNI | | WARRANT # | DC/FR 04-2454 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHARGE | Prob Rev-NWUNI | | WARRANT # | 04-2455 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHARGE | Prob. Rev-NWUNI | | WARRANT # | 04-2456 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

INMATE# 28248   NAME FARRIER, LARRY CHARLES

| CHARGE Prob Rev- NWNI | | WARRANT# | DC/FA 04-2457 | INDICTMENT# | CC / CS / DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | 5-31-06 @ 0830 | | | AFTA on 12-8-05 - Prob Revoked | |
| | | Rev-Menshia | | | Transcript will be Issued upon Arrest | |
| | | | | | | |

| CHARGE Prob Rev- NWNI | | WARRANT# | DC/FA 04-2458 | INDICTMENT# | CC / CS / DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |

| CHARGE Prob Rev- NWNI | | WARRANT# | DC/FA 05-1831 | INDICTMENT# | CC / CS / DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |

| CHARGE Prob Rev-NWNI | | WARRANT# | DC/FA 05-1832 | INDICTMENT# | CC / CS / DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |

| CHARGE Prob Rev-NWNI | | WARRANT# | DC/FA 05-1833 | INDICTMENT# | CC / CS / DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |

#3

02/02/07

| INMATE# 28248 | NAME FARRIER LARRY CHARLES | | | | | |
|---|---|---|---|---|---|---|
| CHARGE Prob Rev - NWUNI | WARRANT# | DC/FA 05-1834 | INDICTMENT# | CC / CS / DR | CONVICTION | |
| BOND No Bond | 5-31-06 @0830 Rev - Mendhein | | A FTA 12-8-05 - Prob Revoked TRANSCRIPT will be issued upon arrest | | | |
| | | | | | | |
| | | | | | | |

| CHARGE Prob Rev - NWUNI | WARRANT# | DC/FA 05-1835 | INDICTMENT# | CC / CS / DR | CONVICTION | |
|---|---|---|---|---|---|---|
| BOND No Bond | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE From Person Contraband III | WARRANT# none | DC/TR 07-452 | INDICTMENT# | CC / CS / DR | CONVICTION | |
|---|---|---|---|---|---|---|
| BOND $300 00 | 3/05/07  8:30 Am Judge Steensland | | 02-21-07 Case is Dismissed per Judge Mendhein | | | |
| | | | | | | |

| CHARGE | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION | |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | CONVICTION | |
|---|---|---|---|---|---|---|
| BOND | | | | | | |
| | | | | | | |
| | | | | | | |

# HOUSTON COUNTY JAIL
## BOOKING CHECK OFF LIST

DATE: 2/20/06    TIME: _____

SENIOR CORRECTIONS OFFICER(S) DUTY: Kelsey Marsh

Inmate Name: Farrier, Larry C.    Inmate Number: 08248

**BOOKING OFFICER MUST INITIAL AFTER COMPLETING EACH ITEM AND SIGN IN THE PROPER SPACE.**

1. All personal property secured
2. Check in-house warrants
3. Check for last incarceration
4. Arrest report completed by arresting officer
5. All charges listed on arrest report and bonds listed for each charge
6. **Bond amount noted on warrant**
7. All inmate property tagged/placed in envelope
8. Property envelope completely filled out/signed by inmate
9. All money counted/logged in money book
10. Money envelope completed/supervisor counts
11. SCO calls control and logs money in SCO money book
12. SCO seals money/places in box
13. **Check for outstanding warrants    NCIC ___ Dothan**
14. Inmate numbers properly assigned
15. Inmate recorded in black book
16. Inmate recorded on white pages
17. **Docket I.D., floor card completed, and bond amount verified on docket card**
18. Fingerprint card completed
19. Medical screen completed
20. Affidavit of hardship completed
21. Green disposition form completed (FBI)
22. Property hold form (telephone call, bond applied)
23. Fingerprinted/photographed/entered in computer
24. Property card completed
25. Visitor/Telephone list completed
26. Inmate handbook received
27. **Bond completed/amount checked against warrant**
28. **Correct court date noted on bond**
29. **Inmate and surety signature on bond**
30. **All pass on information documented in pass book**

_____
**Signature of Booking Officer(s)**

Southeastern Printers of Dothan, 334-792-2928

HOUSTON COUNTY SHERIFFS OFFICE

INMATE INFORMATION SHEET                                  Page    1

| | |
|---|---|
| BOOKING NO:    060001506 | LOCAL ID:   28248 |

Name    : FARRIER LARRY CHARLES

Address: 415 S PONTIAC

City    : DOTHAN          State: AL  Zip: 36301



## Physical Description

| | | | |
|---|---|---|---|
| Race : | BLACK | Hair : | BLACK |
| Gender: | MALE | Eyes: | BROWN |
| Height: | 6 ' 00 " | Complexion: | DARK BROW |
| Weight: | 425 | DOB: 07/03/1964 | Age: 41 |

Scars/Tattoos:

## Personal Information

DL State : AL                  Home Phone:  334 805 3592

DL Number: 1481494             Work Phone:

     SSN:  420 88 5901

     SID:

## Booking Information

| | |
|---|---|
| Arrest Date: 04/22/2006 | Booking Officer: P MILLER |
| Arrest Dept : HCSD | Booking Date: 04/22/2006 |
| Arrest Offcr: PAULEY | Booking Time: 16:11 |
| Search Offcr: LANEY | Facility: 01 |
| Meal Code: 01 | Cell Assignment: N-1 |

## Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| PROB REV-NWNI | $00.00 | NO BOND | PENDING |
| PROB REV-NWNI | $00.00 | NO BOND | PENDING |
| PROB REV-NWNI | $00.00 | NO BOND | PENDING |
| PROB REV-NWNI | $00.00 | NO BOND | PENDING |
| PROB REV-NWNI | $00.00 | NO BOND | PENDING |
| PROB REV-NWNI | $00.00 | NO BOND | PENDING |

# HOUSTON COUNTY
# SHERIFF'S DEPARTMENT
# PROPERTY HOLD

| I/M NUMBER | LAST NAME | FIRST NAME | M.I. |
|---|---|---|---|
| 28248 / | FARRIER / | LARRY / | C |

| CASH | HOLD 1 | HOLD 2 |
|---|---|---|
| / | / | |

**OTHER ITEMS:**

_____

I, **DO NOT** GIVE MY PERMISSION FOR ALL MY INCOMING MAIL TO BE INSPECTED.  I UNDERSTAND THAT IF I DO NOT GIVE MY PERMISSION FOR MY MAIL TO BE INSPECTED, IT WILL BE RETURNED TO SENDER.

X _Larry Farrier_____  DATE 4/22/06

I,_____, MADE APPLICATION TO THE BONDING COMPANY OF MY CHOICE.

X_____  DATE_____

I,_____, RECEIVED FROM THE HOUSTON COUNTY SHERIFF DEPARTMENT ALL MY PROPERTY, AND MONEY UPON RELEASE.

X_____  DATE_____

I WAS ALLOWED TO MAKE A PHONE CALL.

X _Larry Farrier_____  DATE 4/22/06

I RECEIVED A COPY OF THE JAIL RULES AND REGULATIONS.

_Larry Farrier_____  DATE 4/22/06

WITNESS _P M_____  DATE 4/22/06

# INMATE GRIEVANCE FORM

DATE 05 - 17 - 07 , 2005       POD/CELL LOCATION: J. #2 E

INMATE NAME: Larry Farrior       INMATE NUMBER: 28248

NATURE OF GRIEVANCE OR INFORMATION: On May 16th officer Fitzgerald came to my Cell in J. pod and told me that I left some one at my lawsuit "I feel that he was out of his boundaries, And I Notified my attorney", and the County attorney I sent Commander head sgt Buchanan And Sgt Fitzgerald copys of the sign Sworn statements of the inmates and officer to the United States District Court, also"

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I want C/o Fitzgerald to leave me alone! And stay away from me! I am sending copys of this Grievance form to my attorney and the middle District of Alabama Courts" in montgomery Alabama!

OFFICER RESPONSE OR FINDING? 05-17-07 (m Farrier, this matter is being looked into and will be addressed cms

SGT. ON DUTY RESPONSE:

* * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 19 May 07

CORRECTIONS OFFICER SIGNATURE: Jungerson

INMATE SIGNATURE: Refused to sign

# INMATE GRIEVANCE FORM

DATE: 05 06 07    2005    POD/CELL LOCATION: J pod    Cell 2

INMATE NAME: LARRY FARRIOR    INMATE NUMBER: 28248

NATURE OF GRIEVANCE OR INFORMATION: By the time you get this grievance you probly will already have hard from my family and " attorney" wanting to know why Am I in the "capital pod "? the nurse typed to get me moved to M pod witch is the medical pod" but I guess this Jail is now Run by A Sgt And not the Commander," I would greatly like to spez with the Commander at his Convinence I would surely appreciate it " Thank you and may God Bless"

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I Wish to be moved out of this pod to the medical pod,"

OFFICER RESPONSE OR FINDING?

SGT. ON DUTY RESPONSE: What medical condition do you have? Cpl. Reed 5-7-07

* * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED:

CORRECTIONS OFFICER SIGNATURE:

INMATE SIGNATURE: Larry Farrior

INMATE NAME _Farrier, Larry_____

INMATE NUMBER _28248_____

INCIDENT NUMBER __07-280_____


INMATE WILL _____ WILL NOT _✓___ APPEAL

JAIL COMMANDER ACTION DATE _4-30-07___

APPROVED _Cmdr Keith W Reed_

DISAPPROVED _____

OTHER (SPECIFY) _____

_____

REASON IF MORE THAN 30-CALENDAR DAYS

DELAY IN ACTION _____

_____

I HEREBY CERTIFY THAT A COMPLETE COPY OF THE
FOREGOING DISCIPLINARY REPORT WAS

SERVED ON THE ABOVE NAMED INMATE ON THIS THE
_28_ DAY OF _April_____, 2007 AT (TIME)
_0155____ (HOURS).


_Sd. H. Ne_____
SERVING OFFICER SIGNATURE

_Larry Farrier 28248_
INMATE SIGNATURE & NUMBER

( 1 )

HOUSTON COUNTY JAIL
DISCIPLINARY REPORT

1. INMATE _Farrier   Larry   Charles_ CUSTODY _28248_ ASI/HCJ _HKJ_
      LAST      FIRST      MIDDLE

2. POD ASSIGNMENT _O_                    CELL LOCATION _4_

3. THE ABOVE NAMED INMATE IS BEING CHARGED BY: _C/o K. Fitzgerald_
WITH A VIOLATION OF RULE # _H_ SPECIFICALLY _"No inmate will_
_interfere with Sheriff Dept personnel nor disobey an order or instructions_
_given by Sheriff Dept personnel."_

WHICH OCCURRED ON/OR ABOUT _4/18_/2007, AT APPROXIMATELY _2205_ (HOURS).
A HEARING ON THIS CHARGE OR CHARGES WILL BE HELD 3-10 BUSINESS DAYS NOT TO
INCLUDE WEEKENDS AND HOLIDAYS. YOU WILL BE NOTIFIED 24 HOURS BEFORE YOUR
HEARING.

4. CIRCUMSTANCES OF THE VIOLATION(S) ARE AS FOLLOW _"I/m Farrier told 3 times_
_by me to move out of O Pod. I/m refused by Arguing and had to be_
_Tased._

5. _____
ARRESTING OFFICER SIGNATURE & RANK

6. HEARING DATE _4/28/07_ TIME _0155_ PLACE _SGT. OFFICE_

7. I HEREBY CERTIFY THAT I HAVE PERSONALLY SERVED A COPY OF THE FOREGOING
ON THE ABOVE NAMED INMATE ON THIS THE _19th_ DAY OF _April_, 2007,
AT _00:49_ (AM / PM).

8. _58333 Correction Officer_        _Larry Farrier_ _28248_
SERVING OFFICER SIGNATURE & RANK    INMATE'S SIGNATURE & AIS / HCJ NO.

WITNESSES DESIRED?   NO: _____
                         INMATE'S SIGNATURE        YES: _Larry Farrier_
                                                        INMATE'S SIGNATURE

IF YES, LIST NAMES: _Fredrich Duncan_   _Tobias_ _Dewayne Hayes_
_Cleveland Berry_

9. INMATE MUST BE PRESENT IN THE HEARING ROOM. IF HE IS NOT PRESENT EXPLAIN
IN DETAIL ON ADDITIONAL PAGE AND ATTACH.

10. A FINDING IS MADE THAT INMATE (IS) IS NOT) CAPABLE OF REPRESENTING
HIMSELF / HERSELF.

_Sgt. H. Ze_
SIGNATURE-HEARING OFFICER

11. PLEA: _____ NOT GUILTY   _✓_____ GUILTY

12. THE ARRESTING OFFICER, INMATE AND ALL WITNESSES WERE SWORN TO TELL THE
TRUTH.

_Sgt. H. Ze_
SIGNATURE-HEARING OFFICER

( 2 )

SYNOPSIS OF DISCIPLINARY HEARING

HEARING OFFICER _Sgt. Thomas March_____    CONVENED AT _4/28/07  0155_
                 NAME AND RANK                                    (DATE AND TIME)

The preceding is to hear evidence in the case involving inmate _Larry Farrier_____.
Inmate ___Farrier_____ has been identified and is currently assigned to the
Houston County Jail. The accused and arresting officer(s) were present before the hearing officer.
The hearing officer explained to inmate ___Farrier_____ that (he)/ she is being charged
with the violation(s) of Houston County Rules & Regulations # __11_____, specifically __No___
_Inmate will interfere with Sheriff Dept. personnel nor disobey an order or instruction_
_given by Sheriff Dept. personnel._____

which occurred on or about ___4/18_____, 2007, at __2205_____ (hours).
Inmate _Farrier_____ was advised that a hearing on the charges would be
held within 3-10 calendar days not including weekends and holidays from service of the
Disciplinary Report. The hearing officer explained that according to due process requirement,
(he)/ she (inmate) _Farrier_____, must be given at least 24-hours notice prior
to the hearing. The hearing officer also advised inmate ___Farrier_____ that
(he)/ she was given the opprotunity to have witnesses called on (his)/ her behalf (normally no more
than 3 witnesses with relevent testimony will be called to testify on behalf of inmate _____
_Farrier_____). The hearing officer asked inmate _Farrier_____
if (he)/ she understood the due process, also if (he)/ she understood the charge(s) against (him)/ her
d the reply was (Yes)/ No. The hearing officer asked inmate _Farrier_____ if
(he)/ she was of the opinion that the due process requirements have been complied with and
(he)/ she answered (Yes)/ No. The hearing officer made the determination that inmate _____
_Farrier_____ (is)/ is not capable of representing (himself)/ herself (hearing officer signs
disciplinary report). The hearing officer asked inmate ___Farrier_____ how
(he)/ she pleads to the charge(s), and (he)/ she stated, _____ Not Guilty ____✓_____ Guilty.
(hearing officer has inmate sign the appropriate space on the disciplinary report). Hearing officer
summons arresting officer, inmate and all witnesses into the hearing room and arresting officer's
testimony (at the hearing or a written statement).

_____
_____
_____
_____

WITNESS _Frederick Duncan_____    SUBSTANCE OF TESTIMONY _NONE_
_____

WITNESS _Dewayne Hayes_____    SUBSTANCE OF TESTIMONY _NONE_
_____

WITNESS _Cleveland Berry_____    SUBSTANCE OF TESTIMONY _NONE_
_____

INMATES TESTIMONY:

NO Testimony

*****************************************************************************************************************

The following witnesses were not called          Reason not called

Fredrick Duncan                                   No TESTIMONIES

Dewayne Hayes

Cleveland Berry

Inmate  LARRY FARRIER          was allowed submitting written questions to all
witnesses. Questions and answers are attached / none were submitted.

HEARING OFFICER SIGNATURE

( 4 )

After hearing all testimony, the hearing officer announced going into closed session. Everyone but the hearing officer was excused from the hearing room. After hearing all testimonies, the hearing officer makes the following findings of facts: (BE SPECIFIC)

I/m Farrier stated he refused the order, because he didn't want to move until he spoke to the Sgt. on duty

BASIS FOR FINDING OF FACTS:

I/m's admission of guilt by refusing to move

HEARING OFFICER'S DECISION:    GUILTY ✓    NOT GUILTY _____

MAJOR _____    MINOR _____

Recommendations for punishment or sanction: 10 Days times Served

will remain in J-Pod, until further notice

_____
HEARING OFFICER SIGNATURE

INMATE WISHES TO APPEAL: YES _____ NO ✓_____

HEARING ADJOURNED ON 4/28 , 2007 AT 0210 (HOURS).

I certify that I have reviewed the above synopsis and it has been determined a complete and accurate description of what transpired in the hearing room.

_____          4/28/07
SIGNATURE OF HEARING OFFICER    DATE

( 5 )

HOUSTON COUNTY JAIL
INCIDENT FORM

SHIFT: 2nd     DATE: 4/18/07   TIME: 2325   INCIDENT NUMBER 07-280

LOCATION WHERE INCIDENT OCCURRED:          TYPE OF INCIDENT:
O Pod                                      Non- Compliant

TIME INCIDENT REPORTED: 2204              WHO RECEIVED REPORT: Sgt Buchmann

VICTIM: _____                   NO. _____

SUSPECT(S)  A. Farrer, Larry              NO. 28248

            B. _____            NO. _____

            C. _____            NO. _____

            D. _____            NO. _____

PHYSICAL EVIDENCE / TYPE OF EVIDENCE:

DESRIPTION OF EVIDENCE:

CHAIN OF EVIDENCE:

A. _____

B. _____

C. _____

D. _____

E. _____

NARRATIVE SUMMARY:
Called to OPod. Told to Move I'm Farrer From OPod. I gave
3 or 4 opportunities for I'm to comply. I'm refused. Began disputing
my order. I tased I'm. C/O Amerson also tased I'm. We had to use
mild force to restrain & move I'm Farrer From O Pod

END OF REPORT SEE NEXT PAGE

_____                           4-18-07
CORRECTIONS OFFICER SIGNATURE              DATE

( 6 )

**NARRATIVE:**

At appnx 2140 I C/O Jamerson arrived in O'pod and informed inmate Farrier that he had to move to m pod. Inmate Farrier then asked me why, I informed him that I was informed to move him and that he had to move. He then stated he would like to talk the Sgt. I told him that the Sgt does not have to explain to him why he has to move so he still stated that he wanted to talk the Sgt and he is going to be put on lock down if he has to move. I informed C/o O'Ferrall to call the Sgt and let her know. I then asked inmate Farrier to get his stuff together and he stated he was not going to go anywhere until he talk to the Sgt. I then left O'pod and called the Sgt and she informed me that officer Fitzgerald was on his way to O'pod. ☒ Jam

At appnx 2205 Sgt Buchmann sent me to O'Pod to move 1/m Farrier I was told that if I/m Farrier refuses, that move him however needed. I gave 3 orders. All were refused. I then pulled my Taser and fired. one Probe entered at the chest level & 1 lower abdomen. C/o Jamerson followed with a 2nd shot. I/m was still non-compliant Probes did not make contact. We then approached. I/m I placed I/m in 1 cuff. I/m resisted I then used the applied cuff as leverage. I placed my hand on I/m Left shoulder and leaned him forward. Due to I/m size, several (3) pairs of cuffs were required. I/m was then fallen out of the pod. Sgt Marsh came and took photos & statements. I/m moved as requested. No injuries reported or noted.

**OFFICER SIGNATURE:**

**PAGE ____ OF ____**

# HOUSTON COUNTY JAIL
## STATEMENT FORM

Time: **2240**    Date: **4/18/07**    PLACE: **O-Pod**

I, **FRANCIS BERNHARD**, make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on **4/18/07**.

At approx 2140 C/O Jamerson and myself were dispatched to O-Pod for an I/M movement. I/M Ferrier was to be moved from O-Pod to M-Pod. C/O Jamerson attempted to move the I/M and Ferrier became non-compliant. Mr Jamerson tried several times to convince I/M Ferrier that it was in his best interest to comply and discuss it later. Ferrier said he wanted to talk to Sgt. Buchman and that this movement was totally unfair. This went on for several minutes. At approx 2200 C/O Fitzgerald arrived and ordered Ferrier to comply with the movement. He told Ferrier several time to pack his stuff. From about four feet away C/O Fitzgerald drew his taser. Red lights illuminated Ferrier and he again asked Ferrier to comply. Still not responding to the order C/O Fitzgerald fired the taser. This had no effect and C/O Jamerson fired this taser and this too had no effect also. C/O Fitzgerald than had to physically restrain Ferrier. Ferrier was screaming he was being hurt and his wrist was being broken. A second set of hand cuffs were applied. My responsebility during this episode was to ensure the other inmates stayed clear of the area. ——— EOS

Francis Bernhard                    4/18/07
Officer Signature                   Date

# HOUSTON COUNTY JAIL
## STATEMENT FORM

Time: 2249    Date: 4/18/2007    PLACE: O-Pod

I, M. O'Ferrall , make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on 4/18/2007 .

In an attempt to move I/m Farrier, Larry to another Pod, I/m refused to move. Myself, % Bernhard, and % Jamerson were present. % Jamerson told me to go call Sgt. Buchman and find out if she would come talk to I/m Farrier. Her response was "No". She sent % Fitzgerald down with 2 tazers, one for his own use, and one for Mr. Jamerson's use. Mr. Fitzgerald then entered O-Pod followed by % Jamerson, % Bernhard, and Myself. Fitzgerald gave I/m Farrier 3 opportunities to comply with the instruction to start packing to move. After three times, % Fitzgerald shot Farrier with the tazer, and % Jamerson followed suit. I/m Farrier continued standing and still refused to comply. At this point % Fitzgerald took out his cuffs and cuffed Farrier's left wrist, but could not reach his right wrist behind his back. I had to come to MNO's control booth for another pair of restraints. The second pair was not enough so % Fitzgerald told me to get another pair. I ran to central Control for 2 more pairs of restraints. Upon my return, they had I/m Farrier in wrist restrains, in the front of him and he now seemed compliant, once he was escorted from the Pod.

M O'Ferrall
Officer Signature

4/18/07
Date

INMATE NAME: _Farrer, Larry_

DATE SERVED: _4/19/07_

DISCIPLINARY CHECK LIST FOR SERVING OFFICER

SERVING OFFICER     1. Initial each step when completed.
2. Read the portion that is in capital letters to the inmate. (see starred areas***).
3. Sign the bottom to show all steps are complete.

Check to insure that the Disciplinary Report is filled out completely.

Make a copy and place carbon paper between the two.

Identify the inmate.

Read steps one (1) through five (5) ALOUD to the inmate.

*** YOU HAVE THE RIGHT TO A HEARING IN NOT LESS THAN 24 HOURS AND NO MORE THAN 3 TO 10 BUSINESS DAYS, EXCLUDING WEEKENDS AND HOLIDAYS.

*** YOU HAVE THE RIGHT TO BE PRESENT AT THE HEARING.

*** YOU HAVE THE RIGHT TO CALL THREE (3) WITNESSES.

*** YOU HAVE THE RIGHT TO SUBMIT WRITTEN QUESTIONS OF THE WITNESSES AND THE ARRESTING OFFICER AT THE HEARING. ALL QUESTIONS MUST BE WRITTEN AND PRESENTED AT THE TIME OF THE HEARING.

*** DO YOU HAVE ANY WITNESSES YOU WOULD LIKE TO CALL?

_✓_ YES    _____ NO

Fill in the date and time served on the inmate (#7 on the disciplinary report).

List names of any witnesses desired (#8 on the disciplinary report).

SIGN AS SERVING OFFICER

Have the inmate sign, as receiving a copy.

*** SIGNING THIS FORM IS NOT AN ADMISSION OF GUILT, IT ONLY CERTIFIES THAT YOU WERE GIVEN A COPY.

************** IF INMATE REFUSES TO SIGN, WRITE "REFUSED TO SIGN", AND SIGN YOUR NAME. LEAVE THE INMATE THE COPY.

_38533_                          _04/19/07_
SIGNATURE OF SERVING OFFICER      DATE SERVED ON INMATE

( 8 )

# INMATE GRIEVANCE FORM

DATE: 4-23-07 _____, 2005   POD/CELL LOCATION: J-4

INMATE NAME: Larry Farrier   INMATE NUMBER: 28248

NATURE OF GRIEVANCE OR INFORMATION: Officer Fitzgerald Tazed me for no apparent reason and I intend to see something done about it. On 4/18/07 I was told ~~_____~~ Sgt. Buchman, wanted me to moved from O-pod. I asked to speak with Sgt. Buchman, at that time Office Fitzgerald enter the block with his tazer drawn and told me to pack my stuff I was moving to M-Pod. I asked if I could see the Sgt. At that time he shot me with the tazer and told officer Jamerson to shoot me also. and he did.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I want officer Fitzgerald suspended without Pay until a thorough investigation of this incident is complete. By questioning the officers and the inmate that were presents

OFFICER RESPONSE OR FINDING?

SGT. ON DUTY RESPONSE: 04-24-07 I/M Farrier - C/o Fitzgerald did not force you. He was told by me to move you to M-pod. You are to obey orders or instructions from officers. His presence would not have changed that. You do not set the terms of obeying. Every inmate that has been locked down for any reason particularly contraband, has been removed from trustee. Sgt Buchman

* * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 4-24-07

CORRECTIONS OFFICER SIGNATURE: S. Moon

INMATE SIGNATURE:

# COPY

## HOUSTON COUNTY JAIL
## INCIDENT/OFFENSE REPORT

| Investigating Officer: K Fitzgerald / G. Jamison | Report No. 07-05 |
|---|---|
| Offense/Incident: Non-Compliant inmate | Page No.    of |
| Place of Occurrence: O Pod | Date/Time of Occurrence: 04 / 18 / 07 at 2203 hours |

### Involved Inmates:

| | Inmate # / Cell Assignment: |
|---|---|
| Offender 1: FARRIER, LARRY | 28248   J - 12 |
| Offender 2: | Inmate # / Cell Assignment: |
| Offender 3: | Inmate # / Cell Assignment: |
| Victim 1: | Inmate # / Cell Assignment: |
| Victim 2: | Inmate # / Cell Assignment: |
| Involved Officers: C/s K. Fitzgerald | Rank / Assignment: |
| C/o G. Jamison | Rank / Assignment: |
| C/o F. Burnhard | Rank / Assignment: |
| Witnesses: | Inmate # / Cell Assignment: |
| | Inmate # / Cell Assignment: |

Evidence: Marked, Tagged, Sealed _____ YES _____ NO

Nature of Evidence: _____ Turned Over to:_____

Disposition: _____ Evidence: _____ Destroyed: _____ Turned In To S.O.

| Inv. Officer's Signature: | Approved By: | Disposition: |
|---|---|---|
| | | |

**NARRATIVE:**

At apprx 2140 I C/O Jamerson arrived in O pod and informed inmate Farrier that he had to move to m pod, Inmate Farrier then asked me why, I informed him that I was informed to move him and that he had to move. He then stated he would like to talk the Sgt, I told him that the Sgt does not have to explain to him why he has to move so he still stated that he wanted to talk the Sgt and he is going to be put on Lock down if he has to move. I informed C/o O'Ferrall to call the Sgt and let her know. I then asked inmate Farrier to get his stuff together and he stated he was not going to go anywhere until he talk to the Sgt. I then left O'pod and called the Sgt and she informed me that officer Fitzgerald was on his way to O pod.

At apprx 2205 Sgt Buchmann sent me to O pod to move I/m Farrier I was told that if I/m Farrier refuses, then move him however needed. I gave 3 orders. All were refused. I then pulled my Taser and fired. one Probe entered at the chest level & 1 lower abdomen. C/o Jamerson followed with a 2nd shot, I/m was still non-compliant probes did not make contact. We then approached. I/m I placed I/m in 1 cuff. I/m resisted I then used the applied cuff as leverage. I placed my hand on I/m left shoulder and leaned him forward. Due to I/m size, several (3) pairs of Cuffs were required. I/m was then taken out of the pod. Sgt marsh came and took photos & statements. I/m moved as required N/o injuries reported or noted.

**OFFICER SIGNATURE:**

**PAGE** ____ **OF** ____

## *SUPERVISORY TASER USE REPORT*

Date/Time: **4/18/07  2205**    TASER Officer's Name: **K Fitzgerald / G. Jamison**

E-Mail: _____    Department: **HCJ**

Dept. Address: _____    Phone: (334)_____

On Scene Supervisor: _____    Officer(s) Involved: _____

TASER Model (check one): **✓** TASER X26 ____ ADVANCED TASER M26
If an ADVANCED TASER M26 Was Used, What Battery Type: ____ Alkaline ____ NiMH

Air Cartridge Type(s): **✓** 21-ft Standard ____ 21-ft XP ____ 15-ft

TASER Serial #: **X00-098969 / X00-098945**    Medical Facility: _____    Doctor: _____

Nature of the Call or Incident: **Non-Compliant inmate**  Charges: _____  Booked Y / N

Type of Subject: **✓** Human ____ Animal

Location of Incident: ( ) Indoor ( ) Outdoor (**✓**) Jail ( ) Hospital

Type of Force Used (Check all that apply): (**✓**) Physical ( ) Baton ( ) Impact Munition ( ) Chemical ( ) Firearm

Nature of the injuries and Medical Treatment Required: **Nov**_____

Admitted to hospital for Injuries Y / **N**    Admitted to Hospital for Psychiartic Y / **N**

Medical Exam: Y / **N**    Suspect Under the Influence: Alcohol / Drugs (specify): **NV**_____

Was an Officer/Law Enforcement employee injured other than by TASER? Y / **N**

Incident Type (circle appropriate response(s) below):

Civil Disturbance    Suicidal    Suicide by Cop    Violent Suspect    Barricaded    Warrant    (**Other**)

Age: **42**  Sex: **M**  Height: **6' 0**  Race: **B**  Weight: **425**

TASER use: (circle one) Success (**Failure**)    Suspect wearing heavy or loose clothes: Y / **N**

Number of Air Cartridges Fired: **2**    Number of cycles applied: **4**

Usage (check one): ( ) Arc Display Only ( ) Laser Display Only (**✓**) TASER Application

TASER: Is this a dart probe contact? Y / **N**    Is this a drive stun contact? Y / **N**

Approximate target distance at the time of the dart launch: **4**_____ feet

Distance between the two probes: **5** inches  Need for additional shot? (**Y**) N

Did dart contacts penetrate the subject's skin? Y (**N**)    Probes removed on scene: (**Y**) N

Did TASER application cause injury: Y / (**N**)    If yes, was the subject treated for the injury: Y (**N**)

DESCRIPTION OF INJURY:
_____

## APPLICATION AREAS
(Place "X's" where probes hit suspect AND "O's" where stunned)



SYNOPSIS: _Inmate non-compliant & disruptive when told to move. Directed by Sgt to move inmate however necessary._

Need for additional applications? (Y)/ N        Did the device respond satisfactory? Y /(N)

If the TASER deployment was unsuccessful was a DRIVE STUN follow up used? Y /(N)

Describe the subject's demeanor after the device was used or displayed?
_Verbal, physically Non-Compliant, Argumentative_

Chemical Spray: Y /(N)        Baton or Blunt Instrument: Y /(N)

Authorized control holds:(Y)/ N   If yes, what types: _Handcuff / Arm Control_

Describe the other means attempted to control the subject: _Verbal directives_

Photographs taken:(Y)/ N        Report Completed by: _C. Hall / G. Damerson_

' ADDITIONAL INFORMATION

1. Save this file on your hard drive and for your department archives.
2. Submit this report to the national TASER technology incident database.
3. This information will be submitted to the LACP and NTOA to track use of force. Results of uses are reviewed by TASER Int'l to adjust training issues and concerns as well.
4. If you cannot email, please fax a copy of this report to: (480) 991-0791 Attn: Shawn Spencer (Ph: 800-978-2737 ext. 2077).

HOUSTON COUNTY JAIL
ASSAILANT CONTROL REPORT

| Incident Report # | | | Page 2 | of | |
|---|---|---|---|---|---|
| Location: O Pod | | | | | |
| Type Offense: Non Compliant Argumentative inmate | | | | | |
| Assailant(s) Name | | Race | Sex | | DOB |
| Farner, Larry | | B | M | | 7/3/64 |
| | | | | | |
| | | | | | |
| Corrections Officer(s) Name: | | | | Shift | |
| C/o K. Fitzgerald | | | | 2nd | |
| C/o G. Jackson | | | | | |
| C/o F. Bernhard | | | | | |

| Assailant Level Of Resistance (check all that apply) | | | | Level of Control Compliance (Mechanical Compliance) | | |
|---|---|---|---|---|---|---|
| ✓ | Not Armed | | | Assailant taken to ground | | |
| | Armed with: | | | Assailant hobbled | | |
| | Other: | | | Restraints used: | | |
| | Hands | Legs | ✓ | Other: Taser Application | | |
| Grabbed C/O's Equipment | | Y | Ⓝ | Assailant Struck C/O | Y | Ⓝ |
| | | | | Head __ Face __ Chest __ Legs | | |
| | | | | Back __ Arms | | |

| Injuries (check all that apply) | | | | Mechanical Control Countermeasures | |
|---|---|---|---|---|---|
| C/O | | Assailant | | Chemical Agent | |
| ✓ | No visible injuries | | | Baton | |
| | Minor scrapes/bruises | | ✓ | Taser | |
| | Hospitalized | | | Other | |

Medical Comments:

Additional Comments:

| Photographs (check all that apply) | C/O | ✓ Assailant | |
|---|---|---|---|
| Corrections Officer: (C. Fitzgerald) | Date: 4/18/07 | Shift: 2nd | |

OVER

| Date: 04-18-07 | Page | of | Incident Report # |
|---|---|---|---|

**Details of Supervisory Investigation:**

After talking to all officers that were involved and reading their statements, it is the opinion of Sgt Bruckman that tasing this inmate was justified. This inmate was insubordinate, failed to comply with orders and in so doing became a threat to the security of the jail

Supervisor: _Sgt Cindy Bruckman_

Lt./Jail Commander: _Lieut J. Rich_

# HOUSTON COUNTY JAIL
## STATEMENT FORM

Time: 2249    Date: 4/18/2007    PLACE: O-Pod

I, M. O'Ferrall, make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on 4/18/2007.

In an attempt to move I/m Farrier, Larry to another Pod, I/m refused to move. Myself, C/O Bernhard, and C/O Jamerson were present. C/O Jamerson told me to go call Sgt. Buchman and find out if she would come talk to I/m Farrier. Her response was "No". She sent C/O Fitzgerald down with 2 tazers, one for his own use, and one for Mr. Jamerson's use. Mr. Fitzgerald then entered O-Pod followed by C/O Jamerson, C/O Bernhard, and Myself. Fitzgerald gave I/m Farrier 3 opportunities to comply with the instruction to start packing to ~~move~~. After three times, C/O ~~Farrier~~ Fitzgerald shot Farrier with the tazer, and C/O Jamerson followed suit. I/m Farrier continued standing and still refused to comply. At this point C/O Fitzgerald took out his cuffs and cuffed Farrier's left wrist, but could not reach his right wrist behind his back. I had to come to MNO's control booth for another pair of restraints. The second pair was not enough so C/O Fitzgerald told me to get another pair. I ran to central control for 2 more pairs of restraints. Upon my return, they had I/m Farrier in wrist restraints, in the front of him and he now seemed compliant, once he was escorted from the Pod.

4/18/07

# HOUSTON COUNTY JAIL
## STATEMENT FORM

Time: 2240    Date: 4/18/07    PLACE: O-Pod

I, FRANCIS BERNHARD, make the following true and correct statement pertaining to an Incident/Offense which occurred at the Houston County Jail on 4/18/07.

At approx 2140 C/O Jamerson and myself were dispatched to O-Pod for an I/M Movement. I/M Ferrier was to be moved from O-Pod to M-Pod. C/O Jamerson attempted to move the I/M and Ferrier became non-compliant. Mr Jamerson tried several times to convince I/M Ferrier that it was in his best interest to comply and discuss it later. Ferrier said he wanted to talk to Sgt. Buchman and that this movement was totally unfair. This went on for several minutes. At approx 2200 C/O Fitzgerald arrived and ordered Ferrier to comply with the movement. He told Ferrier several time to pack his stuff. From about four feet away C/O Fitzgerald drew his taser. Red lights illuminated Ferrier and he again asked Ferrier to comply. Still not responding to the order C/O Fitzgerald fired the taser. This had no effect and C/O Jamerson fired this taser and this too had no effect also. C/O Fitzgerald than had to physically restrain Ferrier. Ferrier was screaming he was being hurt and his wrist was being broken. A second set of hand cuff were applied. My responsebility during this episode was to ensure the other inmates stayed clear of the area.    EOS

4/18/07



# HOUSTON COUNTY JAIL
## LOCKDOWN INVENTORY LIST

The following items were removed from inmate _LARRY FARRIER_ .

Inmate number _28248_          POD LOCATION _O to J4 to J2_

ITEMS: _PERSONAL MAIL, RADIO, LOTION, SNEAKERS  3PENS_
_DEORDERANT, LAUNDRY BAG, 8 Socks, 3 Boxers, 1 tee_
_shirt, 1 towel_

_1 plastic bag_

INMATE SIGNATURE: _Larry FARRIER_

TAKEN BY: _C/o Moore_

DATE: _4/18/07_

*********************************************************************

INMATE SIGNATURE: _Larry Turner_

RETURNED BY: _C/o Dykes_

DATE: _4/28/07_

DATE APPEAL SENT: _2/14/07_

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: _Larry Farrier_                    HCJ#: _28248_        POD: _I_

Date filing appeal: _2-14-07_

On, _2-13-07_, 2007, an Inmate Sanction/Restriction was written by Officer _Roberts_

Charging inmate _Farrier_, with a violation of Houston County Jail Inmate Rules and Regulations

# "9" For having Blankets" I didn't have A blanket in the cell " it was two blankets inside that Cell And nether one of those was Larry Farrier! And the man said

The circumstances of the violations are: _that he was going to get it Right! because these 14 days I'm already doing has given me the blues."_

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: _14 more days" I'm suppose to get off tomorrow night" Sgt I'm Not guilty!_

I wish to appeal the decision because: _nither Blanket was mine I had no Contraband" in the cell! Now my cellmate DARREN martin" they were his blankets' and he's going to tell Who Ever" that I didn't have A Blanket in this cell! Thank you!_

*********DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY*********

On the _15_ day of _February_, 2007, an appeal of the Sanction/Restriction taken against inmate _Larry Farrier_ was reviewed by _Commander M. Carty_, and the following action was taken:

APPEAL APPROVED    APPEAL DISAPPROVED    OTHER ACTION TAKEN:

_Sanction dismissed_

Basis for approval/disapproval of appeal: _I/M Farrier advised he had no blanket and his cellmate Darren Martin advised both The blankets in the cell were his._

*****************************************************************************

hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the _15_

ay of _FEB_, 2007.

#3

# Inmate Sanction/Restriction Documentation

Inmate Name: **Farrier Larry**    Date: **2-13-07**    Inmate Number: **28248**

Pod Location: **I-5**    Pod/Cell Inmate moved to (If applicable): _____

Type of Restriction/Sanction:

Date to Begin  /  Date to End

| | | |
|---|---|---|
| ___ Wks ◯ | Suspension of Commissary Privileges | _____ / _____ |
| ___ Wks ◯ | Loss of Visitation Privileges | _____ / _____ |
| ___ Days ◯ | Segregation to Cell | _____ / _____ |
| ✗ | 14 Days <br> ~~Minimum 72 Hours~~ Cell Restriction | 02/16/07 / 03/02/07 |
| ◯ | OTHER *Continue lockdown time* | |

Note: The Sgt./ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt within 24 hour. If appeal form is not received with in the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| | Sgt. Maul  2/14/07 |

While doing a dayroom check, the above named inmate is on lockdown and was found to have their blanket inside of their cell. The blanket was removed from the cell and the bean hole was closed back.

2 blankets were removed from cell

Violation of Rule #9—No inmate will possess or attempt to possess contraband either on his/her person, cell, or ___der his/her control to include testing positive for drugs or alcohol.

Signature of Sgt./ASCO

Sgt. Oliver

Revised 08/2006 <br> W.B. McCarty <br> Jail Commander <br> Lt. K. Rocco <br> Jail Administrator

*Sgt. Briksey*

DATE APPEAL SENT: _02-05-07_

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: _Larry Farrier_          HCJ#: _28 248_      POD: _1_

Date filing appeal: _2-5-07_

On, _2-4-07_, 2007, an Inmate Sanction/Restriction was written by Officer _Jackson_

Charging inmate _Larrie Farrier_ with a violation of Houston County Jail Inmate Rules and Regulations

# _9 Possession of contraband, I weigh 500 lbs and have serious medical Problems, just 2 wks ago I had to go to the hospital because_

The circumstances of the violations are: _I busted veins in my legs by just walking down the road picking up paper. While im in O-Pod I have a_

The sanction found me to be (guilty)/not guilty of a major/(minor) offense. Punishment was set at: _2 wks visit 2 wks commissary   7 days 4 just my 2nd sance too much_

I wish to appeal the decision because: _profile for 2 mats because one is insufficient my back be killing me and I can't breathe, im schedule to talk to the nurse about this problem today. the mat is a brought from medical and 7 days L/D is to much for my second offense, I can't lay on this steal all_

*********DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY*********

On the _6_ day of _February_, 2007, an appeal of the Sanction/Restriction taken against inmate

_Larry Farrier_ was reviewed by _Commander McCarty_, and the following action was taken:

APPEAL APPROVED    APPEAL DISAPPROVED    OTHER ACTION TAKEN: _Sanction Dismissed I/M authorized to leave extra mat by Medical-_

Basis for approval/disapproval of appeal: _____

_____

_____

*****************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the _6_

day of _FEB_, 2007.

_Sgt Foster_          INMATE SERVED COPY YES

#2  *Sanction Dismissed*

# Inmate Sanction/Restriction Documentation

Inmate Name: _Farrie, Larry_ Date: _3-4-07_ Inmate Number: _2828_

Pod Location: _I_    Pod/Cell Inmate moved to (If applicable): _____

Type of Restriction/Sanction:                    Date to Begin  /  Date to End

| | | | |
|---|---|---|---|
| _2_ Wks | ☒ | Suspension of Commissary Privileges | 03/05/07 / 03/16/07 |
| _2_ Wks | ☒ | Loss of Visitation Privileges | 03/3-4/07 / 03/10-11/07 |
| ____ Days | ○ | Segregation to Cell | _____ / _____ |
| | ○ | Minimum 72 Hours Cell Restriction | _____ / _____ |
| | ☒ | OTHER _Continued Lockdown 7 Days 02/16/07 thru 02/22/07_ | |

Note: The Sgt./ASCO must be notified immediately of any Sanction/Restriction applied to inmates and 1st countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt within 24 hour. If appeal form is not received with in the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| _2 Jocko_ | _Sgt. Mal 2/5/07_ |

Approx 1300 I/m Farrie, Larry, is already on Lockdown. I/m had in his possession a green sponge mop ~~blanket~~. He is in violation of rule #9. NO I/m will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol

Signature of Sgt./ASCO
_Sgt Ullner_

Revised 08/2006
W.B. McCarty
Jail Commander
Lt. K. Rocco
Jail Administrator

#1

# Inmate Sanction/Restriction Documentation

Inmate Name: FARRIER, LARRY    Date: 2-2-07    Inmate Number: 28248

Pod Location: O-POD    Pod/Cell Inmate moved to (If applicable): I

Type of Restriction/Sanction:    Date to Begin  /  Date to End

| | | | |
|---|---|---|---|
| 2 Wks ⊗ | Suspension of Commissary Privileges | 02/19/07 | 03/02/07 |
| 2 Wks ⊗ | Loss of Visitation Privileges | 02/17-18/07 | 02/24-25/07 |
| ___ Days ○ | Segregation to Cell | | |
| ○ | ~~Minimum 72 Hours Cell Restriction~~ | 02/02/07 | 02/16/07 |
| ⊗ | OTHER  14 days lockdown | | |

..e: The Sgt./ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt within 24 hour. If appeal form is not received with in the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Richardson | Sgt. Marsh 2/2/07 |

AT APPROX 1640 HR. While conducting A SEARCH IN O-POD, Inmate FARRIER WAS FOUND TO HAVE (1) lighter (2) laundry bags, (4) towels, (2) empty 2qt. bottles, (2) pieces of Sanopaper, (6) Retractable pens 4-BLACK-2 RED, (1) pr METAL TWEESERS, (1) SMALL PAINT BRUSH, (1) LOTION BOTTLE w/ RUBBING ALCOHOL, (1) GREEN SCRUB PAD, + (1) small bag of loose tobacco. Inmate is IN VIOLATION OF RULE #9.

E. O. S.

Violation of Rule #9—No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

Signature of Sgt./ASCO

Revised 08/2006
W.B. McCarty
Jail Commander
Lt. K. Rocco
Jail Administrator



FaRRieR

DATE APPEAL SENT: _02/02/07_

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME: _LARRY FARRIER_          HCJ#: _23243_    POD: _I pod_

Date filing appeal: _02/03/07_

On, _02  02  -07_ , 2007, an Inmate Sanction/Restriction was written by Officer_Richardson_

Charging inmate _FARRIER_ , with a violation of Houston County Jail Inmate Rules and Regulations

# _9_

The circumstances of the violations are: _not true" office Richardson is lying_
_I had Rubbing Alcohol for my leg's" there were not any tobacco_
_In my Bin !_

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: _____

I _wish_ to appeal the decision because: _a lot of this is untrue" And untrue" office_
_Richardson stated  He took a picture of my Bin" I Would_
_Live to see it"/ get ___ on them"_

********__DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY__********

On the _5_ day of _February_ , 2007, an appeal of the Sanction/Restriction taken against inmate

_Larry Farrier_ was reviewed by_____, and the following action was taken:

APPEAL APPROVED    APPEAL DISAPPROVED    OTHER ACTION TAKEN: _____

_Mr Farrier, This facility is a non-tobacco facility - You_
_were in possession of Tobacco and a lighter -_

Basis for approval/disapproval of appeal: _Violation of rule #9 _,
_Mr Farrier - if you are in possession of it" Then you were_
_charged with being in possession of what you're in possession of_
_You were caught with them" clearly the laws_

*********************************************************************

I _here_ by certify that a complete copy of the foregoing appeal was served on the above named inmate on the _6_

_day_ of _February_ , 2007.

_Sgt Marks_                    INMATE SERVED COPY-YES

if officer Richardson have some

I surely would love to know" because there would

No! tobacco in my Box", I Am very sure" jit I

Know there's No Justice Here! And I had Respect

for Richardson.

Inmate Number _____

HOUSTON COUNTY SHERIFF'S DEPARTMENT
ANDY HUGHES, SHERIFF

VISITATION LIST

Last Name _Farrier_                    First Name _Larry_

Pod Location _A pod_                    Date _____

VISITORS

| Kristina Lane | Rosetta Lane | Sophia Williams | Jacqueline Calvar |
| Mark Evans | Ray Lane | Kimmey Wilbury | Brook Tina Brooks |

| Only officers are to view or write on visitation registration below! | | | |
|---|---|---|---|
| Date/Time | Visitor's Name | Address | ID# |
| 2-3-07 | No Visit on Lockdown | | |
| 2-10-07 | No Visit | | |
| 02-17/11-07 | | No Visit | |
| 02-17/18-07 | | | |
| 02-24/25-07 | | | |
| | | | |
| | | | |
| | | | |

NOTE TO ALL INMATES:
This is a permanent visitation list. New lists will be issued every three (3) months.
**Names will not be added or deleted from this list.**
You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule.
Every visitor must have a valid ID in order to visit.
Anyone over the age of sixteen (16) must have valid picture ID in order to visit.
Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature X_____                    Date _____

C/O Signature _Tracy Walker_                    Date _01/18/07_

# INMATE GRIEVANCE FORM

DATE: _Oct 19th_ ~~2005~~     POD/CELL LOCATION: _Cell Apod_

INMATE NAME: _LARRY FARRIER_     INMATE NUMBER: _28248_

NATURE OF GRIEVANCE OR INFORMATION: _Trustee's Lunch! peanut butter sandwich's_
_Bolongay sandwich's do Not get the Job done! at least put something_
_on the Sandwich! It's the same thing Everyday since I've been_
_on Read and bright for over A month! it's pitiful I truly pray that_
_this helps_

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? _Change up Sometime! Hot meal_
_Sometimes._

OFFICER RESPONSE OR FINDING? _____

SGT. ON DUTY RESPONSE: _I/M Farrier - I appreciate all you guys do. I checked_
_with the kitchen and the food meets state/federal guidelines. 10/20/06_
_Lt Reves_

* * * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: _20 Oct 06_

CORRECTIONS OFFICER SIGNATURE: _Tomeson_

INMATE SIGNATURE: _X Refused To Sign_

# INMATE GRIEVANCE FORM

DATE: _Oct 11 2006_    ~~2005~~    POD/CELL LOCATION: _C pod 3 bottom_

INMATE NAME: _LARRY FARRIER_    INMATE NUMBER: _28848_

NATURE OF GRIEVANCE OR INFORMATION: _Commander McCarty" on Sept 29th Sgt Hirksey And Ms Edelstein went into al-1 my B-11 I was Wrote up For having a Extra blanket," ▓▓▓▓ and had two weeks of my visitation taken Away" but the Nurse days me to have the the blanket and the mats because of my sleep disorder! okay I showed the sanction to Lt Brue," she say the original copy Say that I was written up For having a Extra mat" So I guess that I changed this sanction that I got" How is that possible? I_

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? _Already have missed seeing my Daughter And Wife on oct 1" Now commander Right is Right And Wrong is Wrong" there is No way that I can change ▓▓ the word mat to blanket" I would Greatly Appreciate it if I could see you to get my Vis.return this Saturday" oct 14th because this is not Right! SIR!" I do not Cause any problems in your Jail, And Lt Brue Know that their No way that I can change that Sanction," commander I pray to God that you see the wrong" Even other officer's is saying thats not Right But they got A Job that they want to keep" Please SIR see me before saturday_

OFFICER RESPONSE OR FINDING? _So I can show you this problem First think"_
_Thank you And God Bless you!_

SGT. ON DUTY RESPONSE: _I/M Farrier I won't let you play me against the Lt or the staff. If the Lt. Made the decision I'm sure she made it based on Sound Judgement - I will Not interfere in the of The Sanction. The Appeal of the Sanction was due within 24 hours and to interfere now would Not be right-_
_Commander McCarty_
_10/12/06_

* * * * * * * * * * * **DO NOT SIGN UNTIL YOU HAVE READ RESPONSE** * * * * * * * * * * *

DATE GRIEVANCE RETURNED: _10-12-06_

CORRECTIONS OFFICER SIGNATURE: _Stepper_

INMATE SIGNATURE: _It's Not at all Right!_

# INMATE GRIEVANCE FORM

DATE: _Oct 1 2006_ ~~2005~~    POD/CELL LOCATION: _U pod Cell #1_

INMATE NAME: _Larry Finklea_    INMATE NUMBER: _28248_

NATURE OF GRIEVANCE OR INFORMATION: _Lt Rocco I was written a sanction For Having a "Extra Blanket" I also ▓▓▓▓ am given two blankets and two mats "because of my skin disorder" now I am looking at losing my Visitation For two weeks Because of Nothing I did wrong" now Lt Rocco "I've been in your Jail since Apri 22" the only write up I have been For over sleeping ~~write~~ under my Covers" Right is Right and Wrong is wrong, now So Please Stay in the ▓▓▓ middle station the day nurse she cleans and gives me the Extra mat and Blanket" So how can that Be Confiscated?_

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? _I want this sanction to Fall because im losing my Visitation" I am Putting forward to seeing my wife and Daughter the weekend of Oct 9th I believe if my Dates are for Lt Rocco Sanction begun about me not sleeping with my Cozy's medicine "because I am a County property" so the County suppose to take care of my Health, problems I could Die if my heat is to low "Inshi esh the nurse gave me two mats and two blankets" my family will be in touch ▓▓▓ with you real soon" thank you" Mr Finklea" oh Lt Rocco "I've ocoo seen or see you for 8 months" would you please talk to me for 5 minutes Please"_

OFFICER RESPONSE OR FINDING? _____

_____

SGT. ON DUTY RESPONSE: _Im Farrier - the sanction will stand because medical said you could have one (1) extra mat. Also, the fact that you are an inmate worker / trustee and you have extra privileges should be a factor in you following all the rules. Do NOT bring in any contraband. 10/3/06 Lt Rocco_

_____

* * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: _10-3-06_

CORRECTIONS OFFICER SIGNATURE: _M. Smitty_

INMATE SIGNATURE: _Larry Finklea_

# INMATE GRIEVANCE FORM

DATE: _____ 2005    POD/CELL LOCATION: _____

INMATE NAME: _____    INMATE NUMBER: _____

NATURE OF GRIEVANCE OR INFORMATION: _Sgt Lindsey has decided the hard on this jail. I've had the blankets and two mats given to me by Nursing because of my sleep disorder. She I got a sanction taking 2 hours of my visitation. This is not right! So I got my wife to call my health care again because the County will not get me a C-pap's machine to sleep with. So this matter is not going to end like this! If I had A C-pap's machine I would not need these blankets. It is very possible for me to die in my sleep any night!_

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? _I want to see my wife and Daughter on Oct 17th this is not right! And I am not going to take this my Attorneys and wife will be here Thursday to talk to Mr R B McCarty and Lt. Ross._

OFFICER RESPONSE OR FINDING: _____

SGT. ON DUTY RESPONSE: _10/01/06 I/m Farrier it is okay if your family come here but you are the one who violated the rule so you should handle your own problem here. If you need this machine so badly your family can buy you one and nursing will give it to you. About the sanction it easy you are allowed 2 mat for sleeping not 3 mats and 2 blankets. If you cared so much about visit you would not break the rules._

_Sgt Joyner_

* * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: _10-1-06_

CORRECTIONS OFFICER SIGNATURE: _Stepson_

INMATE SIGNATURE: _Refused to sign_

State of Alabama
Unified Judicial System

Form C-42    Rev 6/88

# ORDER OF RELEASE
# FROM JAIL

Case Number

CC-02-1197

IN THE _____ Circuit _____ COURT OF _____ Houston _____ COUNTY

STATE OF ALABAMA    v. _____ Larry Charles Farrior _____

## TO THE JAILER WITH CUSTODY OF THE DEFENDANT

You are ordered to release from your custody the above named defendant, charged with the offense of _____ Attempt UPCS _____

Reason for Release _____ Per Order of Judge Holloway _____

Date _____ 8-9-06 _____    _____ Judy Byrd _____    By: _____

COURT RECORD    (Original)    JAILER    (Copy)    Judge/Clerk

OLDER DOCUMENTS:

DOCKET CARDS
RELEASE INFO
INTAKE INFO
VISITATION LISTS
ARREST REPORTS

WAIVER OF LIABILITY

Nursing Department
Houston County Jail- Nursing

5/11/05

To Shift Sergeant

I/m Farrier, Larry in E-pod
to come to clinic daily c̄ diabetics

[signature]

∨ I/m authorized (must have)
extra Mattress.

[initial]

1506
5/10/5

**HOUSTON COUNTY JAIL**
**JAIL DOCKET CARD**

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 28248 | Farrier | Larry | Charles | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED Property |
|---|---|---|---|---|---|
| HcSD | 5/10/5 | | | | Eddie 2Van Jr 19.01 1×1000, 5×300 |

| RISK | STATUS | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|
| | | | E | | Hudson | Smith |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 40 | 07/03/64 | 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 | B | M | 6 00 | 480 | BLK | BRO | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg  C-14 | Neg  J13 | Neg  C-14 | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY Will employed |
|---|---|---|---|
| Neg  C-6 | NEG  J48 | Neg  C-6 | § Peacock |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | 671-9446 | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|---|
| 410 Mona Dr. | | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Ella evans | | | 702-9136 | Sister |

**REMARKS:**

| DID INMATE RECEIVE PHONE CALL? (✓)Y  { }N | DID INMATE RECEIVE JAIL RULES? (✓)Y  { }N |
|---|---|
| INMATE SIGNATURE  X Larry Farrier | INMATE SIGNATURE  X |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-782-2928

| INMATE # 28348 | | NAME Larry Charles Turner | | | | |
|---|---|---|---|---|---|---|
| CHARGE FTA / UPCS | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR 02-1197 | CONVICTION |
| BOND 0 | | 08-22-05 @ 830 AM TR100 | | | | |
| #1,000.00 | | 05-19-05 - Bond Set @ #1,000.00 | | | | |
| | | | | | | |

| CHARGE N.W.N.I | | WARRANT # 04-2127 | DC/TR 05-1831 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND 300.00 | | 06-20-05 08.30 AM 07-06-05 0830 | | | | |
| | | | | | | |

| CHARGE N.W.N.I | | WARRANT # 04-2128 | DC/TR 05-1832 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND 300.00 | | 07/06/05 0830 | | | | |
| | | | | | | |

| CHARGE N.W.N.I | | WARRANT # 04-2021 | DC/TR 05-1834 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND 300.00 | | 07/06/05 0830 | | | | |
| | | | | | | |

| CHARGE N.W.N.I | | WARRANT # 04-2029 | DC/TR 05-1835 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| BOND 300.00 | | 07/06/05 0830 | | | | |
| | | | | | | |

# HOUSTON COUNTY JAIL
## DOCKET CONTINUATION CARD

| INMATE# 28248 | NAME | Larry Charles Furries | | | | |
|---|---|---|---|---|---|---|
| **CHARGE** NWNI | | **WARRANT#** 04-2830 | **DC/TR** 05-R33 | **INDICTMENT#** | **CC / CS / DR** | **CONVICTION** |
| **BOND** 300.00 | | | 07-06-05 0830 | | | |

| **CHARGE** | | **WARRANT#** | **DC/TR** | **INDICTMENT#** | **CC / CS / DR** | **CONVICTION** |
|---|---|---|---|---|---|---|
| **BOND** | | | | | | |

| **CHARGE** | | **WARRANT#** | **DC/TR** | **INDICTMENT#** | **CC / CS / DR** | **CONVICTION** |
|---|---|---|---|---|---|---|
| **BOND** | | | | | | |

| **CHARGE** | | **WARRANT#** | **DC/TR** | **INDICTMENT#** | **CC / CS / DR** | **CONVICTION** |
|---|---|---|---|---|---|---|
| **BOND** | | | | | | |

| **CHARGE** | | **WARRANT#** | **DC/TR** | **INDICTMENT#** | **CC / CS / DR** | **CONVICTION** |
|---|---|---|---|---|---|---|
| **BOND** | | | | | | |

| INMATE# | | NAME | | | | | |
|---|---|---|---|---|---|---|---|
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

# HOUSTON COUNTY JAIL
## BOOKING CHECK OFF LIST

DATE: 5/10/5    TIME:

SENIOR CORRECTIONS OFFICER(S) DUTY: Rue S

Inmate Name: Larry Ferrel    Inmate Number: DR 248

**BOOKING OFFICER MUST INITIAL AFTER COMPLETING EACH ITEM AND SIGN IN THE PROPER SPACE.**

1. All personal property secured
2. Check in-house warrants
3. Check for last incarceration
4. Arrest report completed by arresting officer
5. All charges listed on arrest report and bonds listed for each charge
6. **Bond amount noted on warrant**
7. All inmate property tagged/placed in envelope
8. Property envelope completely filled out/signed by inmate
9. All money counted/logged in money book
10. Money envelope completed/supervisor counts
11. SCO calls control and logs money in SCO money book
12. SCO seals money/places in box
13. **Check for outstanding warrants** _____ NCIC _____ Dothan
14. Inmate numbers properly assigned
15. Inmate recorded in black book
16. Inmate recorded on white pages
17. **Docket I.D., floor card completed, and bond amount verified on docket card**
18. Fingerprint card completed
19. Medical screen completed
20. Affidavit of hardship completed
21. Green disposition form completed (FBI)
22. Property hold form (telephone call, bond applied)
23. Fingerprinted/photographed/entered in computer
24. Property card completed
25. Visitor/Telephone list completed
26. Inmate handbook received
27. **Bond completed/amount checked against warrant**
28. **Correct court date noted on bond**
29. **Inmate and surety signature on bond**
30. **All pass on information documented in pass book**

_____

**Signature of Booking Officer(s)**

Southeastern Printers of Dothan, 334-792-2928

# Houston County Jail
## Release Verification Form

Inmate Number : 28248                    Date : _____

Date of Release : _____       Time of Release : 1901

Charge(s) :                              Case Number(s) :

1. FTA-UPCS                              CC82-1197

2. NWNI X5                               DC05-1831

3.                                       THRU

4.                                       DC05-1835

5.

6.

7.

8.

Reason for Release : PROPERTY Bond - EDDIE EVANS JR
1x1000  5 x 300.

Inmate Name : LARRY FARRIER

Date of Birth : 7/3/64        Soc. Sec. # : 420

Address : 410 MONA DR

Dothan, AL 36301

Inmate Signature : X Larry Farrier

THE INFORMATION LISTED ABOVE WAS PROVIDED BY THE NAMED SUBJECT
PRIOR TO HIS/HER RELEASE FROM THE HOUSTON COUNTY JAIL.

C/O Signature : P M DD
Verbally verified by Docket Officer

## HOUSTON COUNTY SHERIFFS OFFICE

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯                                      Page    1

| | |
|---|---|
| BOOKING NO:   050001866 | ▯▯▯▯▯▯▯▯  28248 |

Name    : FARRIER LARRY CHARLES

Address: 410 MONA DR

City    : DOTHAN          State: AL Zip: 36301



▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

Race  : BLACK                Hair :  BLACK

Gender: MALE                 Eyes:   BROWN

Height: 6 ' 00 "        Complexion:   UNKNOWN

Weight: 480                  DOB:   07/03/1964     Age: 40

Scars/Tattoos:

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

DL State : AL                Home Phone:  334 671 9940

DL Number:  I481494          Work Phone:

SSN:  420 88 5901

SID:

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

Arrest Date: 05/10/2005      Booking Officer: CULVER

Arrest Dept: HCSD            Booking Date: 05/10/2005

Arrest Offcr: SMITH          Booking Time: 19:20

Search Offcr: CULVER            Facility: 01

Meal Code: 01             Cell Assignment:

▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯▯

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| FTA/UPCS | $00.00 | 0 | PENDING |
| NWNI | $00.00 | 300 | PENDING |
| NWNI | $00.00 | 300 | PENDING |
| NWNI | $00.00 | 300 | PENDING |
| NWNI | $00.00 | 300 | PENDING |
| NWNI | $00.00 | 300 | PENDING |

# HOUSTON COUNTY SHERIFF'S DEPARTMENT

## LAMAR GLOVER, SHERIFF

### VISITING LIST

NAME _Larry Farrier_     INMATE# _28248_

FLOOR LOCATION _E_     DATE _5/10/5_

VISITORS NAME

1. _Khristian FABRRie_     1. _____
2. _Stacey Dunlap_     2. _____
3. _Kelcea FARRie_     3. _____
4. _Bobby Crawford_     4. _____

BANNED

1. _____     2. _____

<u>NOTE</u>
THIS IS A PERMANENT VISITING LIST. IT MAY ONLY BE CHANGE
AFTER SIX(6) MONTHS. YOU WILL BE ALLOWED A TOTAL OF (8) NAMES
ON YOUR VISITING LIST, BUT YOU WILL BE ALLOWED TWO(2)
VISITORS TO COME ON YOUR VISITING DAY, CHILDREN ( NO MATTER
THEIR AGE, COUNT AS ONE VISITOR), AND THERE WILL NOT BE ANY
EXCEPTIONS TO THIS RULE. EVERY VISITOR MUST SHOW THEIR
VALID PICTURE IDENTIFICATION (DRIVER'S LICENSE/STATE
IDENTIFICATION CARD), WITH THE EXCEPTION OF CHILDREN UNDER
THE AGE OF SIXTEEN (16), WHO MAY USE THEIR SOCIAL SECURITY
CARD.

I HAVE READ THE ABOVE STATEMENTS AND I HAVE LISTED MY (8)
VISITORS NAME ABOVE.

I/M SIGNATURE _Larry Farrier_     DATE _5/10/5_

C/O SIGNATURE _____     DATE _5/10/5_

**ALABAMA UNIFORM ARREST REPORT**

| Fingerprinted | ABIS Completed |
|---|---|
| [1] Yes | [1] Yes |
| [2] No | [2] No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

## IDENTIFICATION

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0,3,8,0,0,0,0 | Houston County | 0,5,1,3,0,0,4,0,0 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| Farrier Larry Charles | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | |
|---|---|---|---|---|---|---|---|---|
| [1]M [2]F | [1]W [2]B [3]A | 6'02 | 480 | Bro | Blk | Dk | [1]SCARS [2]MARKS [3]TATOOS [4]AMPUTATIONS | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| Ashford/Dothan-Houston Al | 4,2,0,1-,8,8,1-,5,9,6,1,1 | 0,7,0,3,6,4 | 40 | 28248 |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | HENRY CLASS | | | | | | | N/A | N/A |
| 24 FBI # | NCIC CLASS | | | | | | | 25 IDENTIFICATION COMMENTS N/A | |

| 26 RESIDENT [2] NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 401 Monna Dr. Apt 1 Dothan Al 36303 | (334) 621-9940 | N/A |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| Unemployed | N/A | ( ) N/A |

## ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? |
|---|---|---|
| 401 Monna Dr. Apt. Dothan Al 36303 | 2,0,1,4,2,0,1 | [X] YES [ ] NO [1] IN STATE [2] OUT STATE ORDINANCE |

| 36 CONDITION OF ARRESTEE: | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|
| [1] DRUNK [2] SOBER [3] DRINKING [4] DRUGS | [1] YES [2] NO | [1] OFFICER [2] ARRESTEE [3] NONE | [1] YES [2] NO | [1] HANDGUN [2] RIFLE [3] SHOTGUN [4] FIREARM [5] OTHER WEAPON |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 0,5,1,0,0,5 | 250 [1] AM [2] PM [3] MIL | S M [T] W T F S | [1] VIEW [2] CALL [3] WARRANT | [1] YES [2] NO [3] UNKNOWN |

| 46 CHARGE—1 [1] FEL [2] MISD | 47 UCR CODE | 48 CHARGE—2 [1] FEL [2] MISD | 49 UCR CODE |
|---|---|---|---|
| FTA - UPCS | | NWNI | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED |
|---|---|---|---|---|---|
| MC2002 DD119700 | | 0,4,3,1,9,0,5 | 13A-9-13.1 | 04-2120 | 0,4,8,1,3,0,0,4 |

| 56 CHARGE—3 [1] FEL [2] MISD | 57 UCR CODE | 58 CHARGE—4 [1] FEL [X] MISD | 59 UCR CODE |
|---|---|---|---|
| NWNI | | NWNI | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED |
|---|---|---|---|---|---|
| 13A-9-13.1 | 04-2128 | 0,4,8,1,3,0,0,4 | 13A-9-13.1 | 04-2021 | 0,4,8,1,1,8,1,0,4 |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| [1] HELD [2] BAIL [3] RELEASED [4] TOT—LE [5] OTHER | | |
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 78 VIN | 79 IMPOUNDED? [1] YES [2] NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|
| | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | [ ] CONTINUED IN NARRATIVE |
|---|---|
| | |

## JUVENILE

| 82 JUVENILE DISPOSITION: | [1] HANDLED AND RELEASED [2] REF. TO JUVENILE COURT | [3] REF. TO WELFARE AGENCY [4] REF. TO OTHER POLICE AGENCY | [5] REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|
| | | | | |

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|
| | | |

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|
| | | | |

## RELEASE

| 91 DATE AND TIME OF RELEASE M D Y [1] AM [2] PM [3] MIL | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| | | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|
| | | |

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE [1] YES [2] NO [3] PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| "Additional Charges on Back →" |
| (1) Felony Charge - "No Bonds" |
| (5) NWNI - $300.00 x 5 = $1500.00 |
| LOCAL USE |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|
| | | |

| MULTIPLE CASES CLOSED | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE [Y] [N] |
|---|---|---|---|---|---|---|
| | | | | | | |

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|
| Smith, Scott | 3853 | | | | |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

TYPE OR PRINT IN BLACK INK ONLY

☐ CONTINUE ON ADDITIONAL SUPPLEMENT

NARRATIVE

NARRATIVE

NARRATIVE

120 ADDITIONAL ARREST INFORMATION

CSD Lowndes # Johnson I Issued

NWIT – 134-9-131 – 94-3139 – 08-30-04
NWIT – 134-9-131 – 94-3130 – 08-30-04

# ADDITIONAL ARREST
## NARRATIVE CONTINUED

| 117 DATE AND TIME OF ARREST | | 118 CASE # | 119 SFX |
|---|---|---|---|

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

NFF SECOND

SUBMISSION    APPROXIMATE CLASS    AMPUTATION    SCAR

STATE USAGE

FARRIER, LARRY CHARLES    NAME, MIDDLE NAME, SUFFIX

SIGNATURE OF PERSON FINGERPRINTED    SOC 420885901    LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY 19640703 | SEX M | RACE B | HEIGHT 600 | WEIGHT 480 | EYES BRO | HAIR BLK |



1. R. THUMB    2. R. INDEX    3. R. MIDDLE    4. R. RING    5. R. LITTLE

6. L. THUMB    7. L. INDEX    8. L. MIDDLE    9. L. RING    10. L. LITTLE

ID 50X50G8 TPFC #1107 18:28:47    5701LD #1x 20050510 18:34

L. THUMB    R. THUMB

LEFT FINGERS TAKEN SIMULTANEOUSLY    RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

PRIVACY ACT ... BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT

| JUVENILE FINGERPRINT | | DATE OF ARREST | | ORI | AL0380000 |
|---|---|---|---|---|---|
| SUBMISSION | YES ☐ | MM  DD  YY  20050510 | | CONTRIBUTOR | HOUSTON CO SD |
| | | | | ADDRESS | DOTHAN AL |
| TREAT AS ADULT | YES ☐ | | | REPLY YES ☐ Y DESIRED? | |

| (NO COPY TO: ENTER ORI) | DATE OF OFFENSE MM  DD  YY  20050510 | PLACE OF BIRTH (STATE OR COUNTRY) AL | COUNTRY OF CITIZENSHIP US |
|---|---|---|---|

| MISCELLANEOUS NUMBERS | SCARS, MARKS, TATTOOS, AND AMPUTATIONS |
|---|---|

| | RESIDENCE/COMPLETE ADDRESS 410    MONA DR | CITY DOTHAN | STATE AL 36301 |
|---|---|---|---|

| OFFICIAL TAKING FINGERPRINTS NAME OR NUMBER; J13 DEVON CULVER | LOCAL IDENTIFICATION/REFERENCE 28248 | PHOTO AVAILABLE? YES ☒ X |
|---|---|---|
| | | PALM PRINTS TAKEN? YES ☐ |

EMPLOYER:  IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY.
           IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO

OCCUPATION

| CHARGE/CITATION | DISPOSITION |
|---|---|
| 20050510   5015 FAILURE TO APPEAR UPCS | 1. |
| 20050510   2606 FRAUD INSUFF FUNDS CHECKS X5 | 2. |
| | 3. |

ADDITIONAL

ADDITIONAL

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

# HOUSTON COUNTY JAIL
## JAIL DOCKET CARD

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 28248 35482 | Farrier | Terry Larry | Charles | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| HCSD | 8-10-04 | | | 8/11/04 | Susp Sent to Date Co |

| RISK | STATUS | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|
| | | C Floor | Smith | Schuck |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 40 | 7-3-64 | 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 | B | M | 6'02 | 450 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg C12 | Neg J25 | Neg C12 | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| Neg C4 | Neg J30 | Neg C4 | |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| Dale Co. | 8-10-04 per Paula | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 6093 Andrews Ave Lot 80 | Ozark | 36360 Al | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Ella Evans | 415 S Pontiac Ave | 36301 Dothan, Al | (334) 702-9136 | Sister |

**REMARKS:**

| DID INMATE RECEIVE PHONE CALL?  { } Y  { } N | DID INMATE RECEIVE JAIL RULES?  { } Y  { } N |
|---|---|
| INMATE SIGNATURE X Larry Farrier | INMATE SIGNATURE X Larry Farrier |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

INMATE #: 25482

NAME: Farrier, Larry Charles

| CHARGE | | WARRANT # | DC/FR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| NWN I | | 04-0722 | 04-2452 | | | |
| BOND 300.00 | | 10-6-04  8:30 A.M.  Steensland | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/FR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| NWN I | | 04-0653 | 04-2453 | | | |
| BOND 300.00 | | 10-6-04  8:30 A.M.  Steensland | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/FR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| NWN I | | 04-0723 | 04-2454 | | | |
| BOND 300.00 | | 10-6-04  8:30 A.M.  Steensland | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/FR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| NWN I | | 04-0764 | 04-2455 | | | |
| BOND 300.00 | | 10-6-04  8:30 A.M.  Steensland | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| CHARGE | | WARRANT # | DC/FR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|
| NWN I | | 04-0427 | 04-2456 | | | |
| BOND 300.00 | | 10-6-04  8:30 A.M.  Steensland | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

# HOUSTON COUNTY JAIL
## DOCKET CONTINUATION CARD

| INMATE# | | NAME | | | | | |
|---|---|---|---|---|---|---|---|
| CHARGE NWNI | | WARRANT# 041-0426 | DC/TR 04-2457 | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND 300.00 | | 10-6-04 8.30AM Steenstand | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE NWNI | | WARRANT# 04-0425 | DC/TR 04-2458 | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND 300.00 | | 10-6-04 8:30 Am Steenstand | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | CC / CS / DR | | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| INMATE# | | NAME | | | | | |
|---------|---|------|---|---|---|---|---|
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| CHARGE | | WARRANT# | DC/TR | INDICTMENT# | | CC / CS / DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

HOUSTON COUNTY JAIL
BOOKING CHECK OFF LIST

DATE: 8-10-04    TIME: 20:52

SENIOR CORRECTIONS OFFICER(S) DUTY: Sgt. Buchanon + Sgt Marsh

Inmate Name: Ferrier, Larry Charles    Inmate Number: 28248

BOOKING OFFICER MUST INITIAL AFTER COMPLETING
EACH ITEM AND SIGN IN THE PROPER SPACE.

_____ 1. All personal property secured
_____ 2. Check in-house warrants
_____ 3. Check for last incarceration
_____ 4. Arrest report completed by arresting officer
_____ 5. All charges listed on arrest report and bonds listed for each charge
_____ 6. **Bond amount noted on warrant**
_____ 7. All inmate property tagged/placed in envelope
_____ 8. Property envelope completely filled out/signed by inmate
_____ 9. All money counted/logged in money book
_____ 10. Money envelope completed/supervisor counts
_____ 11. SCO calls control and logs money in SCO money book
_____ 12. SCO seals money/places in box
T.S. 13. **Check for outstanding warrants** ✓ NCIC ✓ Dothan
_____ 14. Inmate numbers properly assigned
_____ 15. Inmate recorded in black book
_____ 16. Inmate recorded on white pages
_____ 17. **Docket I.D., floor card completed, and bond amount verified on docket card**
_____ 18. Fingerprint card completed
_____ 19. Medical screen completed
_____ 20. Affidavit of hardship completed
_____ 21. Green disposition form completed (FBI)
_____ 22. Property hold form (telephone call, bond applied)
_____ 23. Fingerprinted/photographed/entered in computer
_____ 24. Property card completed
_____ 25. Visitor/Telephone list completed
✓ 26. Inmate handbook received
_____ 27. **Bond completed/amount checked against warrant**
_____ 28. **Correct court date noted on bond**
_____ 29. **Inmate and surety signature on bond**
_____ 30. All pass on information documented in pass book

Shelleys X877

_____
Signature of Booking Officer(s)

# HOUSTON COUNTY JAIL
## RECORDS UNIT

901 East Main Street
Dothan, Alabama 36301

Phone (334)712-0762
Fax (334) 671-9479

# RELEASE

**DATE:** 08/11/04                    **INMATE NUMBER: 25482**

**INMATE TO BE RELEASED:  FARRIER, LARRY**

**DATE OF RELEASE:  08/11/04**        **TIME OF RELEASE:  1845 HRS**

<u>**CHARGE**</u>                      <u>**CASE NUMBER**</u>
NWNI x's 7                            DC04-2452 thru DC04-2458

<u>**REASON FOR RELEASE**</u>
**SUSPENDED SENTENCES**

_____
RECORDS/CLASSIFICATIONS OFFICER

NAME _____
DOB _____
SS# _____
ADDRESS _____

**The information above  was provided by the above named subject prior to their release
from the Houston County Jail.**

_____
VERBALLY VERIFIED BY DOCKET OFFICER

HOUSTON COUNTY SHERIFFS OFFICE

INMATE INFORMATION SHEET                              Page    1

BOOKING NO:    040002928                          LOCAL ID:  28248

Name    : FARRIER LARRY CHARLES

Address: 6093 ANDREWS AVE

City    : OZARK            State: AL Zip: 36360



## Physical Description

Race :  BLACK              Hair :  BLACK

Gender: MALE               Eyes:   BROWN

Height: 6 ' 00 "           Complexion:  UNKNOWN

Weight: 480                DOB:   07/03/1964      Age: 40

Scars/Tattoos:

## Personal Information

DL State :  AL             Home Phone:

DL Number:  1481494        Work Phone:

    SSN:  420 88 5901

    SID:

## Booking Information

Arrest Date: 08/10/2004    Booking Officer: SMITH

Arrest Dept: HCSD          Booking Date: 08/10/2004

Arrest Offcr: SCHUCK       Booking Time: 20:52

Search Offcr: SIMMONS      Facility: 01

    Meal Code: 01          Cell Assignment: C-FLOOR

## Charge Information

| Offense | Fine | Bond | Disposition |
| --- | --- | --- | --- |
| NWNI | $00.00 | 300.00 | PENDING |
| NWNI | $00.00 | 300.00 | PENDING |
| NWNI | $00.00 | 300.00 | PENDING |
| NWNI | $00.00 | 300.00 | PENDING |
| NWNI | $00.00 | 300.00 | PENDING |
| NWNI | $00.00 | 300.00 | PENDING |

# HOUSTON COUNTY SHERIFF'S DEPARTMENT

## LAMAR GLOVER, SHERIFF

### VISITING LIST

NAME Fassier, Larry Charles INMATE# 28248

FLOOR LOCATION C-Floor           DATE 8-10-04

VISITORS NAME

1. _____
2. _____
3. _____
4. _____

BANNED

1. _____

NOTE
THIS IS A PERMANENT VISITING LIST. IT MAY ONLY BE CHANGE
AFTER SIX(6) MONTHS(MAY AND NOVEMBER ONLY). YOU WILL BE
ALLOWED A TOTAL OF (8) NAMES ON YOUR VISITING LIST, BUT YOU
WILL BE ALLOWED TWO(2) VISITORS TO COME ON YOUR VISITING
DAY, CHILDREN ( NO MATTER THEIR AGE, COUNT AS ONE VISITOR),
AND THERE WILL NOT BE ANY EXCEPTIONS TO THIS RULE. EVERY
VISITOR MUST SHOW THEIR VALID PICTURE IDENTIFICATION
(DRIVER'S LICENSE/STATE IDENTIFICATION CARD), WITH THE
EXCEPTION OF CHILDREN UNDER THE AGE OF SIXTEEN (16), WHO MAY
USE THEIR SOCIAL SECURITY CARD.

I HAVE READ THE ABOVE STATEMENTS AND I HAVE LISTED MY (8)
VISITORS NAME ABOVE.

I/M SIGNATURE Larry Fassir           DATE 8-10-04

C/O SIGNATURE Jamalia Sobel          DATE 8-10-04

## ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| [1] Yes | [1] Yes |
| [2] No | [2] No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**IDENTIFICATION**

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0,3,8,0,0,0,C | HOUSTON CO. SHERIFF'S DEPT. | 0,4,2,2,3,0,5,9,9 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| FARRIER LARRY CHARLES | right arm |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | |
|---|---|---|---|---|---|---|---|---|
| [1]M | [1]W [3]I | 6'2" | 450 | BRN | BLK | DARK | [1]SCARS [2]MARKS [3]TATOOS [4]AMPUTATIONS | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| ASHFORD HOUSTON AL | 4,2,0,1 - 8,1 - 5,9,0,1 | 0,M7,1,0,3,6,4 | 40 | 88248 |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 FBI # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | HENRY CLASS | | | | | | | I481494 | AL |
| 24 FBI # | NCIC CLASS | | | | | | | 25 IDENTIFICATION COMMENTS | |

| 26 RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| [X] NON-RESIDENT | 6093 ANDREWS AVE LOT 80 OZARK AL 36360 | (334) N/A | DISABLED |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| N/A | N/A | ( ) N/A |

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR | 35 ARRESTED FOR YOUR JURISDICTION? [X] YES [ ] NO |
|---|---|---|
| 901 E MAIN ST DOTHAN, AL 36301 | 3,0,N,E,0,4 | [X] IN STATE [ ] OUT STATE AGENCY |

| 36 CONDITION OF ARRESTEE: | [1] DRUNK [2] SOBER [3] DRINKING [4] DRUGS | 37 RESIST ARREST? [1] YES [X] NO | 38 INJURIES? [1] NONE [2] OFFICER [3] ARRESTEE | 39 ARMED? [ ] Y [X] N | 40 DESCRIPTION OF WEAPON [1] HANDGUN [2] RIFLE [3] SHOTGUN [4] OTHER FIREARM [5] OTHER WEAPON |
|---|---|---|---|---|---|

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 0,M8,1 P,0,1,0,4 | 09:00 [1] AM [2] 2. PM [3] MIL. | [1]S [2]M [3]T [4]W [5]T [6]F [7]S | [X] ON VIEW [ ] CALL [ ] WARRANT | [X] YES [ ] NO [ ] UNKNOWN |

| 46 CHARGE—1 [1] FEL [X] MISD | 47 UCR CODE | 48 CHARGE—2 [1] FEL [X] MISD | 49 UCR CODE |
|---|---|---|---|
| NWNI | | NWNI | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED |
|---|---|---|---|---|---|
| 13A-9-13.1 | 04-0653 | 0,M3,1 P,7,0,4 | 13A-9-13.1 | 04-0722 | 0,M3,1 P,7,0,4 |

| 56 CHARGE—3 [ ] FEL [X] MISD | 57 UCR CODE | 58 CHARGE—4 [ ] FEL [X] MISD | 59 UCR CODE |
|---|---|---|---|
| NWNI | | NWNI | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED |
|---|---|---|---|---|---|
| 13A-9-13.1 | 04-0723 | 0,M3,1 P,7,0,4 | 13A-9-13.1 | 04-0764 | 0,M3,1 P,7,0,4 |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| [1] HELD [2] BAIL [3] RELEASED [4] TOT—LE [5] OTHER | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 78 VIN | 79 IMPOUNDED? [1] YES [2] NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|
| | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | [ ] CONTINUED IN NARRATIVE |
|---|---|

**JUVENILE**

| 82 JUVENILE DISPOSITION: | [1] HANDLED AND RELEASED [2] REF. TO JUVENILE COURT [3] REF. TO WELFARE AGENCY [4] REF. TO OTHER POLICE AGENCY [5] REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|

**RELEASE**

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| M D Y : [1] AM [2] PM [3] MIL. | | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE [1] YES [2] NO [3] PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| BOND SET AT $300.00 x 7 |
| —HOLD FOR DALE COUNTY PER PAULA |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | LOCAL USE / STATE USE |
|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE [ ] Y [ ] N |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| SCHUCK, MISTI L | 3841 | | | | |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

## ADDITIONAL ARREST NARRATIVE CONTINUED

| 117 DATE AND TIME OF ARREST | | AM / PM / MIL. | 118 CASE # | 119 SFX |
|---|---|---|---|---|
| 08 11 00 04 | 09:00 | PM | 0 4 2 2 3 0 5 9 9 | 1 |

120 ADDITIONAL ARREST INFORMATION

5) NWNI 13A-9-13.1 04-0427 02-09-04
6) NWNI 13A-9-13.1 04-0426 02-09-04
7) NWNI 13A-9-13.1 04-0425 02-09-04

NARRATIVE

NARRATIVE

NARRATIVE

☐ CONTINUE ON ADDITIONAL SUPPLEMENT

TYPE OR PRINT IN BLACK INK ONLY

LEAVE BLANK            CRIMINAL

STATE USAGE
NFF SECOND

SUBMISSION    APPROXIMATE CLASS    AMPUTATION    SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**FARRIER, LARRY CHARLES**

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

**420885901**

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 19640703 | M | B | 602 | 450 | BRO | BLK |

1. R. THUMB   2. R. INDEX   3. R. MIDDLE   4. R. RING   5. R. LITTLE

6. L. THUMB   7. L. INDEX   8. L. MIDDLE   9. L. RING   10. L. LITTLE

DB 50X50G8 173362 #1107 20040829

5701LD #1X09914 20040811-01:07

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY

L. THUMB   R. THUMB

RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

| | | ORI | |
|---|---|---|---|
| | DATE OF ARREST | AL0380000 | |
| | 20040810 | HOUSTON CO SO<br>ADDRESS DOTHAN AL<br>DOTHAN, AL | |
| | | REPLY DESIRED? Y | |

| | DATE OF OFFENSE | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP |
|---|---|---|---|
| | 20040810 | AL | US |

SCARS, MARKS, TATTOOS, AND AMPUTATIONS

TAT RF ARM

| RESIDENCE/COMPLETE ADDRESS | | CITY | STATE |
|---|---|---|---|
| 6093    ANDREWS AVE LOT 80 | | OZARK | AL<br>36360 |

| SOCIAL IDENTIFICATION/REFERENCE | | PHOTO AVAILABLE? | YES X |
|---|---|---|---|
| J25 | 28248 | PALM PRINTS TAKEN? | YES |

AMALIN SMITH

| EMPLOYER | OCCUPATION |
|---|---|
| DISABLED | LABORER |

| CHARGE/CITATION | DISPOSITION<br>1. |
|---|---|
| 20040810   2606<br>FRAUD INSUFF FUNDS CHECKS | |
| | 2. |
| 20040810   2606<br>FRAUD INSUFF FUNDS CHECKS | |
| | 3. |
| 20040810   2606<br>FRAUD INSUFF FUNDS CHECKS | |

| ADDITIONAL | ADDITIONAL |
|---|---|
| 20040810   2606<br>FRAUD INSUFF FUNDS CHECKS | |

| ADDITIONAL INFORMATION/BASIS FOR CAUTION | STATE BUREAU STAMP |
|---|---|
| | |

U.S. GPO: 2001  479-516/40819
FD-249 (REV. 5-11-99)

NFF SECOND

SUBMISSION    APPROXIMATE CLASS    AMPUTATION    SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**FARRIER, LARRY CHARLES**

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

420885901

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH  MM  DD  YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 19640703 | M | B | 602 | 450 | BRO | BLK |

| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |

DB 50X50G8 1???? #1107 ??:??:29              5701LD #1X??914 20040811-01:07

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY          L. THUMB    R. THUMB    RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

| | YES | DATE OF ARREST | ORI | |
|---|---|---|---|---|
| | | MM DD YY | AL0380000 | |
| | | 20040810 | HOUSTON CO SO | |
| | | | ADDRESS DOTHAN AL | |
| | | | DOTHAN, AL | |
| | | | REPLY DESIRED YES Y | |

| | DATE OF OFFENSE | PLACE OF BIRTH | COUNTRY OF CITIZENSHIP |
|---|---|---|---|
| | MM DD YY | AL | US |
| | 20040810 | | |

SCARS, MARKS, TATTOOS, AND AMPUTATIONS

TAT RF ARM.

| RESIDENCE/COMPLETE ADDRESS | | CITY | STATE |
|---|---|---|---|
| 6093 | ANDREWS AVE LOT 80 | OZARK | AL |
| | | | 36360 |

| | LOCAL IDENTIFICATION/REFERENCE | PHOTO AVAILABLE? | YES X |
|---|---|---|---|
| J25 | 28248 | PALM PRINTS TAKEN? | YES |

AMALIN SMITH

| EMPLOYER. IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO. | OCCUPATION |
|---|---|
| DISABLED | LABORER |

| CHARGE/CITATION | DISPOSITION |
|---|---|
| 20040810   2606 FRAUD INSUFF FUNDS CHECKS | 1. |
| 20040810   2606 FRAUD INSUFF FUNDS CHECKS | 2. |
| 20040810   2606 FRAUD INSUFF FUNDS CHECKS | 3. |
| ADDITIONAL 20040810   2606 FRAUD INSUFF FUNDS CHECKS | ADDITIONAL |

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

U.S. GPO: 2001 479-516/42019
FD-249 (REV. 5-11-99)



28248

# HOUSTON COUNTY JAIL

**901 EAST MAIN STREET**
**DOTHAN, AL 36301**

## WAIVER OF LIABILITY

I, _____LARRY FARRIER_____, do hereby affirm that I have

no problems living in population at Houston County Jail.  I have no known

enemies here.  I am releasing any liability from officials of the Houston County

Jail.  I understand that should any problems occur at the Houston County Jail, I

will report these problems to the nearest officer at the Houston County Jail.

I signed this without threat, promise or cohercion of any Houston County

Jail or Houston County Sheriff's Department Employee(s).


Inmate Signature        X _Larry Farrier_____

Inmate Number           _#28248_____

Corrections Officer Signature   _M. Smith_____

SC/O (Supervisor) Signature   _Sgt. Thomas Marsh_____

Jail Commander Signature     _WB McCarty_____

revised 08/2003